BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRAD P. ROSENBERG
CARLOTTA P. WELLS
Assistant Branch Directors

ZACHARY A. AVALLONE (D.C. Bar No. 1023361)
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel:    (202) 514-2705
Fax:    (202) 616-8470
Email: zachary.a.avallone@usdoj.gov

*Counsel for VA Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY POWERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DENIS RICHARD MCDONOUGH, in his official capacity as Secretary of Veterans Affairs; *et al.*, <br><br> Defendants. | Case No. 2:22-cv-08357-DOC-JEM <br><br> **VETERANS AFFAIRS DEFENDANTS' MOTION AND NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date:  July 10, 2023 <br> Time:  8:30 a.m. <br> Place: Courtroom 10A <br> Judge: Hon. David O. Carter |

Defendants Denis Richard McDonough, in his official capacity as Secretary of Veterans' Affairs, Robert Merchant,[1] in his official capacity as Acting Director, VA Greater Los Angeles Healthcare System, and Keith Harris, in his official capacity as Senior Executive Homeless Agent, VA Greater Los Angeles Healthcare System (collectively, "Veterans Affairs Defendants" or "VA Defendants") move to dismiss all counts raised in Plaintiffs' First Amended Complaint, ECF No. 33 ("FAC"), pursuant to Rules 12(b)(1) and 12(b)(6) for the reasons explained in this motion and the accompanying memorandum in support.

Plaintiffs, disabled veterans who lack permanent housing, and other associations, have sued VA Defendants (and others) alleging violations of the Rehabilitation Act, various claims alleging that VA Defendants have violated alleged fiduciary duties arising from a purported charitable trust, and a claim brought pursuant to the Administrative Procedure Act ("APA"). Nearly identical claims were previously raised by similar plaintiffs in *Valentini v. Shineski*, 860 F. Supp. 2d 1079 (2012) ("Valentini I"). The court in that case eventually dismissed most of plaintiffs' claims, and for the same reasons, this Court should do so again.

Plaintiffs' first, second, and third counts allege violations of the Rehabilitation Act, 29 U.S.C. § 794, claiming that VA Defendants have discriminated against those requiring mental health care or denied meaningful access to veterans' benefits. FAC, Claims I, II, & III, ECF No. 33. The Court lacks jurisdiction over these claims since Congress has vested exclusive jurisdiction for judicial review in the Veterans Court and the Federal Circuit through the Veterans' Judicial Review Act ("VJRA"). *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1017 (9th Cir. 2012) (en banc) (citing 38 U.S.C. §§ 7251, 7266(a), 7292(a)); *Valentini v. Shineski*, 2012 WL 12882704, LA11-CV-04846-SJO (June 19, 2012) ("Valentini II").

Plaintiffs' fourth, fifth, and seventh claims arise from an allegation that VA

---

[1] When an officer "ceases to hold office while the action is pending . . . [t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

Defendants are purported trustees of an alleged charitable trust arising from a deed from 1888, and hat Plaintiffs are the supposed beneficiaries. FAC, Claims IV, V, and VII. Plaintiffs allege that VA Defendants have breached fiduciary duties of that supposed charitable trust and seek various equitable remedies. *See id.* But the deed did not create a trust, and even if it did, Congress authorized the removal of any encumbrances on the use of land decades ago. Moreover, Plaintiffs fail to state a valid claim because "the Government has not assumed any enforceable fiduciary obligation with respect to [any alleged] charitable trust that was created by the 1888 deed." *Valentini I*, 860 F. Supp. 2d at 1111.

Plaintiff's sixth claim is brought under the APA, alleging that certain land use arrangements on the West Los Angeles campus violate the APA because they supposedly violate the West Los Angeles Leasing Act of 2016, Pub. L. 114-226 (Sept. 29, 2016). Part of this claim is untimely, and the rest fails because all of the land uses identified in the complaint are permitted by that Act.

The defects in these claims cannot be cured through an amended pleading, so the Court should dismiss the amended complaint in its entirety as to the VA Defendants without leave to amend.

DATED: May 30, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRAD P. ROSENBERG
CARLOTTA P. WELLS
Assistant Branch Directors

*/s/ Zachary A. Avallone*
ZACHARY A. AVALLONE
   (DC Bar No. 1023361)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs

Branch
1100 L Street, N.W.
Washington, DC 20005
Tel:   (202) 514-2705
Fax:   (202) 616-8470
Email: zachary.a.avallone@usdoj.gov

*Counsel for VA Defendants*

## CERTIFICATE OF SERVICE

On May 30, 2023, I served the foregoing document on all other parties using the Court's ECF system, which satisfies service requirements pursuant to L.R. 5-3.2.

*/s/ Zachary A. Avallone*
Zachary A. Avallone
*Counsel for VA Defendants*

## CERTIFICATE OF CONFERENCE

Counsel for Federal Defendants and counsel for Plaintiffs have conferred numerous times regarding this case (including exploring potential paths to settlement). *See* 5/11/2023 Joint Stipulation, ¶ 5, ECF No. 29 (parties conferred on five occasions prior to 5/22/2023). On May 26, 2023, the parties stipulated to extend the deadline for the Veterans Affairs Defendants to respond to the First Amended Complaint in order to harmonize the deadlines for all Federal Defendants, including the Secretary of HUD, and allow additional time for parties to discuss potential resolution. Although the parties submitted a proposed stipulation extending the date for VA Defendants to respond to the First Amended Complaint, the Court did not so order prior to VA Defendants' deadline. *See* Standing Order, at 3, ECF No. 31 ("Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders."). VA Defendants now submit this motion to dismiss and memorandum in support.

*/s/ Zachary A. Avallone*
Zachary A. Avallone
*Counsel for VA Defendants*