Keith E. Smith (State Bar No. 244505)
kesmith@wshblaw.com
Nida P Channah (State Bar No. 322460)
nchannah@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
21804 Cactus Avenue, Suite 200
Riverside, California 92518-3010
Phone: 951 779 5000 ♦ Fax: 951 755 1650

Attorneys for Defendant, DOUGLAS
GUTHRIE, in his official capacity,
President, Housing Authority of the City
of Los Angeles

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

JEFFREY POWERS, DEAVIN
SESSOM, LAURIEANN WRIGHT,
SAMUEL CASTELLANOS, JOSEPH
FIELDS, LAVON JOHNSON, BILLY
EDWARDS, JESSICA MILES,
JOSHUA ROBERT PETITT, GLENN
SURRETTE, NARYAN STIBBLE,
DOES 1-2, and NATIONAL
VETERANS FOUNDATION,
individually, on behalf of themselves
and all others similarly situated,

   Plaintiffs,

  v.

DENIS RICHARD MCDONOUGH, in
his official capacity, Secretary,
Department of Veterans Affairs;
MARICA L. FUDGE, in her official
capacity, Secretary, Department of
Housing and Urban Development;
DOUGLAS GUTHRIE, in his official
capacity, President, Housing Authority
of the City of Los Angeles; STEVEN
BRAVERMAN, in his official capacity,
Director, VA Greater Los Angeles
Healthcare System; KEITH HARRIS,
in his official capacity, Senior
Executive Homelessness Agent, VA
Greater Los Angeles Healthcare
System,

   Defendants.

Case No. 2:22-cv-08357-DOC(JEMx)

**DEFENDANT HACLA'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: September 18, 2023
Time: 8:30 a.m.
Dept: Courtroom 10A
Judge: Hon. David O. Carter

---

Case No. 2:22-cv-08357-DOC(JEMx)

DEFENDANT HACLA'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 18, 2023, at 8:30 a.m./p.m., or as soon thereafter as counsel may be heard in Courtroom 10A of the above-entitled court, Defendant, HACLA (hereinafter collectively referred to as "Defendant" or "HACLA"), will and hereby does move this Court to dismiss all counts in Plaintiffs' First Amended Complaint, ECF No. 33 (hereinafter "FAC") pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and (12)(b)(6) for the reasons set forth in the following memorandum of points and authorities.

Plaintiffs named on the above caption have brought these claims against Douglas Guthrie, in his official capacity as President of the Housing Authority of the City of Los Angeles (hereinafter "HACLA"), alleging three causes of action for violations of the Rehabilitation Act of 1973 (29 U.S.C. § 794), asserting that Plaintiffs are veterans with serious mental illness or brain injuries or physical disabilities who are being denied access to medical, mental health, or other services offered by the VA and are being unnecessarily institutionalized or placed at risk of institutionalization solely by virtue of their disabilities, representing unlawful discrimination under the Rehabilitation Act.  Plaintiffs' first and second causes of action allege discrimination in violation of Section 504 of the Rehabilitation Act of 1973 and Plaintiffs' third cause of action alleges violation of meaningful access under the same statute. None of the other remaining causes of action in the FAC have been brought against HACLA.

HACLA brings this motion to dismiss all claims in the FAC against HACLA on the following grounds: (1) this Court lacks jurisdiction pursuant to Rule 12(b)(1) over matters involving factual and legal questions that effect veteran benefits and the appropriate venue for this matter resides in the Veterans Court and the Federal Circuit pursuant to the Veterans' Judicial Review Act ("VJRA"); (2) HACLA moves to dismiss the FAC for lack of Article III standing; (3) for failure to state a claim pursuant to Rule 12(b)(6), and (4) failure to name an indispensable party

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1  pursuant to Rule 12(b)(7) and Rule 19, specifically other local PHA's in the area

2  participating in the HUD-VASH voucher program.

3       As Plaintiffs cannot cure these fatal deficiencies by amending the FAC, this

4  Court should therefore dismiss the entirety of the FAC without leave to amend as

5  against HACLA.

6

7  DATED:  July 7, 2023         WOOD, SMITH, HENNING & BERMAN LLP

8

9

10  By:    /s/ KEITH E. SMITH

11         KEITH E. SMITH

       NIDA P CHANNAH

12  Counsel for Defendant, DOUGLAS GUTHRIE,

in his official capacity, President, Housing

13  Authority of the City of Los Angeles

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

**CERTIFICATE OF SERVICE**

On July 07, 2023, I served the foregoing document on all parties using the Court's ECF system, which satisfies service requirements pursuant to L.R. 5-3.2.

/s/ Keith E. Smith
KEITH E. SMITH
Attorneys for Defendant, DOUGLAS GUTHRIE, in his official capacity, President, Housing Authority of the City of Los Angeles

**CERTIFICATE OF CONFERENCE**

Counsel for HACLA and counsel for Plaintiffs met and conferred regarding the filing of HACLA's responsive pleading and entered into a Stipulation to extend the deadline to respond.  (ECF No. 43.)  This Court issued an Order granting the Stipulation and a deadline for HACLA to respond by July 7, 2023. (ECF No. 47.) Thereafter, counsel for HACLA and Plaintiffs met and conferred regarding this motion on July 3, 2023. Plaintiffs oppose the relief sought in this Motion and an agreement could not be reached by the parties during this discussion, thus necessitating the filing of the Motion.

DATED:  July 7, 2023          WOOD, SMITH, HENNING & BERMAN LLP

By:     /s/ KEITH E. SMITH
KEITH E. SMITH
NIDA P CHANNAH
Counsel for Defendant, DOUGLAS GUTHRIE, in his official capacity, President, Housing Authority of the City of Los Angeles

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

-1-
Case No. 2:22-cv-08357-DOC(JEMx)
DEFENDANT HACLA'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ............................................................................................ 1

II.    BACKGROUND FACTS ................................................................................ 5

       A.     The HUD-VASH Voucher Program ............................................. 5

       B.     Status of Each Plaintiff ................................................................. 9

III.   LEGAL ARGUMENT .................................................................................. 10

       A.     This Court Lacks Jurisdiction Over the FAC. ......................... 10

       B.     Plaintiffs Lack Article III Standing............................................ 12

              1.     Plaintiffs Cannot State a Case or Controversy Against HACLA............................................................................ 12

              2.     No Plaintiff Has Standing to Bring Claim 1 Against HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Discrimination (All Plaintiffs Against All Defendants) ...................................... 14

              3.     No Plaintiff Has Standing to Bring Claim II Against HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Discrimination (Plaintiffs Sessom and Johnson Against All Defendants)........................ 15

              4.     No Plaintiff Has Standing to Bring Claim III Against HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Meaningful Access (All Plaintiffs Against All Defendants) ...................................... 15

       C.     Plaintiffs Fail To State a Claim Against HACLA. ............... 16

              1.     No Plaintiff Has a Viable Claim I Against HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Discrimination (All Plaintiffs Against All Defendants)............................................................ 18

              2.     No Plaintiff Has Viable Claim II Against HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Discrimination (Plaintiffs Sessom and Johnson Against All Defendants) ................................ 18

              3.     No Plaintiff Has a Viable Claim III Against HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Meaningful Access (All Plaintiffs Against All Defendants)............................................................ 19

       D.     Plaintiffs Have Failed to Name Indispensable Parties.......................... 20

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

IV.    CONCLUSION ............................................................................. 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>CASES</u>

4

5
*Ashcroft v. Iqbal*
    (2009) ---U.S.---, 129 S. Ct. 1937, 1949 .......................................................4, 17

6
*Bakia v. Los Angeles Cnty. of State of Cal.*,
    687 F.2d 299, 301 (9th Cir. 1982)............................................................20

7

8
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) ..........................................................................4, 17

9
*Bluestein v. US Dep't of Hous. Urb. Dev.*,
    No. 13-CV- 247-PB, 2013 WL 6627965, at *3 (D.N.H. Dec. 16,
10
    2013) ..........................................................................................................11

11
*Branch v. Tunnel*
    (9th Cir. 1994) 14 F.3d 449, 453 .............................................................17

12
*Bras v. California Public Utilities Commission*
13
    (9th Cir. 1995) 59 F.3d 869, 872 .............................................................12

14
*Durning v. First Boston Corp.*
    (9th Cir. 1987) 815 F.2d 1265, 1267 .......................................................17

15
*Duvall v. Cno. of Kitsap*,
16
    260 F.3d 1124, 1135 (9th Cir. 2001).......................................................18

17
*Gauvin v. Trombatore*,
    682 F.Supp. 1067, 1071 (N.D. Cal. 1988) ...............................................18

18
*Knievel v. ESPN*
19
    (9th Cir. 2005) 393 F.3d 1068, 1076 .......................................................17

20
*Krueger v. United States*,
    No. 17-CV-10574, 2017 WL 5467743, at *6 (E.D. Mich. Nov. 14,
21
    2017) ..........................................................................................................11

22
*Lee v. City of Los Angeles*
    (9th Cir. 2001) 250 F.3d 668, 688 ...........................................................17

23
*Lee v. Modlin*,
24
    No. DLB-21-1609, 2022 WL 1227002, at *7 (D. Md. Apr. 25, 2022) .........11

25
*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................12, 13

26

27
*Moore v. Ashland Oil, Inc.*,
    901 F.2d 1445, 1447 (7th Cir. 1990)........................................................20

28

28941399.1:12318-0002

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

*Smart v. U.S. Dep't of Veteran Affs.*,
    759 F. Supp. 2d 867, 872-73 (W.D. Tex. 2010) ........................................11

*Spawning & Recovery Alliance v. Gutierrez*,
    545 F.3d 1220, 1225 (9th Cir. 2008) .................................................12

*Sprewell v. Golden State Warriors*
    (9th Cir. 2001) 266 F.3d 979, 988 ...................................................17

*Swartz v. KPMG, LLP*,
    476 F.3d 756, 764-765 (9th Cir. 2007) ..............................................17

*Valentini v. Shinseki*,
    No. 11-CV-04846, 2012 WL 12882704, at * 4...................................2

*Veterans for Common Sense v. Shinseki*,
    678 F.3d 1013 (9th Cir. 2012).............................................2, 10, 11

*Warth v. Seldin*
    (1975) 422 U.S. 490, 502 ..........................................................12

## **STATUTES**

Federal Circuit. 38 U.S.C.A. § 511 ..............................................................10

Government Code § 815 ..............................................................................3

24 CFR § 5.105(a) ......................................................................................6

24 CFR § 982.503..................................................................................6

29 U.S. § 794 ...........................................................................................15

U.S. Const. art. III, § 2 ...............................................................................12

## **RULES**

*FRCP* 19(a)(2) .........................................................................................20

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Douglas Guthrie, in his official capacity as President of the Housing Authority of the City of Los Angeles ("HACLA"), moves to dismiss Plaintiffs' First Amended Complaint ("FAC") on the following grounds: (1) lack of jurisdiction, (2) lack of standing, (3) failure to state a claim, and (4) failure to name indispensable parties. Each one of these items provide separate and independent grounds to dismiss the FAC against HACLA with prejudice.

Plaintiffs allege that they are disabled veterans who claim to lack permanent housing due to alleged discrimination and prevention of meaningful access to the VA West Los Angeles Campus in violation of Section 504 of the Rehabilitation Act of 1973.  (*See*, FAC at ¶¶ 24-25; 254-255).  The Rehabilitation Act forbids organizations that receive financial assistance from any Federal agency (such as funds from HUD) from excluding or denying benefits to individuals with disabilities and equal opportunity to receive benefits and services. As it pertains to HACLA, Plaintiffs' FAC alleges three causes of action for alleged violations under the Rehabilitation Act: Counts I, II, and III.  (*See*, FAC at ¶¶ 307-324).  Count I is asserted on behalf of all Plaintiffs against all Defendants asserting a claim for violation of the Rehabilitation Act (Discrimination).  Count II is asserted on behalf of Plaintiffs Sessom and Johnson and a Proposed Subclass of Plaintiffs who receive disability compensation from the VA rendering them ineligible certain VA housing (including HUD-VASH) and is asserted against all Defendants.  Count III is asserted on behalf of all Plaintiffs against all Defendants asserting a claim for denial of meaningful access to benefits in violation of the Rehabilitation Act (Meaningful Access).

At the outset, there is a lack of jurisdiction over the underlying allegations in the FAC, as the exclusive jurisdiction over review of veterans benefits is with the Veterans Court and the Federal Circuit.  (See, *Veterans for Common Sense v.*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

*Shinseki*, 678 F.3d 1013, 1017 (9th Cir. 2012); *Valentini v. Shinseki*, No. 11-CV-04846, 2012 WL 12882704, at * 4.)  Thus, the analysis should go no further and this entire action should be dismissed.

Substantively, while Plaintiffs' FAC is voluminous (128 total pages), Plaintiffs' facts plead in support of their claims against HACLA are exceptionally sparse and lacking in any traceable conduct by HACLA. The great majority of the facts and allegations set forth in the FAC pertain to a prior lawsuit and settlement with the Department of Veterans Affairs ("VA"), land use issues, grant deeds and a charitable trust on the West LA VA property, the construction of projects on the West LA VA property, and the regulations and policies promulgated by the Department of Housing and Urban Development ("HUD"), all of which have nothing to do with HACLA and cannot form the basis of any liability against HACLA pursuant to the Rehabilitation Act.  It appears that Plaintiffs' real dispute is with the VA and how it implements its housing program and provides medical care and other services to homeless veterans and the regulations issued by HUD to utilized the HUD-VASH housing voucher program. The instant action appears to be another stage of the ongoing saga between homeless veterans and the VA over benefits and housing.

Plaintiffs' FAC and Counts I, II and III therein and the Request for Relief, seek to lump HACLA in with the VA and HUD, despite the lack of a factual and legal basis to do so and any traceable conduct by HACLA to Plaintiffs' alleged harm.  The limited reference to HACLA in the FAC states the following: "The Department of Housing and Urban Development ("HUD") and the Housing Authority of the City of Los Angeles ("HACLA"), via their leadership, also refuse to exercise their funding authorities to address the needs of homeless veterans in Los Angeles, declining to work with the VA to fund the construction of housing on the VA WLA Grounds, and declining to fund HUD-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1    VASH vouchers at rates which would allow veterans with disabilities to live near

2    the VA medical services they desperately need and are entitled to."  (See, FAC at ¶

3    23.)

4          However, as provided herein, HACLA does not and cannot fund the

5    construction of new housing on the VA's West LA campus with HUD-VASH

6    voucher funds, and as public entity, HACLA has no legal duty to fund construction

7    of housing on the VA's West LA property.  (See, Declaration of Ryan Mulligan

8    ("Mulligan Decl.") at ¶ 4; California *Government Code* § 815.)  Moreover, as a

9    Public Housing Agency ("PHA") receiving funding through HUD's HUD-VASH

10   housing voucher program, HACLA issues the housing vouchers according to the

11   federal regulations issued by HUD and only after an eligibility referral from the VA.

12   (See, Mulligan Decl. at ¶¶ 4-6 and the HUD-VASH Reference Guide, attached as

13   **Exhibit "A"** thereto.)  As stated in the HUD-VASH Reference Guide under

14   Participant Eligibility, "Before making referrals to PHAs, VA staff screen families

15   according to the VA's screening criteria and in compliance with federal

16   nondiscrimination and civil rights laws."  Similarly, the HUD-VASH Reference

17   Guide under Participant Eligibility also states as follows: "PHAs screen only for

18   income eligibility and lifetime registration under state sex offender registration

19   programs."

20         Further, as set forth in 24 CFR Parts 982 and 983, setting forth regulations for

21   HUD-VASH vouchers, the regulations state as follows: "By agreeing to administer

22   the HUD-VASH program, the PHA is relinquishing its authority to determine the

23   eligibility of families in accordance with regular HCV program rules and PHA

24   policies with the exceptions of income eligibility and lifetime sex offender status."

25   (See, **Exhibit "B"** to Request for Judicial Notice.) Further, the regulations state that

26   the VA performs case management services, "[a]n eligible family issued a HUD-

27   VASH voucher must receive case management services provided by the partnering

28   VAMC or DSP."  (*Id*.) Therefore, acting as a PHA under the HUD-VASH program,

28941399.1:12318-0002

1   HACLA has a very limited role in issuing the housing voucher to a homeless

2   veteran based upon the income eligibility dictated by the HUD regulations and only

3   after the VA has performed its screening process and determined that the individual

4   is eligible for the program and the VA performs case management for the veteran.

5   Consequently, it is apparent that Plaintiffs' dispute is at the Federal level with VA

6   and HUD and not at the local level with HACLA that is simply following

7   regulations, policies, procedures and eligibility decisions by these Federal agencies

8   and regulations.

9       Plaintiffs' attempt in the FAC to include HACLA in this action by lumping all

10   three Defendants together, while at the same time failing to plead specific and

11   articulable facts that could demonstrate a violation of the Rehabilitation Act,

12   showing that any alleged harm is fairly traceable to any conduct by HACLA, and

13   failing to seek relief that could be redressed against HACLA, all results in a failure

14   to meet the basic pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 679

15   (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, as

16   demonstrated by Plaintiffs' own allegations in the FAC regarding their individual

17   history and current situations, along with the Declaration of John Kuhn filed with

18   the VA's Motion to Dismiss and the Declaration of Ryan Mulligan filed with

19   HACLA's Motion to Dismiss, demonstrate that Plaintiffs lack standing to pursue

20   their claims against HACLA as there is no case or controversy between Plaintiffs

21   and HACLA, no traceability and no relationship between Plaintiffs' alleged harm

22   and any conduct by HACLA.

23       Lastly, the FAC seeks to present claims on behalf of Plaintiffs and a class

24   defined as follows: "all homeless Veterans with SMI or TBI who reside in Los

25   Angeles County."  (*See*, FAC at ¶ 294.)  Yet, Plaintiffs have only named HACLA in

26   the FAC as a PHA who implements the HUD-VASH program, despite the fact that

27   there are multiple other PHAs throughout Los Angeles County who implement the

28   HUD-VASH program, including the Los Angeles County Development Authority

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

("LACDA").[1]  As Plaintiffs seek to represent a class of all veterans in Los Angeles County with SMI or TBI, all PHA's who participate in the HUD-VASH program are indispensable parties, but have not been named by Plaintiffs.  (*See*, *FRCP* Rule 12(b)(7).)

Based on the foregoing and as more fully set forth below, Plaintiffs' FAC suffers from multiple fatal defects that cannot be cured by amendment, and therefore, the FAC should be dismissed with prejudice.

## II.   BACKGROUND FACTS

### A.   The HUD-VASH Voucher Program

The HUD-Veteran Affairs Supportive Housing ("HUD-VASH") program was authorized pursuant to The Consolidated Appropriations Act, 2008 (Public Law 110-161) and requires HUD to make funding available to Public Housing Authorities ("PHAs") in collaboration with eligible VA Medical Centers ("VAMC") or other entities designated by the Secretary of the Department of Veteran Affairs for administration of the program. (*See*, Section 8 Housing Choice Vouchers: Revised Implementation of the HUD-VASH Program, 86 Fed. Reg. 53207 (September 27, 2021), **Exhibit "B"** Attached to HACLA's Request for Judicial Notice).  HACLA is a PHA which has accepted referrals from local VAMCs to implement the HUD-VASH voucher program. (*See*, Mulligan Decl. ¶ 3.)

The HUD-VASH program provides administration of (1) tenant-based, and (2) project-based Section 8 Housing Choice Vouchers (HCV) for rental assistance to homeless veterans. As a result, HUD-VASH vouchers can be used by individuals for project-based community units which are fully subsidized apartments, or vouchers may be accepted by any property manager or landlord willing to participate in the HUD-VASH tenant-based program. The HUD-VASH program combines HUD

---

[1] See, https://www.lacda.org/homelessness/veterans-affairs-supportive-housing. Last reviewed on 7/6/2023.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

HCV rental assistance for homeless veterans with case management and clinical services provided VAMC's, community-based outpatient clinics, or designated service providers (DSP) as approved by the VA Secretary. The VA and HUD have created the HUD-VASH program to provide the necessary support to maintain permanent housing in the community for veterans. (*See*, Request for Judicial Notice at **Exhibit "B"**, Section 8, 86 Fed. Reg. 53207; *See also*, Mulligan Decl. at ¶ 4.)

The HUD-VASH program procedures require the VA to make referrals of eligible veterans to PHA's, such as HACLA, for issuance of a housing voucher to a homeless veteran whom the VA has already screened and determined to be eligible for the HUD-VASH voucher program. (*See*, HUD-VASH Reference Guide, attached as **Exhibit "A"** to the Mulligan Decl.)  The local VAMC (such as the West Los Angeles VA) engages in a vetting process when making referrals to PHAs, and provides the necessary case management required by the program, which PHAs are not involved in. The local VA assigns a VA case manager who assists the homeless veteran with securing eligibility for the HUD-VASH voucher program, in addition to other needs of the homeless veteran.  HUD provides the local PHA (such as HACLA) with the housing assistance funds and for the administration of the program.  (*See*, Request for Judicial Notice at **Exhibit "B"**, Section 8, 86 Fed. Reg. 53207; *See* Mulligan Decl. at ¶ 5.)

Once the referral has been made to a PHA (such as HACLA), the PHAs screen only for income eligibility and registration under state sex offender programs pursuant to the program requirements established and mandated by HUD-VASH program directives. (See, HUD-VASH Reference Guide in **Exhibit "A"** and Mulligan Decl. at ¶ 6.) This is a very limited review for income and sex registration registry is dictated by the Federal regulations at 24 CFR § 5.105(a) and 24 CFR § 982.503, as well as the HUD-VASH Reference Guide Requirements. (See, **Exhibit "B"** to Request for Judicial Notice.)  Further, per 24 CFR 982.503(a)(1), "HUD publishes the fair market rents for each market area in the United States (see part

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

888 of this title). The PHA must adopt a payment standard schedule that establishes voucher payment standard amounts for each FMR area in the PHA jurisdiction." Moreover, CFR 982.503(b) also dictates that the "PHA may establish the standard amount for a unit size at any level between 90 percent and 110 percent of the published FMR for that unit size."

In issuing the voucher, HACLA relies upon the Voucher Payment Standards ("VPS") to determine the amount of each voucher depending on the size of the household and the number of bedrooms.  The VPS relied upon by HACLA under the HUD-VASH program is based on the § 982.503 Payment standard amount and schedule under which (1) HUD publishes the fair market rents for each market area in the United States. The PHA must adopt a payment standard schedule that establishes voucher payment standard amounts for each FMR area in the PHA jurisdiction. For each FMR area, the PHA must establish payment standard amounts for each ''unit size'' measured by number of bedrooms. (2) These standard amounts on the PHA schedule are used to calculate the monthly housing assistance payment for a family pursuant to § 982.503. (*See*, Mulligan Decl. at ¶ 8.)

Pursuant to HUD regulations, PHA's (such as HACLA) are to determine a VPS that is between 90-110% of the Fair Market Rents ("FMR's").  HUD publishes the FMR's to be utilized by PHA's under the HUD-VASH program and represent the cost to rent a moderately-priced dwelling in the local housing market.  The housing voucher tenant must pay 30 percent of his/her monthly adjusted gross income for rent and utilities, and if the unit rent is greater than the VPS, the tenant is required to pay the additional amount. *(See*, Mulligan Decl. at ¶ 9.) In addition, HUD has issued Small Area Fair Market Rents ("SAFMR's") which are FMR's calculated for Zip Codes within metropolitan areas.  In those areas designate for using SAFMR's or where the PHA has opted in to use the SAFMR's, the PHA can use the SAFMR rates issued by HUD to set the VPS rate for the amount of the housing voucher. (*See*, Mulligan Decl. at ¶¶  9-10; *see also*, 24 CFR 982.503)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

Starting in January 2023, HACLA began to implement the use of SAFMR's when issuing the HUD-VASH vouchers and the setting the VPS rate for amount to be received by the individual.  The use of the SAFMR's results in the highest voucher award to the individual.  For example, in the ZIP Code that encompasses the West LA VMC, the amount of the voucher for a one bedroom unit is $2,964 per month, compares to $2,096 using the FMRs.  As a result, HACLA is awarding HUD-VASH vouchers at the higher rates permitted by HUD. *(See*, Mulligan Decl. at ¶ 11.)

By way of the FAC, Plaintiffs attempt to include HACLA in the overall allegations regarding the VA and HUD, but the fact of the matter is that HACLA does not have the authority to issue any HUD-VASH vouchers without first obtaining a referral from the VA/VAMC, which conducts the eligibility analysis for the individual to determine if they qualify under the HUD-VASH program. Once the referral has been made by the VA, HACLA still does not have authority to issue a housing voucher without following the guidelines pre-established by the VA and HUD. (*See,* HUD-VASH Reference Guide, which details the PHAs' authority in determining eligibility per the HUD-VASH guidelines; *See* also, Request for Judicial Notice at **Exhibit "B",** Section 8, 86 Fed. Reg. 53207; and Mulligan Decl. at ¶ 6.)

Once HACLA confirms that the referred homeless veteran is eligible for the voucher based upon the HUD dictated requirements of checking for income and sex offender registry status, HACLA issues a housing voucher to the individual based upon the amounts permitted by HUD. Then, the individual takes that voucher to local landlords to seek housing and apply the voucher for the cost of such housing or the individual can decide to proceed with a project-based voucher.  (*See*, Mulligan Decl. at ¶ 7 and HUD-VASH Reference Guide in **Exhibit "A"**.)

While HACLA has outstanding HUD-VASH vouchers to issue, HACLA does not have the authority to issue any vouchers without the local VA referring a

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

homeless veteran into the program and first determining their eligibility. The number of referrals that HACLA has been receiving from the VA has been decreasing over time and from January-May 1, 2023, HACLA has received just 58 referrals and received a total of 168 referrals in 2022. (*See,* Mulligan Decl. at ¶ 15.) HACLA is in agreement with an increased effort to received referrals from the VA into the HUD-VASH program, but HACLA can only proceed once an eligibility referral has been made and HACLA has not had any eligibility referral or interaction with many of the Plaintiffs who have filed this action. (*See*, Mulligan Decl. at ¶ 18 and Declaration of John Kuhn at ¶¶ 4-14, attached to VA Motion to Dismiss.) HACLA is solely dependent on referrals of homeless veterans from the local VA for participation in the program. Pursuant to the federal regulations and the HUD-VASH Reference Guide, HACLA cannot implement the voucher program on its own without first receiving the eligibility determination and referrals and the implementing the voucher program in compliance with the HUD regulations. Thus, Plaintiffs' claims against HACLA are clearly misplaced.

Moreover, HACLA is not the only PHA in Los Angeles County that participates in the HUD-VASH program. Examples of other agencies include the Los Angeles County Development Authority ("LACDA"), which participates in the HUD-VASH program in Los Angeles County. (*See*, Mulligan Decl. at ¶ 12.) (*See* Request for Judicial Notice at **Exhibit "C"**, HUD Veteran Affairs Supportive Housing list of vouchers issued.). Plaintiffs' own FAC also identifies other PHAs in Los Angeles County which issue HUD-VASH vouchers, including: The Housing Authority of the County of Los Angeles, City of Long Beach Housing Authority, Housing Authority of the City of Pasadena, and others. (*See*, FAC at ¶ 236.)

**B.    Status of Each Plaintiff**

As Defendants HUD and the VA noted in their Motion to Dismiss, many of the Plaintiffs in this matter have not been referred to HACLA to participate in the HUD-VASH program. While HUD has been able to provide information on the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1   Plaintiffs in this action, HACLA does not have much of this information as those

2   Plaintiffs were never referred to HACLA for vouchers in the first place.  (*See*,

3   Mulligan Decl. at ¶ 18.)  HACLA further incorporates by reference the declaration

4   of John Kuhn attached to the VA's Motion to Dismiss.

5          HACLA has no information or documentation pertaining to Glenn Surrete,

6   Lauriann Wright, Samuel Castellanos, Jessica Miles, Joshua Robert Pettitt, and

7   Naryan Stibble as they were not referred to HACLA for enrollment in the HUD-

8   VASH program. (See, Declaration of Ryan Mulligan at ¶ 18).

9          The above facts demonstrate that the FAC should be dismissed with

10  prejudiced against HACLA.

11  **III.   LEGAL ARGUMENT**

12      **A.   This Court Lacks Jurisdiction Over the FAC.**

13         This Court does not have jurisdiction over any of the Plaintiffs' claims against

14  HACLA. Specifically, pursuant to the VJRA, Plaintiffs' claims under the

15  Rehabilitation Act surrounding veteran's benefits (e.g., HUD-VASH vouchers) are

16  beyond the scope of this Court's jurisdiction and belong in the Veterans Court and

17  the Federal Circuit, as discussed in *Veterans for Common Sense v. Shinseki*, 678

18  F.3d 1013 (9th Cir. 2012).

19         In *Shinseki*, the Court specifically addressed that the Veterans' Judicial

20  Review Act (VJRA) precludes jurisdiction over a claim if it requires the district

21  court to review Department of Veterans Affairs (VA) decisions that relate to

22  benefits decisions, including any decision made by the Secretary in the course of

23  making benefits determinations. Furthermore, such preclusion extends not only to

24  cases where adjudicating veterans' claims requires the district court to determine

25  whether the VA acted properly in handling a veteran's request for benefits, but also

26  to those decisions that may affect such cases, and if that test is met, district court

27  must cede any claim to jurisdiction over the case, and parties must Seek a forum in

28  the Veterans Court and the Federal Circuit. 38 U.S.C.A. § 511. (*See*, *Veterans for*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1    *Common Sense v. Shinseki,* 678 F.3d 1013 (9th Cir. 2012).) Each of the claims

2    brought under the Rehabilitation Act pertain specifically to disability benefits which

3    fall within the VA administrative process. Please see the VA defendants jurisdiction

4    argument pertaining to the administrative process required by VJRA set out in VA

5    Defendant's memorandum of points and authorities, which HACLA incorporates

6    herein. (*See*, VA MTD, at p. 8.) Accordingly, all claims brought against HACLA

7    regarding HUD-VASH benefits should be dismissed because the Plaintiffs failed to

8    pursue their claims within the administrative review process required by VJRA and

9    the Plaintiffs' eligibility determination and referral to HACLA must proceed with

10   the VA.

11        As Defendant HUD argued in its memorandum of points and authorities, a

12   district court would be required to first determine whether Plaintiffs are entitled to

13   benefits and such question of law and fact is precisely what is required to be

14   determined through the administrative process as required by VJRA. These

15   decisions are within the exclusive jurisdiction of the Court of Veterans Appeals as

16   courts have concluded that HUD-VASH claims cannot be heard in district court.

17   *(See, Krueger v. United States,* No. 17-CV-10574, 2017 WL 5467743, at *6 (E.D.

18   Mich. Nov. 14, 2017); S*mart v. U.S. Dep't of Veteran Affs.,* 759 F. Supp. 2d 867,

19   872-73 (W.D. Tex. 2010) (dismissing claim involving HUD-VASH benefits for

20   lack of jurisdiction); *Bluestein v. US Dep't of Hous. Urb. Dev.,* No. 13-CV- 247-PB,

21   2013 WL 6627965, at *3 (D.N.H. Dec. 16, 2013) (same); *Lee v. Modlin,* No.

22   DLB-21-1609, 2022 WL 1227002, at *7 (D. Md. Apr. 25, 2022) ("The VJRA

23   prevents the Court from reviewing Lee's claims arising from his alleged

24   discharge from the HUD-VASH program, [and] subsequent denials of his

25   attempts to reenter the program") *on reconsideration* 2022 WL 17968725, at **4**

26   **(D.** Md. Dec. 27, 2022) (dismissing remaining discrimination claims for lack of

27   jurisdiction), *aff'd* No. 23-1087, 2023 WL6 3675911 (4th Cir. 2023)).

28   / / /

28941399.1:12318-0002

1    Based on the foregoing, Plaintiffs' FAC should be dismissed under Rule

2    12(b)(1) for lack of jurisdiction.

3    **B.**        **Plaintiffs Lack Article III Standing.**

4            **1.**        **Plaintiffs Cannot State a Case or Controversy Against**

5    **HACLA.**

6    Plaintiffs lack standing to bring any of their three Rehabilitation Act claims

7    against HACLA because no Plaintiff specifically alleges any harm caused by

8    HACLA, that any eligibility into the HUD-VASH program was denied by HACLA,

9    or that the relief requested would redress their claimed injury.

10    The standing doctrine limits federal court jurisdiction to actual "cases and

11    controversies" as required by Article III of the United States Constitution.  U.S.

12    Const. art. III, § 2.  Standing is an "essential and unchanging part of the case-or-

13    controversy requirement of Article III."  (*See, Lujan v. Defenders of Wildlife* (1992)

14    504 U.S. 555, 560 (citing *Allen v. Wright* (1984) 486 U.S. 737, 751.))  The party

15    invoking federal jurisdiction bears the burden of establishing standing. (*See, Bras v.*

16    *California Public Utilities Commission* (9th Cir. 1995) 59 F.3d 869, 872).

17    As provided in *Warth v. Seldin* (1975) 422 U.S. 490, 502, "[u]nless these

18    petitioners can thus demonstrate the requisite case or controversy between

19    themselves personally and respondents, 'none may seek relief on behalf of himself

20    or any other members of the class.'"  In order to meet the minimum requirement of

21    Article III standing, a plaintiff must establish, in fact, that the asserted injury was

22    fairly traceable to the defendant's actions, and that the injury is likely redressed by a

23    favorable court decision.  *Id.* at 505; *see also*, *Salmon Spawning & Recovery*

24    *Alliance v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008). The "Irreducible

25    constitutional minimum of standing requires that plaintiff have (1) suffered an injury

26    in fact, which is an invasion of a legally protected interest which is concrete and

27    particularized and actual or imminent rather than conjectural or hypothetical; (2)

28    that there be a causal connection between the injury and conduct complained of so

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

1  that the injury is fairly traceable to the challenged action of the defendant and not

2  the result of the independent action of some third party who is not before the court;

3  and (3) that it be likely, as opposed to merely speculative, that injury will be

4  redressed by a favorable decision." (*See, Lujan v. Defs. of Wildlife*, 504 U.S. 555

5  (1992)).

6       Plaintiffs' FAC fails to set forth any specific allegations of how HACLA

7  caused harm or discrimination to any specific Plaintiff, or at all. The FAC only

8  incorrectly references HACLA's ability to administer the program in conclusory

9  fashion (in Paragraph 23 of the FAC), but makes no other reference pertaining to

10  HACLA or how HACLA violated the Rehabilitation Act. Moreover, no relief

11  sought by Plaintiffs would apply to HACLA as the relief is directed at HUD and the

12  VA.  Thus, Plaintiffs failed meet the standing requirements under *Lujan*.

13       The HUD-VASH program was authorized pursuant to The Consolidated

14  Appropriations Act, 2008 and requires HUD to make funding available to PHAs that

15  partner with eligible VAMCs or other entities designated by the Secretary of the

16  Department of Veteran Affairs. Defendant HUD issues the HUD-VASH vouchers in

17  effort with the VA based on the HUD-VASH allocation formula for income

18  eligibility based on the VA and HUD requirements. HACLA has no authority to

19  administer the program outside of the HUD requirements and must conform its

20  award of vouchers to (1) the VA's determination of eligibility and (2) HUD's

21  determination of the FMRs and SAFMRs for the amount of the voucher.  Thus, if

22  Plaintiffs have a dispute with an eligibility determination by the VA or the amount

23  of the voucher based upon the income requirements and housing costs dictated by

24  HUD, Plaintiffs lack standing to pursue HACLA to resolve such disputes.

25       As stated, HUD-VASH vouchers administered in accordance with the HCV

26  tenant-based and project-based rental assistance regulations set forth at *24 CFR part*

27  *982* and *983,* respectively and pursuant to the HUD-VASH Reference Guide issued

28  by HUD. HUD provides housing assistance funds to HACLA, for HACLA to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

administer the program within HUD guidelines and requirements, only. HACLA is simply a third-party liaison between HUD, the VA, and the veterans to provide the veterans with a voucher to Seek housing. In fact, HUD maintains the ultimate authority of the HUD-VASH program allocation of, and reallocation of HUD-VASH vouchers. HACLA simply engages in the program directives as required by the HUD and the Appropriations Act. *See*, **Exhibit B,** Section 8 Housing Choice Vouchers: Revised Implementation of the HUD-VASH Program, 86 Fed. Reg. 53207 (September 27, 2021).

**2.     No Plaintiff Has Standing to Bring Claim 1 Against HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Discrimination (All Plaintiffs Against All Defendants)**

Plaintiffs Jeffrey Powers, Lavon Johnson, Deavin Sessom, Joseph Fields, have moot claims as they have all been admitted to the HUD-VASH program per the Declaration of John Kuhn. Plaintiff Glenn Surrette was also offered housing but declined because his girlfriend was not permitted to reside there. (*See*, Kuhn Decl. ¶¶ 4-7). Plaintiff Billy Edwards has not made a claim that he has been specifically denied benefits.

No Plaintiff has offered any allegation that HACLA denied any Plaintiffs eligibility for a HUD-VASH voucher to make a claim or that such a denial was due to a disability. While no Plaintiff has alleged that they have suffered any injury in fact due to any action by HACLA, even if any Plaintiffs are able to show an injury, no Plaintiff can show any causal connection between injury and any action by HACLA for the above stated reasons. Many of the named Plaintiffs have not even been referred by the VA to HACLA.  (See, Mulligan Decl. at ¶ 18.)

Furthermore, any alleged injury cannot be redressed by a favorable decision against HACLA because the ultimate authority and control of administration of the program rests with the VA and HUD, and HACLA is unable to administer vouchers outside of the Section 8 program requirements. Accordingly, Plaintiffs do not have

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1050

1  Article III Standing for Claim I in the FAC.

2     **3.**   **No Plaintiff Has Standing to Bring Claim II Against**

3  **HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. §**

4  **794 – Discrimination (Plaintiffs Sessom and Johnson Against All Defendants)**

5     This count is brought only by Plaintiffs Sessom and Johnson, who allege that

6  their applications for on-campus housing units were denied due to their incomes

7  being too high to qualify for those unites. These two Plaintiffs claims are entirely

8  moot and have no application to HACLA, as HACLA does not determine the

9  income qualifications for the program.

10     Lavon Johnson was in fact issued a voucher and is approved for campus

11  housing. (*See*, Kuhn Decl. at ¶ 5.)

12     David Sessom is currently approved HUD-VASH program. (*Id.* ¶ 6.)

13     Pursuant to the above, both of these Plaintiffs are incapable of showing an

14  injury in fact because neither of them have been harmed by HACLA, nor were they

15  denied eligibility into the HUD-VASH program, despite Plaintiff's allegations that

16  they were denied due to their incomes being too high. Moreover, even if they were,

17  they would still lack standing to sue HACLA, because as reiterated, HACLA only

18  administers the program in accordance with HUD's own guidelines and any income

19  eligibility is determined by HUD and the Federal regulations and not HACLA.

20     Accordingly, Plaintiffs do not have standing for Claim II in the FAC.

21     **4.**   **No Plaintiff Has Standing to Bring Claim III Against**

22  **HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. §**

23  **794 – Meaningful Access (All Plaintiffs Against All Defendants)**

24     Jeffrey Powers, Lavon Johnson, Deavin Sessom, and Joseph Fields, claims

25  are moot as HACLA has issued HUD-VASH vouchers to these Plaintiffs. (*See,*

26  Kuhn Decl. (*See*, Kuhn Decl. ¶¶ 4-7).) Plaintiff Surrette was also offered housing

27  but declined because his girlfriend was not permitted. (*See*, Kuhn Decl. (*See*, Kuhn

28  Decl. ¶¶ 4-7).). Mr. Edwards has not alleged that he was ever denied benefits.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1    Plaintiffs have failed to show standing to bring Claim III, alleging that

2   HACLA "administers the benefits offered by the VA and HUD-VASH in a manner

3   that denies Plaintiffs meaningful access to those benefits solely because of their

4   disabilities." (*See*, FAC  ¶ 321.) However, as stated above, HACLA only administers

5   the program in accordance with HUD requirements for (1) income eligibility, and (2)

6   eligibility based on sex offender registration. These are the requirements set forth by

7   HUD and Section 8. (*See*, Section 8, 86 Fed. Reg. 53207 in **Exhibit "B"** and the

8   HUD-VASH Reference Guide in **Exhibit "A"**.) Moreover, no Plaintiff alleges that

9   they were denied HUD-VASH benefits or alleged any harm was caused due to

10   discrimination based on their disability due to any traceable conduct of HACLA.

11    Additionally, as addressed in the Declaration of Ryan Mulligan, when issuing

12   the vouchers, HACLA relies upon the Voucher Payment Standards ("VPS") issued

13   and approved by HUD to determine the amount of each voucher. This is not dictated

14   by HACLA but based on the requirements and approvals by HUD. (*See*, Mulligan

15   Decl. at ¶ 8.) Further, HACLA issues the vouchers at the highest amounts allowed

16   under the HUD. Plaintiffs allege that HACLA's issuance of HUD-VASH vouchers

17   in accordance with HUD mandated VPS restricts Plaintiffs from residing near the

18   West LA Campus due to rental prices in that area. Plaintiffs do not have standing to

19   sue because no Plaintiff has alleged that any such issuance, or lack thereof, has

20   prevented any Plaintiff from living on those grounds, or provided the voucher rates

21   of each Plaintiff alleging the same. Further, even if they could, Plaintiffs would still

22   lack standing to pursue HACLA because HACLA is simply implementing Federal

23   laws and regulations by HUD and the VA.

24    Accordingly, Plaintiffs do not have Article III Standing for Claim II in the

25   FAC.

26    **C.    Plaintiffs Fail To State a Claim Against HACLA.**

27    Plaintiffs have not stated any viable claims against HACLA. Pursuant to Rule

28   12(b)(6), a party may move to dismiss a cause of action if the plaintiff fails to state a

28941399.1:12318-0002

Case No. 2:22-cv-08357-DOC(JEMx)
DEFENDANT HACLA'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'

claim upon which relief can be granted.  Although Rule 8(a)(2) only requires a short and plain statement of the claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  (*See, Bell Atlantic Corp. v. Twombley* (2007) 550 U.S. 544, 555; *Ashcroft v. Iqbal* (2009) --- U.S.---, 129 S. Ct. 1937, 1949.)  Courts are not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  (*See, Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988).

To further the inquiry on a 12(b)(6) motion, courts may consider documents outside the pleadings without turning the proceeding into summary judgment.  (*See, Branch v. Tunnel* (9th Cir. 1994) 14 F.3d 449, 453 (reversed on other grounds).)  A document outside of the pleadings may be considered by the court on a 12(b)(6) motion if it is referred to in the complaint and its authenticity is not questioned.  (*Id.* at 453; *Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, 1076.)   The court may also consider material that is the proper subject of judicial notice, such as public records.  (*See, Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 688.)  A court may *disregard* the allegations of a complaint if contradicted by facts established by documents alleged in the complaint.  (*See, Durning v. First Boston Corp.* (9th Cir. 1987) 815 F.2d 1265, 1267.)

In order to withstand a motion to dismiss, a complaint must contain allegations specific to each defendant and allegations of multiple defendants' conduct collectively is insufficient.  (*See, Swartz v. KPMG, LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007).)  As provided in *Swartz,* "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant. . .and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  (*Id.* at 764-765.)  Where the allegations are against multiple defendants, the plaintiff

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1 must specifically allege the basis of his claim against each defendant.  (*See*, *Gauvin*

2 *v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988).)

3        With these standards in mind, it is evident that Plaintiffs fail to state any claim

4 against HACLA that can withstand this Motion to Dismiss.

5        **1.**      **No Plaintiff Has a Viable Claim I Against HACLA;**

6 **Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 –**

7 **Discrimination (All Plaintiffs Against All Defendants)**

8        Plaintiffs' FAC fail to state any viable Rehabilitation Act Claim against

9 HACLA, either for discrimination, or meaningful access. A Plaintiff bringing suit

10 under § 504 must show "(1) he is an individual with a disability; (2) he is otherwise

11 qualified to receive the benefit; [and] (3) he was denied the benefits of the program

12 solely by reason of his disability." (*See, Duvall v. Cno. of Kitsap,* 260 F.3d 1124,

13 1135 (9th Cir. 2001), *as amended on denial of rehg.* (Oct. 11, 2001).)

14        Plaintiffs have merely "lumped together" all the allegations made against

15 Defendants without differentiating any allegation surrounding the participation in

16 the cause of action and in one paragraph make a passing reference to HACLA.

17 There have been no specific facts alleged that HACLA specifically denied any

18 Plaintiff a benefit, or did so on the basis of disability discrimination. Moreover, any

19 administration of the program is done so by way of HUD program requirements and

20 no viable claim against HACLA exists.

21        **2.**      **No Plaintiff Has Viable Claim II Against HACLA; Violation**

22 **of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Discrimination**

23 **(Plaintiffs Sessom and Johnson Against All Defendants)**

24        As argued above in the standing section of this motion, Plaintiffs Sessom and

25 Johnson's claims are inherently moot because each were issued HUD-VASH

26 vouchers. (See, Kuhn Decl. at ¶ 5-6.)There are simply no grounds for a viable claim

27 where benefits have been provided. Moreover, any claims that the administration of

28 the HUD-VASH program is inherently discriminatory should be directed toward

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

Defendant HUD who has issued the guidelines and requirements for administration.

**3.      No Plaintiff Has a Viable Claim III Against HACLA; Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S. § 794 – Meaningful Access (All Plaintiffs Against All Defendants)**

Plaintiffs also fail to allege any viable cause of action under Claim III against HACLA. As discussed above, most Plaintiffs raise no allegations that HACLA denied HUD-VASH benefits or otherwise prohibited meaningful access to their HUD-VASH benefits at all, so those Plaintiffs all fail to state claims against HACLA. The only two individual Plaintiffs who alleged any specific facts related to their HUD-VASH benefits are Plaintiffs Surrette and Sessom, but neither alleges a viable claim under the Rehabilitation Act because their alleged issues with meaningfully accessing HUD-VASH benefits are not because of their disabilities." (*See,* FAC ¶ 321.)

Plaintiff Surrette has "been offered housing through HUD/VASH." (*See*, FAC ¶ 117. "[B]ut he was told that he could not live with his girlfriend" and so declined. (*Id.)* This does not demonstrate a Rehabilitation Act violation and there  are no allegations that this restriction was enforced solely by reason of his disability. (*Id.* at ¶ 321.) Likewise, Plaintiff Sessom is approved for the HUD-VASH program and cannot make that he was discriminated against. (See, Kuhn Decl. at ¶ 6.)

Plaintiffs allege that HACLA has "declin[ed] to fund HUD-VASH vouchers at rates which would allow veterans with disabilities to live near the VA medical center and therefore have prevented meaningful access. (*Id.* at ¶ 23.) But even if true, nothing in that allegation rises to a viable Rehabilitation Act Claim, since setting a common funding level for all participants-by itself—does not constitute discrimination by reason of disability. (S*ee, Duvall,* 260 F.3d at 1135.)  Additionally, those voucher rates are pre-determined by a formula provided by HUD and are not unilaterally

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1   determined by HACLA for Plaintiff to have any such viable claims specifically

2   against HACLA. (*See*, Mulligan Decl. at ¶ 8-9.)

3       **D.     Plaintiffs Have Failed to Name Indispensable Parties.**

4       Even without consideration of jurisdiction, standing, and Plaintiffs failure to

5   state a claim, Plaintiffs complaint should be dismissed for failure to name

6   indispensable parties pursuant to Rule 12(b)(7) and Rule 19 "The purpose of Federal

7   Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to

8   a single lawsuit so as to protect interested parties and avoid waste of judicial

9   resources." (*See, Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990)).

10      Rule 19 requires a trial court to engage in a two-step analysis. The first step is

11  to consider whether nonjoinder would prevent the award of complete relief, or the

12  absentee's interests would otherwise be prejudiced or the persons already parties

13  would be subject to a substantial risk of double or inconsistent obligations. (*See,*

14  *Bakia v. Los Angeles Cnty. of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982)). The

15  second step is to decide under Rule 19(b) whether "in equity and good conscience" a

16  court should proceed without the absent party. (*Id* at 301.) Rule 19(b) lists four

17  factors to be considered in making that determination. They include an analysis of

18  (1) the extent to which a judgment rendered without the absentee would prejudice

19  him or existing parties; (2) the extent to which prejudice could be lessened or

20  avoided by other measures; (3) the adequacy of a judgment rendered without the

21  absentee; and (4) the adequacy of plaintiff's remedies if an action is dismissed for

22  nonjoinder. (*Id* at 301.)

23      Under Rule 19(a), if joinder of a required person is feasible, then that person

24  must be joined. (*FRCP* 19(a)(2).) If joinder is not feasible, the analysis proceeds to

25  the second step.  (*FRCP* 19(b).) The second step of the analysis, set forth in Rule

26  19(b), directs a court to "determine whether, in equity and good conscience, the

27  action should proceed among the existing parties or should be dismissed."

28  / / /

28941399.1:12318-0002

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1    Plaintiffs assert claims against Defendants pertaining to the greater Los

2    Angeles area. (*See*, FAC ¶¶ 5, 236, 237.) However, the only PHA sued by Plaintiffs

3    is HACLA.  Many other agencies are part of the HUD-VASH program and are not

4    named, particularly the Los Angeles County Development Authority ("LACDA"),

5    which participates in the HUD-VASH program in Los Angeles County and multiple

6    others identified by Plaintiff's own FAC.  (*See*, FAC at ¶ 236.)  The relief sought

7    necessarily requires that all HUD-VASH participant PHA's in Los Angeles County

8    be included and not just HACLA. (*See*, **Exhibit "C"** Attached to HACLA's Request

9    for Judicial Notice, HUD-Veterans affairs Supportive Housing, HUD-VASH

10   Vouchers).

11   HACLA has no information pertaining to Plaintiffs Glenn Surrette, Lauriann

12   Wright, Samuel Castellanos, Jessica Miles, Joshua Robert Pettitt, or Naryan Stibble

13   indicating that no referral was ever made to HACLA regarding these individuals.

14   However, the Declaration of John Kuhn in support of HUD'S MTD, indicates that

15   Lauriann Wright was placed in housing provided through HUD-VASH, Samual

16   Castellanos has been added to Ms. Wright's HUD-VASH voucher, Glenn Surrette

17   declined HUD-VASH placement, Jessica Miles has declined a HUD-VASH

18   voucher, Joshua Petitt has a pending application to on-campus housing, Naryan

19   Stibble has declined housing that prevents him from living with his son. As HACLA

20   has no information pertaining to these individuals, but the VA has provided

21   information pertaining to the same, it is evident that all of these individuals were

22   referred by HUD to some other PHA and not HACLA. (*See*, Kuhn Decl. ¶¶ 8-9, 12-

23   14).)

24   In the event that any housing authority denied HUD-VASH benefit to any of

25   the Plaintiffs other than HACLA, this action cannot proceed without those housing

26   authorities which are clearly necessary parties. Plaintiffs simply cannot obtain relief

27   from a housing authority they did not apply to, and it is not currently feasible to join

28   the parties as it is currently unknown what housing authorities each Plaintiffs

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

Case No. 2:22-cv-08357-DOC(JEMx)

DEFENDANT HACLA'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'

applied to and no Plaintiff alleged in the complaint that he or she was specifically denied a HUD-VASH voucher. Moreover, this action cannot move forward in good faith without the appropriate parties. Therefore, Plaintiffs FAC should be dismissed for failure to name an indispensable party.

**IV.   CONCLUSION**

For the reasons set forth herein, the Court should dismiss all claims against HACLA.  Further, because none of the fatal defects in the FAC can be cured by amendment, the Court should dismiss all claims against HACLA with prejudice.

DATED:  July 7, 2023                      WOOD, SMITH, HENNING & BERMAN LLP


By:   ⎯⎯⎯/s/ KEITH E. SMITH⎯⎯⎯
         KEITH E. SMITH
         NIDA P CHANNAH
Attorneys for Defendant, DOUGLAS
GUTHRIE, in his official capacity, President,
Housing Authority of the City of Los Angeles

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

**CERTIFICATE OF SERVICE**

On July 07, 2023, I served the foregoing document on all parties using the Court's ECF system, which satisfies service requirements pursuant to L.R. 5-3.2.


/s/ Keith E. Smith
KEITH E. SMITH
Attorneys for Defendant, DOUGLAS GUTHRIE, in his official capacity, President, Housing Authority of the City of Los Angeles


**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for HACLA, certifies that this brief contains 6,997 words, as determined by the Microsoft Word count tool which complies with the word limit of L.R. 11-6.1.


/s/ Keith E. Smith
KEITH E. SMITH
Attorneys for Defendant, DOUGLAS GUTHRIE, in his official capacity, President, Housing Authority of the City of Los Angeles

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

28941399.1:12318-0002

Case No. 2:22-cv-08357-DOC(JEMx)