Peter E. Perkowski (Cal. Bar No. 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street, Suite 1800
Los Angeles, CA 90071
Tel: (213) 426-2137

Daniel L. Nagin (Mass. BBO No. 601058)*
Dana Montalto (Mass. BBO No. 687436)*
Margaret Kuzma (Ill. Bar No. 6309495)*
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Bolyston Street
Jamaica Plain, MA 02130
Tel: (617) 522-3003
* *not admitted in California*

Maureen E. Siedor (Cal. Bar No. 284982)**
SWORDS TO PLOWSHARES
1060 Howard Street
San Francisco, CA 94103
Tel: (415) 252-4788
** *not admitted in the Central District*

Attorneys for Movant and Proposed Amicus Curiae
SWORDS TO PLOWSHARES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY POWERS et al., | Case No.: 2:22-cv-08357 DOC (JEMx) |
| *Plaintiffs*, | *Hon. David O. Carter* |
| v. | **NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF SWORDS TO PLOWSHARES AS AMICUS CURIAE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| DENIS RICHARD MCDONOUGH, in his official capacity as Secretary of Veterans Affairs, et al., | |
| *Defendants*. | |
| | [*Proposed Order filed concurrently*] |
| | Date:     TBD<br>Time:    TBD<br>Place:    TBD |
| | Compl. filed:    Nov. 15, 2022<br>*Trial Date*:       No trial date set |

TO THE COURT, THE PARTIES, AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on a date and time to be determined by the Court, in Courtroom 10A of the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 W. Fourth Street, Santa Ana, California 92701, Judge David O. Carter presiding, movant Swords to Plowshares, as proposed amicus curiae, will and hereby does move for leave to file an amicus brief in opposition to the Veterans Affairs Defendants' motion to dismiss (ECF 37), which is currently under submission. A proposed Brief of Amicus Curiae is attached as the Exhibit.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all judicially noticeable facts, all pleadings, records and files in this action, any argument on the motion, and any further material that the Court may properly consider.

Before filing this motion, counsel for amicus contacted counsel for the parties to request consent to file this brief. Counsel for all Defendants consented to the filing

Dated: October 6, 2023               Respectfully submitted,

                                     By:   /s/ Peter Perkowski

Maureen E. Siedor                    Peter E. Perkowski
**SWORDS TO PLOWSHARES**             **PERKOWSKI LEGAL, PC**
1060 Howard Street                   515 S. Flower St.
San Francisco, CA 94103              Suite 1800
                                     Los Angeles, CA 90071

                                     Daniel L. Nagin*
                                     Dana Montalto*
                                     Margaret Kuzma*
                                     **LEGAL SERVICES CENTER**
                                     **OF HARVARD LAW SCHOOL**
                                     122 Bolyston Street
                                     Jamaica Plain, MA 02130
                                     * *not admitted in California*

                                     Attorneys for Movant and Proposed
                                     Amicus SWORDS TO PLOWSHARES

1

MOTION FOR LEAVE TO FILE AMICUS BRIEF

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Movant and proposed amicus curiae Swords to Plowshares ("Swords") is a community-based not-for-profit organization that represents the interests of veterans—particularly low-income veterans and veterans experiencing housing insecurity—through advocacy, public education, and direct representation before the Department of Veterans Affairs ("VA") and other government agencies. In addition to legal work, Swords provides a range of supportive services, including case management, counseling, and support groups, to address their basic needs and promote overall health and wellbeing. Through its housing services, Swords helps unhoused veterans find emergency and temporary shelter and transitional housing, provides permanent supportive housing to 400 veterans, and offers rent support and eviction prevention services.

Through this work, Swords has developed special knowledge and expertise about, among other things, veterans' access to agency processes—including VA's claims adjudication process—used to protect and vindicate veterans' rights and obtain much-needed benefits. Based on that knowledge and expertise, as applied here, Swords concludes that neither VA's claims adjudication process nor the Article I and Article III courts set up to review its decisions have the ability or authority to consider and resolve Plaintiffs' claims under the Rehabilitation Act. Swords offers this unique perspective with the hope and belief that it will assist the Court in deciding the Veterans Affairs Defendants' motion to dismiss.

## LEGAL STANDARDS

Courts in this Circuit "'exercise[] great liberality' in permitting amicus briefs." *Becerra v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quoting *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254

1
MOTION FOR LEAVE TO FILE AMICUS BRIEF

SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2017)); *see Duronslet v. Cty. of L.A.*, No. 2:16-cv-08993-ODW (PLAx), 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017) ("[T]his Court finds it 'preferable to err on the side of' permitting such briefs.") (quoting *Neonatology Assocs., P.A. v. CIR*, 293 F.3d 123, 133 (3d Cir. 2002)); *see also* Orders (ECF 56-59), *Stockman v. Trump*, No. 5:17-cv-01799-JGB (KKx) (C.D. Cal. Nov. 9, 2017) (granting several amici leave to file briefs).

There are "'no strict prerequisites'" for participation as amicus curiae; the submission need only be "'useful to or otherwise desirable to the court.'" *Duronslet*, 2017 WL 5643144, at *1 (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). Though neither the Federal Rules of Civil Procedure nor this District's Local Rules provides guidelines for allowing or denying amicus briefs, such briefs normally are allowed "when (1) 'a party is not represented competently or is not represented at all,' (2) 'the amicus has an interest in another case that may be affected by the holding in the present case,' or (3) 'the amicus can present unique information that can help the court in a way that is beyond the abilities the lawyers for the parties are able to provide." *AmeriCare MedServices, Inc. v. City of Anaheim*, No. 8:16-cv-1703-JLS (AFMx), 2017 WL 1836354, at *1 n.3 (C.D. Cal. Mar. 28, 2017) (quoting *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB (MDD), 2012 WL 849167, at *4 (S.D. Cal. Mar. 13, 2012)). The Court therefore has "'broad discretion to appoint amici curiae.'" *Id.* (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). An amicus can be particularly useful and important "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues to that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991).

# ARGUMENT

The Court should grant leave to file the amicus brief attached to this motion because at least two of the *AmeriCare* factors are met here. First, the brief presents unique information helpful to the Court on the legal issues under consideration. Second, a ruling that 38 U.S.C. § 511 deprives the Court of jurisdiction over Plaintiffs' Rehabilitation Act claims could adversely affect the ability of Swords and other veterans advocacy groups to bring future claims in Article III courts challenging systemic policies and practices of VA.

### A.   The proposed amicus brief would assist the Court.

In considering a request for leave, "[t]he touchstone is whether the amicus is 'helpful.'" *California v. U.S. Dep't of Labor*, No. 2:13-cv-02096-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (quoting *Hoptowit*, 682 F.2d at 1260). Swords's proposed amicus brief will be helpful because it would aid the Court in resolving the Veterans Affairs Defendants' motion to dismiss.

Specifically, the amicus addresses a key issue in dispute on the question of whether § 511 divests this Court of jurisdiction. Based on decades of experience in handling legal claims on behalf of veterans—including both individual benefits claims as well as challenges to systemic policies and practices—Swords can speak directly to the question of whether VA's claims adjudication process and the Article I and Article III courts reviewing benefits decision are capable of or authorized to consider and decide Plaintiffs' Rehabilitation Act claims. Thus, Swords's expertise in this area, as reflected in the proposed brief, will aid the Court in deciding the motion to dismiss.

### B.   The Court's decision could adversely affect Swords.

In addition, the Court should grant leave because a decision on the Veterans Affairs Defendants' motion to dismiss could adversely affect Swords. In particular, a ruling that § 511 deprives this Court of jurisdiction

would make it more difficult for Swords and other veterans advocacy groups to challenge VA's systemic, non-adjudicatory practices in Article III courts. In fact, as set out in the amicus brief, dismissing under § 511 would leave Swords and others without a forum to bring such claims.

## CONCLUSION

Because Swords offers unique information and perspective that will assist the Court in deciding the motion under consideration, and because Swords could be adversely affected by the Court's ruling on the motion, the Court should grant the motion for leave to file the brief attached as the Exhibit.

Dated: October 6, 2023          Respectfully submitted,

By:   /s/ Peter Perkowski

| | |
|---|---|
| Maureen E. Siedor | Peter E. Perkowski |
| **SWORDS TO PLOWSHARES** | **PERKOWSKI LEGAL, PC** |
| 1060 Howard Street | 515 S. Flower St. |
| San Francisco, CA 94103 | Suite 1800 |
| | Los Angeles, CA 90071 |
| | |
| | Daniel Nagin* |
| | Dana Montalto* |
| | Margaret Kuzma* |
| | **LEGAL SERVICES CENTER** |
| | **OF HARVARD LAW SCHOOL** |
| | 122 Bolyston Street |
| | Jamaica Plain, MA 02130 |
| | * *not admitted in California* |
| | |
| | Attorneys for |
| | SWORDS TO PLOWSHARES |

4

MOTION FOR LEAVE TO FILE AMICUS BRIEF