ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ERNEST J. GUADIANA, State Bar No. 276095
　*eguadiana@elkinskalt.com*
JULIE Z. KIMBALL, State Bar No. 252449
　*jkimball@elkinskalt.com*
SEAN A. McCORMICK, State Bar No. 295711
　*smccormick@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Bridgeland Resources, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY POWERS, et al., <br><br> Plaintiff, <br><br> v. <br><br> DENIS RICHARD MCDONOUGH, et al., <br><br> Defendants. <br><br> BRIDGELAND RESOURCES, LLC, <br><br> Intervenor. | Case No. 2:22-cv-08357-DOC-JEMx <br><br> **INTERVENOR BRIDGELAND RESOURCES, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> Action Filed: November 15, 2022 <br> Trial Date: July 23, 2024 |

5403409

Pursuant to Local Rule 16-4, Plaintiff-Intervenor Bridgeland Resources, LLC ("Bridgeland") submits its Memorandum of Contentions of Fact and Law.

## I. INTRODUCTION

Bridgeland operates oil and gas wells located on a small portion of the West Los Angeles VA Campus ("WLA Grounds" or "Grounds"). Bridgeland's operations are conducted pursuant to two mineral leases with the U.S. Bureau of Land Management ("BLM") that give Bridgeland the right to occupy a portion of the WLA Grounds. In addition, Bridgeland has a surface property license with the Department of Veterans Affairs ("VA") for the same portion of the WLA Grounds. This surface property license enables Bridgeland to operate a single slant-drilled well that produces non-federally owned oil and gas from outside the WLA Grounds. The surface property license requires Bridgeland to pay a royalty of 2.5% of the proceeds of oil and gas produced, which must be used "solely" for providing transportation to veterans on and around the VA's greater Los Angeles healthcare system campus.

Plaintiffs in this case, Jeffrey Powers, Deavin Sessom, Laurieann Wright, Joseph Fields, Lavon Johnson, Joshua Robert Petitt, and National Veterans Foundation (collectively, "Plaintiffs), challenge the VA's land-use agreements with various third parties, including Bridgeland's surface property license. Plaintiffs seek to enjoin the VA from "maintaining" this agreement, among others. First Am. Compl. (Doc. 33) Prayer ¶ G. Should the Court grant Plaintiffs' requested relief, it will have no effect on Bridgeland's use of the WLA Grounds, and Bridgeland's existing footprint on the WLA Grounds will remain unchanged, since Bridgeland will continue to have rights to produce federal oil and gas under its leases with BLM. The only effect will be to

(i) eliminate the 2.5% royalty used for veterans transportation services and (ii) potentially require Bridgeland to plug and cap a single well on the WLA Grounds while it continues to operate others in the same location.

Bridgeland seeks a declaration that Plaintiffs are not entitled to the relief they seek with respect to Bridgeland or its operations on the WLA Grounds.

## II.  THE PARTIES' CLAIMS AND DEFENSES

### A.  Summary of Bridgeland's Claims Against Plaintiffs

<u>Claim 1</u>:   Declaratory Relief

### B.  Elements Required to Establish Bridgeland's Claims

#### 1.  Declaratory Relief

To establish Bridgeland's claim for declaratory relief, Bridgeland must show:

1. An actual and substantial controversy has arisen, and now exists, between Bridgeland and Plaintiffs concerning their respective rights under the surface property license;
2. Bridgeland and Plaintiffs have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of declaratory judgment; and
4. A judicial declaration is necessary and appropriate in order to determine the respective rights and obligations of the parties.

28 U.S.C. § 2201; *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998).

/ / /

/ / /

/ / /

/ / /

**C. Evidence Relied on by Bridgeland in Support of Its Claims**

**1. Declaratory Relief**

**(a) Bridgeland's mineral leases, surface licenses, and land use agreements governing Bridgeland's operations on the WLA Grounds**

Various written instruments and agreements outlining the terms under which Bridgeland conducts its operations on the WLA Grounds, including:

- Assignment dated June 17, 2021, from Breitburn Operating LP to WG Holdings SPV, LLC;
- Amendment, Partial Surrender of Surface Rights and Ratification of Protective Oil and Gas Lease dated December 23, 2016;
- Communitization Agreement for Sawtelle Field Unit dated March 21, 1969;
- Declaration of Pooling Sawtelle Extension Area dated August 26, 1994;
- Declaration of Pooling Horseshoe Pool dated March 18, 1969;
- Offer to Lease and Lease for Oil and Gas Noncompetitive Acquired Lands Lease dated February 21, 1956, Serial No. 0138800;
- Protective Oil and Gas Lease dated January 1, 1969, Serial No. R 1956;
- Revocable License for Non-Federal Use of Real Property dated December 23, 1996;
- Lease Agreement from VA to Occidental Petroleum Corporation dated July 21, 1966;
- Amendment, Revival and Extension of the Revocable License for Non-Federal Use of Real Property Agreement dated March 7, 2017;
- Grant Deed dated June 17, 2021, from Breitburn Pperating LP to WG Holdings SPV, LLC;
- Letter from Tom H. Dowlen to Gulf Oil Corporation of

California dated April 24, 1964, and Assignment of Royalty Interest from Tom H. Dowlen to General Post Fund;

- Sawtelle Operating Agreement dated April 1, 2012;
- Subsurface Oil and Gas Lease dated September 17, 1966;
- Revocable License for Non-Federal Use of Real Property dated April 17, 2017;
- Letter from Maverick Natural Resources to VA dated May 13, 2021, re consent for Assignment;
- Letter from E&B Natural Resources to VA dated June 9, 2021, re Assumption of Terms and Conditions
- Donation Agreement dated September 12, 2017;
- Letter from Gulf Oil Corporation of California to VA dated December 16, 1964, re water and gas line easement;

### (b) West Los Angeles Leasing Act of 2016, Pub. L. 114-226 ("WLALA2016")

WLALA2016 statutory text demonstrating that Bridgeland's surface license agreement primarily benefits veterans.

### (c) Operational and Financial Records

Various records showing Bridgeland's compliance with the surface license agreement and the benefits provided to veterans through royalty payments.

### (d) Expert Testimony

Expert witness Rob R. Rainbolt's testimony regarding Bridgeland's operations on the WLA Grounds and surface license agreement with the VA.

### (e) Witness Testimony

Testimony from Bridgeland's witnesses regarding Bridgeland's mineral leases, surface licenses, and land use agreements governing Bridgeland's' operations on the WLA Grounds.

### D. Plaintiffs' Affirmative Defenses

<u>Affirmative Defense 1</u>:   Waiver

<u>Affirmative Defense 2</u>:   Unclean Hands

<u>Affirmative Defense 3</u>:   Comparative Fault

### E. Element's Required to Establish Plaintiffs' Affirmative Defenses

#### 1. Waiver

To establish Plaintiffs' affirmative defense of waiver, Plaintiffs must show:

1. Bridgeland had knowledge of its rights pursuant to its surface property license with the VA; and

2. Bridgeland intentionally relinquished its rights pursuant to its surface property license with the VA.

*CBS, Inc. v. Merrick*, 716 F.2d 1292, 1295 (9th Cir. 1983).

#### 2. Unclean Hands

To establish Plaintiffs' affirmative defense of waiver, Plaintiffs must show:

1. Inequitable conduct by Bridgeland;

2. That Bridgeland's alleged conduct directly relates to the claim Bridgeland asserted against Plaintiffs; and

3. Bridgeland's alleged conduct injured Plaintiffs.

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987).

#### 3. Comparative Fault

Bridgeland's Complaint does not assert any claims against Plaintiffs seeking to hold Plaintiffs at fault or liable for anything (*e.g.*, negligence, breach of contract, etc.), nor is Bridgeland seeking any damages from Plaintiffs. Accordingly, Plaintiffs' Third Affirmative

Defense based on comparative fault is irrelevant in this action and does not constitute a proper defense to Bridgeland's sole claim for declaratory relief. Moreover, Bridgeland is aware of no authority supporting Plaintiffs' contention that comparative fault constitutes a proper affirmative defense to a claim for declaratory relief.

### F. Evidence Relied on By Bridgeland in opposition to Plaintiffs' Affirmative Defenses:

- Plaintiffs' discovery responses;
- Bridgeland's mineral leases, surface licenses, and land use agreements governing Bridgeland's' operations on the WLA Grounds;
- WLALA2016 statutory text;
- Various records showing Bridgeland's compliance with the surface license agreement and the benefits provided to veterans through royalty payments;
- Expert witness Rob R. Rainbolt's testimony regarding Bridgeland's operations on the WLA Grounds and surface license agreement with the VA; and
- Testimony from Bridgeland's witnesses regarding Bridgeland's mineral leases, surface licenses, and land use agreements governing Bridgeland's' operations on the WLA Grounds.

## III. IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES

Bridgeland is not currently aware of any evidentiary issues other than those identified in the parties' anticipated motions *in limine* and objections to trial exhibits. Bridgeland reserves its right to identify additional issues as they may arise.

## IV. IDENTIFICATION OF GERMANE ISSUES OF LAW

(1) Whether Bridgeland's surface license with the VA complies with the requirements of WLALA2016, focusing on the benefit to veterans; (2) whether Bridgeland's surface license with the VA is a valid and

enforceable agreement under federal law; and (3) whether Plaintiffs are entitled to an injunction prohibiting the maintenance of Bridgeland's surface license with the VA on the grounds that it allegedly does not primarily benefit veterans.

## V. **BIFURCATION ISSUES**

Bridgeland is not requesting bifurcation of any issues. Bridgeland is not aware that Plaintiffs have requested bifurcation of any issues.

## VI. **JURY TRIAL**

The issues that form the basis for Bridgeland's claim are not triable to a jury as a matter of right. Bridgeland has made no demand for jury trial in this action.

## VII. **ABANDONMENT OF ISSUES**

Bridgeland is not aware of any abandoned issues.

DATED: July 8, 2024

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: _____
ERNEST J. GUADIANA
Attorneys for Bridgeland Resources, LLC

# PROOF OF SERVICE

**Jeffrey Powers, et al. v. Denis Richard McDonough, et al.**
**Case No. 2:22-cv-08357-DOC-JEMx**

**STATE OF , COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 10345 W. Olympic Blvd., Los Angeles, CA 90064.

On July 8, 2024, I served true copies of the following document(s) described as **INTERVENOR BRIDGELAND RESOURCES, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 8, 2024, at Los Angeles, California.

_____
Debbie J. Calderon

5403409

INTERVENOR'S MEMO OF CONTENTIONS OF FACT AND LAW

**SERVICE LIST**
**Jeffrey Powers, et al. v. Denis Richard McDonough, et al.**
**Case No. 2:22-cv-08357-DOC-JEMx**

| | |
|---|---|
| Mark D. Rosenbaum<br>Kathryn A. Eidmann<br>Amanda K. Pertusati<br>Amanda Mangaser Savage<br>Amelia Piazza<br>Yi Li<br>Public Counsel Law Center<br>610 S. Ardmore Ave.<br>Los Angeles, CA 90005 | Attorneys for Plaintiff<br><br>T: (310) 385-2977<br>F: (213) 385-9089<br>Email: mrosenbaum@publiccounsel.org<br>keidmann@publiccounsel.org<br>apertusati@publiccounsel.org<br>asavage@publiccounsel.org<br>apiazza@publiccounsel.org<br>yli@publiccounsel.org |
| Tommy H. Du<br>Robins Kaplan LLP<br>2049 Century Park East Suite 3400<br>Los Angeles, CA 90067 | Attorneys for Plaintiffs<br><br>T: 310-552-0130<br>F: 310-229-5800 (fax)<br>Email: tdu@robinskaplan.com |
| Eve L. Hill<br>Jaime Strawbridge<br>Brown Goldstein & Levi, LLP<br>120 E. Baltimore St., Suite 2500<br>Baltimore, Maryland 21202 | Attorneys for Plaintiffs<br><br>T: (410) 962-1030<br>F: (401) 385-0869<br>Email: ehill@browngold.com<br>jstrawbridge@browngold.com |
| T.E. Glenn<br>Amanda Powell<br>Charles Kohorst<br>Inner City Law Center<br>1309 East Seventh Street<br>Los Angeles, CA 90021 | Attorneys for Plaintiffs<br><br>T: (213) 891-2880<br>F: (213) 891-2888<br>Email: tglenn@innercitylaw.org<br>apowell@innercitylaw.org<br>ckohorst@innercitylaw.org |
| Brian M. Boynton<br>Brad P. Rosenberg<br>Cody T. Knapp<br>Jody D. Lowenstein<br>Agbeko C. Petty<br>Taylor N. Pitz<br>United States Department of Justice<br>Civil Division - Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005 | Attorneys for Federal Defendants<br><br>Emails: brad.rosenberg@usdoj.gov<br>cody.t.knapp@usdoj.gov<br>jody.d.lowenstein@usdoj.gov<br>agbeko.c.petty@usdoj.gov<br>taylor.n.pitz@usdoj.gov |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5403409

2

INTERVENOR'S MEMO OF CONTENTIONS OF FACT AND LAW