UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-08357-DOC-KS                                  Date: July 19, 2024

Title: JEFFREY POWERS ET AL. V. DENIS RICHARD MCDONOUGH ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING DEFENDANTS' MOTION IN LIMINE [206]**

      On July 16, 2024, the Court heard oral arguments on one Motion in Limine (Dkt. 206) submitted by Defendants Denis Richard McDonough, in his official capacity as Secretary of Veterans Affairs, Adrianne Todman, in her official capacity as Acting Secretary of Housing and Urban Development, Robert Merchant, in his official capacity as Acting Director, VA Greater Los Angeles Healthcare System, and Keith Harris, in his official capacity as Senior Executive Homeless Agent, VA Greater Los Angeles Healthcare System, (collectively, "Federal Defendants" or "Defendants").

      Defendants seek to exclude the expert testimony of Randy Johnson, Steve Soboroff, and Dr. Benjamin F. Henwood. ("Mot.") (Dkt. 206). Defendants argue that the Court should exclude Mr. Johnson and Mr. Soboroff's testimony for failure to comply with Rule 26 disclosure requirements. Defendants also argue that the Court should exclude all three experts as their testimony fails to meet the requirements of Federal Rule of Evidence 702. Plaintiffs oppose on all grounds ("Opp'n") (Dkt. 217). The Court addresses each argument in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-08357-DOC-KS                                    Date: July 19, 2024

Page 2

**A. Rule 26:**

Federal Rule of Civil Procedure 26 requires an expert report to contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming [their opinion]." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...." Fed. R. Civ. P. 37 advisory committee's note (1993); *id.* The party facing sanctions must prove that its failure to disclose the required information was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Defendants argue that Mr. Johnson and Mr. Soboroff's reports violate Rule 26(a) on two grounds. First, they argue that the experts' reports fail to provide a complete statement of all opinions they will express and the basis and reasons for them. Mot. at 3-4. Specifically, they assert that both reports do not cite supporting evidence or explain the underlying rationale for their conclusions regarding the potentiality of building additional housing on the WLA Grounds. *Id.* Second, Defendants argue that the reports fail to provide the facts or data the experts considered in forming their opinions. Mot. at 4-5. Defendants assert that both reports lack reference to the specific data, studies, or empirical evidence that underpin their opinions and do not contain any citations, which frustrates their ability to verify the reliability of the methodology or to understand the rationale behind conclusions.

Plaintiffs oppose, arguing that Mr. Johnson and Mr. Soboroff have provided the opinions to which they will testify and explicitly identified the bases for their opinions and the facts or data they considered. Opp'n at 11.

The Court finds that Mr. Johnson and Mr. Soboroff have met the requirements of Federal Rule of Civil Procedure 26. First, in his report, Mr. Johnson explained that based on the approximate number of unhoused veterans in Southern California, there is an urgent need for approximately 1,000 temporary supportive housing units and 2,740 Permanent Supportive Housing units and detailed the necessary steps and estimated costs for this project. Decl. of Tommy H. Du ("Du Decl.") (Dkt. 217-1), Ex. 1 ("Johnson Report") at 1-4. Mr. Soboroff, meanwhile, opined on the need for temporary and permanent supportive housing, his proposed approach to enable concurrent construction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-08357-DOC-KS        Date: July 19, 2024

Page 3

of required infrastructure, the stages of the project, and the timeline and potential locations for constructing temporary supportive housing. Du Decl., Ex. 2 ("Soboroff Report") at 4-6.

Second, Mr. Johnson and Mr. Soboroff both provide a basis and reasons for their opinions and provide sufficient descriptions of the facts and data they considered in forming those opinions. Both experts highlight their experience planning and leading comparable development projects and listing the documents they reviewed and site visits they conducted when drafting their reports. Further, both experts reviewed the VA's 2016 draft master plan, the 2022 master plan, the 2023 draft Master Plan, environmental impact statements, and other reports on the WLA Grounds.[1] They also conducted site visits and conversations with consultants, veterans, and other individuals with expertise in construction, urban planning, and other fields. Johnson Expert Report at 1-3; Soboroff Expert Report at 1-3. These disclosures are plainly sufficient to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Additionally, as Plaintiffs point out, Rule 26 "contemplates that the expert will supplement, elaborate upon, [and] explain ... his report in his oral testimony." *Muldrow ex rel. Est. of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007) (internal alterations and quotation marks omitted). Mr. Johnson and Mr. Soboroff can further explain the opinions expressed in their report during testimony at trial.

**B. Rule 702:**

Defendants seek to exclude the admission of expert testimony from Mr. Johnson, Mr. Soboroff, and Dr. Henwood on the grounds it violates Rule 702, arguing that (1) their opinions are not based sufficient facts or data; (2) their opinions do not rely on a cognizable method to reach their conclusions; and (3) they provide testimony outside their areas of expertise. Mot. at 7-19. The Court addresses each argument in turn.

Federal Rule of Evidence 702 states: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the

---

[1] These documents are publicly available, with many of them being created by Federal Defendants. The Court therefore finds Defendants' arguments about the late disclosure of documents by Mr. Johnson, Mot. at 6, unpersuasive. Further, Rule 26 does not say the only way to comply with it is to produce documents, but permits experts to disclose documents by type or category. Here, both experts disclosed they would rely on several enumerated reports which Federal Defendants had access to.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08357-DOC-KS　　　　　　　　　　　　　　　　　　　Date: July 19, 2024

Page 4

testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." In accordance with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), "the district court judge must ensure that all admitted expert testimony is both relevant and reliable." *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (citing *Daubert*, 509 U.S. at 589). Expert testimony must "relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (citing *Daubert*, 509 U.S. at 590). "The test for reliability, however, 'is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995)) (footnote omitted).

"Under *Daubert*, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by Rule 702 as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony." *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) (citation omitted); *see ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012) (finding that the challengers "disagreements are with the conclusions reached by [th]e expert and the factual assumptions and considerations underlying those conclusions, not his methodology," and "[t]hese disagreements go to the weight to be afforded the testimony and not its admissibility") (citation omitted). Courts begin from a presumption that expert testimony is admissible. *Poosh v. Philip Morris USA, Inc.*, 287 F.R.D. 543, 546 (N.D. Cal. 2012) (citing *Daubert*); *see also* Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments ("[R]ejection of expert testimony is the exception rather than the rule.").

*Daubert* set forth a non-exclusive list of factors that courts can consider in assessing the reliability of expert testimony: "(1) whether the theory or technique can be and has been tested; whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community." *Id.* However, depending on the type of testimony offered, the *Daubert* factors "may not be appropriate to assess reliability." *Poosh*, 247 F.R.D. at 546 (citing *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 150 (1999)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-08357-DOC-KS                                                                 Date: July 19, 2024

Page 5

The Advisory Committee's Notes on Rule 702 state that courts have found the additional following factors relevant in assessing the reliability of expert testimony: (1) whether experts are proposing to testify about matters growing directly out of research they have conducted independent of the litigation or whether the opinion was developed expressly for the purposes of testifying; (2) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion; (3) whether the expert has adequately accounted for obvious alternative explanations; (4) whether the expert is being as careful as he would be in his regular professional work; and (5) whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion offered. Fed. R. Evid. 702 Advisory Committee Notes. The proponent of the expert testimony has the burden of establishing that the admissibility requirements are met by a preponderance of the evidence. *Id.*

### A. The opinions of Mr. Johnson, Mr. Soboroff, and Dr. Henwood are based on sufficient facts or data

Defendants argue that the opinions of Mr. Johnson, Mr. Soboroff, and Dr. Henwood are based on unreliable data, making their opinions unhelpful to a trier of fact. Mot. at 8. Specifically, Defendants raise essentially the same objection to Mr. Soboroff and Mr. Johnson, asserting that they lack knowledge about the ongoing development plans for the WLA Grounds and do not present data that supports their conclusion regarding the number and placement of additional housing units on the site. Mot. at 9-12. As to Dr. Henwood, Defendants argue that his visitation of the WLA grounds, conversations with veteran plaintiffs, and review of a deposition transcript are insufficient to form a factual basis for his proposed opinions. Mot. at 12-13.

As a threshold matter, the Court has already determined above that Mr. Johnson and Mr. Soboroff identified the facts and data they relied on in reaching their conclusions. Mr. Johnson's expert report includes his review of the pleadings and orders in the case, the operative complaint, the 2016 Draft Master Plan, the 2022 Master Plan, the 2023 Draft Master Plan, the Environmental Impact Study, and the Historic Resource Treatment Plan, as well as several site visits to the WLA Grounds. Johnson Report at 2. Mr. Soboroff examined the 2016 Draft Master Plan, the 2022 Master Plan, the Programmatic Environmental Impact Statement, the Urban Land Institute Report, the North Campus Community Plan, made multiple site visits on the WLA Grounds, and had multiple conversations with veterans. Soboroff Report at 2-3. Both experts have demonstrated their reports are based on sufficient facts or data to be admissible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-08357-DOC-KS                                          Date: July 19, 2024

                                                                                                Page 6

      Defendants' contentions regarding Dr. Henwood's testimony are similarly unavailing. Dr. Henwood's report reflects that in addition to his visitation of the WLA grounds, conversations with veteran plaintiffs, and review of a deposition transcript, he has an extensive academic and practical background in homeless veterans' issues. Du Decl., Ex. 3 ("Henwood Report") at ¶ 11, 17. His experience in assisting veterans with accessing permanent supportive housing, in conjunction with his review of the facts of this case and site visits, provides a sufficient factual basis for his testimony to be admissible.

      Defendants' arguments on all three experts primarily go to weight rather than admissibility of evidence. Defendants may question the credibility of Plaintiffs' experts' opinions on cross-examination, but Plaintiffs have demonstrated that the expert testimony is admissible at trial. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 n.14 (9th Cir. 2004) (internal quotations omitted) ("The factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross examination.").

### B. Mr. Johnson, Mr. Soboroff, and Dr. Henwood use cognizable methods to reach their conclusions

      Defendants next argue that Plaintiffs' experts fail to use cognizable methods to reach their conclusions. Mot. at 14. Defendants point to Mr. Johnson's lack of explanation for how he reached a budget of $1.1 billion for his proposed development on the Grounds or how he reached his determination of the number of necessary additional housing units. *Id.* at 15-16. They make substantially the same critique of Mr. Soboroff's opinion. *Id.* at 16-17. Defendants also assert that Dr. Henwood fails to provide any description of his methodology. *Id.* at 17.

      Defendants read Rule 702 too narrowly and overlook the practical methods that each expert employed and described in both their reports and deposition testimony. Mr. Johnson and Mr. Soboroff, as experts in development, assembled a master planning team—including California Environmental Quality Act (CEQA) and National Environmental Policy Act (NEPA) experts, infrastructure cost estimators, experts in the remediation of historic structures, and others, some of whom have been working on the VA property for a decade or more, who they consulted with in reaching their conclusions on the budget, timeline, and recommended number of units for development on the WLA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-08357-DOC-KS                                             Date: July 19, 2024

Page 7

Grounds. In the context of the field of construction and development, Mr. Johnson and Mr. Soboroff, who have extensive experience in that field, have demonstrated they followed a cognizable methodology. *See Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1178 (1999) (stating that "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.").

### C. Plaintiffs' Experts' Testimony is Not Substantially Outside Their Areas of Expertise

Finally, Defendants characterize several statements by each expert as beyond the bounds of their expertise, pointing to statements by Mr. Johnson and Mr. Soboroff that do not directly pertain to development and statements by Dr. Henwood regarding housing models. Mot. at 17-19. While the Court agrees with Defendants that an expert must stay within their realm of expertise when providing expert testimony, *Avila v. Willits Env't. Remediation Tr.*, the statements Defendants highlight are not central to any expert's testimony. 633 F.3d 828, 839 (9th Cir. 2011). Excluding this otherwise admissible testimony because Plaintiffs' proffered experts touched briefly on matters that are intertwined with, if not directly covered by, their areas of expertise would be unjust. Defendants are free to cross-examine each expert on the limits of their expertise at trial.

For the foregoing reasons, Defendants' Motion in Limine (Dkt. 206) is DENIED.

The Clerk shall serve this minute order on the parties.

                                                                                             Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN