# EXHIBIT B

## Proposed Notice to Class

**NOTICE OF PROPOSED PARTIAL CLASS ACTION SETTLEMENT**

*Powers, et al. v. DENIS RICHARD MCDONOUGH, in his official capacity, Secretary of Veterans Affairs, et al.*

*United States District Court for the Central District of California*
Case Number 2:22-cv-08357-DOC-KS

**If you are a homeless veteran with Serious Mental Illness [SMI] or Traumatic Brain Injuries [TBI], who resides in Los Angeles County, you may be a Settlement Class Member in the Action.**

*Please read this Notice carefully. Your legal rights will be affected regardless of whether you do or do not act.*

**What is the Action about?**

Los Angeles is the homeless veterans' capital of the United States. Nearly 4,000 veterans live on the City's streets, approximately 10% of the national total. Nationwide, veterans are more likely to be unhoused than other groups. In West Los Angeles's Brentwood neighborhood, the U.S. Department of Veterans Affairs ("VA") owns a 388-acre facility that was donated almost 150 years ago for the purpose of housing veterans with disabilities. Historically, the West Los Angeles Grounds ("West LA VA Grounds") were used for its intended purpose: housing veterans. However, in the late 1960s and 70s as Vietnam War veterans returned home, residential use of the campus declined, and the VA began leasing the land to private commercial interests. The West LA VA Grounds are also home to the VA's West Los Angeles medical center, the focal point of the agency's Southern California health care system for veterans. Many types of veterans' healthcare benefits are exclusively offered at the medical center. Veterans who live far away from this facility—especially those with severe mental disabilities because of their service—find it difficult to traverse across Southern California to reach the center. Because veterans without disabilities do not face similar obstacles in obtaining care at the West LA VA, Plaintiffs allege that the lack of housing on or near the West LA VA Grounds discriminates against them because of their disabilities.

After a period for public comment, the VA created the 2016 Draft Master Plan. The plan "confirm[ed the VA's] intent to create a 21st Century campus" that would support "LA's Veteran community in the broadest sense[.]" The Government "believe[d] it [was] reasonable to include" in the framework "approximately 1,200 units of permanent housing on the" West LA VA Grounds. Seven hundred and seventy of these units were supposed to be complete by 2022.

Shortly after the VA developed the 2016 Master Plan, Congress passed the West Los Angeles Leasing Act ("Leasing Act" or "WLALA"). The law was designed to "assist VA in carrying out" the Draft Master Plan's goal to create permanent supportive housing ("PSH") on the West LA VA Grounds. Whereas the VA previously could lease property on the campus to allow third parties only to provide shelter and related services to unhoused veterans, the Leasing Act authorized the VA to enter enhanced use leases ("EULs") to provide other services. While the WLALA expanded the types of leases the VA could enter into on the West LA VA Grounds, it also reigned in the VA's practice of entering into third-party leases that were not veteran-centered. The WLALA permits the VA to enter into land use agreements with third parties only if those agreements "principally benefit veterans and their families." Under the Leasing Act, services that "principally benefit veterans and their families" are services "provided exclusively to veterans and their families" or "designed for the particular needs of veterans and their families as opposed to the general public" and when "any benefit of those services to the general public is distinct from the intended benefit to veterans and their families." Such services must also be targeted to specific purposes, including "promotion of health and wellness, including nutrition and spiritual wellness," "[e]ducation," "[v]ocational training, skills building, or other training related to employment," "[p]eer activities, socialization, or physical recreation," "[t]ransportation," and "[s]ervices in support" of such purposes. Id. § 2(b)(2). In this respect, the WLALA codified the 2016 Draft Master Plan's commitment regarding third-party leases.

Plaintiffs filed this action alleging, among other things, that the 1888 Deed that donated the West LA VA Grounds to the U.S. Government created a charitable trust and that the government has assumed enforceable fiduciary duties to use the land in a manner that benefits veterans. Plaintiffs also argue that the VA breached that duty when it entered into a revocable license with an oil drilling company, Breitburn, whose successor is Bridgeland Resources, LLC. This land use agreement is also the subject of Plaintiffs' Administrative Procedures Act ("APA") claim, where Plaintiffs argue that the lease is contrary to WLALA's mandate that leases on the West LA VA Grounds be veteran-focused.

The Class and Bridgeland have decided to settle the lawsuit to avoid the risks, distraction, and cost of litigation. The settlement also resolves the Class's claims with Denis Richard McDonough, in his official capacity as Secretary of Veterans Affairs, Adrianne Todman, in her official capacity as Acting Secretary of Housing and Urban Development, Robert Merchant, in his official capacity as Director, VA Greater Los Angeles Healthcare System, and Keith Harris, in his official capacity as Senior Executive Homelessness Agent, VA Greater Los Angeles Healthcare System (collectively, "Federal Defendants") as to Bridgeland's law use agreement, but has no effect on the Class's claims against Federal Defendants regarding any of their other claims.

**What relief does the Settlement provide?** Under the terms of the Settlement (Section 7), Bridgeland "shall execute and cause the recordation of the Conditional Quitclaim Deed" that grants the land referred to as the Replacement Drill Site back to the VA, which land shall be used for either permanent supportive housing, temporary supportive housing, or swing space to facilitate the construction of permanent supportive housing on the VA campus.

Additionally, under the Settlement Agreement, Bridgeland will pay a modified and increased percentage of its gross revenue from oil extracted from the use of the VA site, depending upon the price of oil, as follows:

a. 2.5% if the price of oil is at or below $75.00 per barrel;
b. 3.0% if the price of oil is at or above $75.01 and at or below $90.00 per barrel;
c. 3.5% if the price of oil is at or above $90.01 but at or below $100.00 per barrel;
d. 4.0% if the price of oil is at or above $100.01 but at or below $130.00 per barrel; or
e. 5.0% if the price of oil is at or above $130.01 per barrel

However, instead of paying that amount to Disabled American Veterans, as was alleged to violate WLALA of 2016 by the Office of Inspector General, the royalty payments shall be distributed to an entity jointly designated by Plaintiffs and VA, and the designee shall use the proceeds to principally benefit veterans and their families pursuant to the WLALA. In the event Plaintiffs and VA are unable to jointly designate a designee, the dispute shall be resolved by the United States District Court for the Central District of California.

In consideration for this settlement, the Class is agreeing Not to Contest the legality of Bridgeland's 2017 Amendment Extension or a Similar License and not to object to or challenge any extension to the term of the 2017 Amendment or any new license with substantially similar terms as the 2017 License.

Additionally, Bridgeland has agreed not to oppose a motion for attorney's fees and costs that counsel for the Class intends to file when seeking final approval of the settlement in the sum of up to $200,000, which amount will offset the amount of attorney's fees and costs to be paid by other defendants if and when Plaintiffs and the Class are successful in the remainder of the litigation.

Your rights and options—**and the deadlines to exercise them**—are explained in more detail below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **OBJECT** | Write to the Court about why you object or do not like the Settlement and think it shouldn't be approved. | Deadline: **[INSERT DATE]** |
| **GO TO THE "FINAL APPROVAL HEARING"** | The Court will hold a "Final Approval Hearing" on **[INSERT DATE]** at 8:30 a.m. to consider the Settlement, and the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel")<br><br>If you submit a valid and timely written objection, you may, but are not required to, speak at the Final Approval Hearing about your written objection. If you intend to speak at the Final Approval Hearing, you must include your intention to do so in your written objection. Follow the procedure described above for providing your written notice to the Settlement Administrator. | Hearing Date: **[INSERT DATE]** |
| **DO NOTHING** | If you are a Class Member and do object to the settlement, you do not need to do anything. The Court will decide whether to approve or reject approval of the settlement. You will also be giving up any claims you may have against Bridgeland (and the other released parties) that are released by the Settlement of the Action. | No deadline |
| | | |

95185471.1

2

The Court overseeing this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided by the Settlement will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. **Please be patient.**

### Why did I receive Notice?

You received Notice of the Settlement because you may be a member of the "Settlement Class," which includes "[a]ll homeless veterans with Serious Mental Illness [SMI] or Traumatic Brain Injuries [TBI], who reside in Los Angeles County."

The Court overseeing the Action authorized this Notice to inform you about the Settlement and your options before the Court decides whether to grant final approval of the Settlement. To obtain more information about the Settlement, including a copy of the Settlement Agreement, click INSERT HYPERLINK to SETTLEMENT AGREEMENT.

### What is a class action?

In a class action, the Plaintiff acts as the "class representative" and files a lawsuit individually and on behalf of other people who have similar claims. This group of people is called the "class," and the people in the class are the "class members." One court resolves the contested issues in the lawsuit for all class members, except for those people who exclude themselves from the class.

### Why is there a settlement?

The Court has **not** decided whether the Plaintiffs or Bridgeland should win this Action. The Settlement is not an admission of wrongdoing by Bridgeland (or any other party), and this Notice does not mean the Court has expressed an opinion as to the merits of any claims or defenses in the Action. The parties engaged in extensive negotiations, exchanged relevant evidence, and consulted with experts. The Settlement avoids the costs, distraction, and risks of continued litigation and trial, and provides certain relief to the Class without the delay and uncertainty of trial and appeal. Prior to granting preliminary approval of the Settlement, the Court appointed Plaintiffs as Class Representatives and the lawyers who represent them as Class Counsel. The Class Representatives and their counsel believe the Settlement is in the best interests of the Settlement Class Members.

### Who is in the Settlement?

You are a Settlement Class Member if you are or could be a homeless veterans with Serious Mental Illness [SMI] or Traumatic Brain Injuries [TBI], who resides in Los Angeles County.

### THE PROPOSED SETTLEMENT

### Does the Settlement provide any non-monetary relief?

Yes. the Settlement requires Bridgeland to return certain land to the VA that shall be used for either permanent supportive housing, temporary supportive housing, or swing space to facilitate the construction of permanent supportive housing on the VA campus.

### Does the Settlement provide any monetary relief?

Yes. The Settlement requires Bridgeland to pay a royalty as a percentage of its gross revenue from its oil operations on the site, which revenue will be used in a manner that is consistent with the West Los Angeles Leasing Act of 2016 and its 2021 Amendment to principally benefit veterans and their families according to the following schedule, and depending upon the price of oil:
  a. 2.5% if the price of oil is at or below $75.00 per barrel;
  b. 3.0% if the price of oil is at or above $75.01 and at or below $90.00 per barrel;
  c. 3.5% if the price of oil is at or above $90.01 but at or below $100.00 per barrel;
  d. 4.0% if the price of oil is at or above $100.01 but at or below $130.00 per barrel; or
  e. 5.0% if the price of oil is at or above $130.01 per barrel

### What monetary relief does the Settlement provide to the Settlement Class Members?

None. The Settlement does not provide for any payments to Settlement Class Members.

### Will the Class Representatives receive any compensation for his efforts in bringing this Action?

No.

### THE LAWYERS REPRESENTING YOU

### Do I have a lawyer in this case?

The Court has appointed Public Counsel Law Center, Inner City Law Center, Brown Goldstein & Levy, LLP and Robins Kaplan LLP ("Class Counsel") to represent the interests of all Settlement Class Members. Class Counsel's contact information is as follows:

| | | |
|---|---|---|
| MARK D. ROSENBAUM, mrosenbaum@publiccounsel.org KATHRYN A. EIDMANN, keidmann@publiccounsel.org AMANDA K. PERTUSATI apertusati@publiccounsel.org AMANDA MANGASER SAVAGE asavage@publiccounsel.org AMELIA PIAZZA apiazza@publiccounsel.org YI LI yli@publiccounsel.org PUBLIC COUNSEL LAW CENTER 610 S. Ardmore Avenue Los Angeles, California 90005 Telephone:  (213) 385-2977 Facsimile:  (213) 385-9089 | EVE L. HILL EHill@browngold.com JAMIE STRAWBRIDGE JStrawbridge@browngold.com BROWN GOLDSTEIN & LEVY, LLP 120 E. Baltimore St., Suite 2500 Baltimore, Maryland 21202 Telephone:  (410) 962-1030 Facsimile:  (401) 385-0869  ROMAN M. SILBERFELD RSilberfeld@RobinsKaplan.com DAVID MARTINEZ dmartinez@robinskaplan.com TOMMY H. DU TDu@RobinsKaplan.com ROBINS KAPLAN LLP | 2121 Avenue of the Stars, Suite 2800 Los Angeles, California 90067 Telephone:  (310) 552-0130 Facsimile:  (310) 229-5800  T.E. GLENN TGlenn@innercitylaw.org AMANDA POWELL APowell@innercitylaw.org CHARLES KOHORST CKohorst@innercitylaw.org INNER CITY LAW CENTER 1309 East Seventh Street Los Angeles, CA 90021 Telephone:  (213) 891-2880 Facsimile:  (213) 891-2888 |

If you want to be represented by your own lawyer, you may hire one at your own expense.

### How will Class Counsel be paid?

As part of the Settlement, Bridgeland has agreed to pay up to $200,000 to reimburse Plaintiffs' Counsel for the attorneys' fees and costs incurred to date in the case. The Court will make the final decision as to the amounts to be paid to Class Counsel.

## RELEASE OF CLAIMS

### What do Settlement Class Members give up to obtain relief under the Settlement?

If the Court grants final approval of the Settlement, all Settlement Class Members, on behalf of themselves and their insurers, administrators, attorneys, agents, representatives, assignees, employees, managers, members, trusts, shareholders, affiliates, alter-egos, beneficiaries, and personal representatives, and any other related persons or entities (the "Releasing Parties"), release and forever discharge Bridgeland, Defendants, the United States of America, the U.S. Department of Veterans Affairs, and the U.S. Bureau of Land Management and their respective insurers, administrators, attorneys, agents, representatives, assignees, employees, managers, members, trusts, shareholders, affiliates, alter-egos, beneficiaries, personal representatives, and any other related persons or entities (collectively, the "**Bridgeland and Defendants Released Parties**"), from and against the Plaintiffs' Settled Claims (as defined in the Settlement Agreement), and the Plaintiff Releasing Parties shall be forever barred from prosecuting the Plaintiffs' Settled Claims against the Bridgeland and Defendants Released Parties.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### How do Settlement Class Members exclude themselves from the Settlement?

Because this is a settlement that was certified as a class action under Federal Rule of Civil Procedure 23(b)(2) and provides only for injunctive relief to the Class Members, you may not exclude yourself from this settlement.

## HOW TO OBJECT TO THE SETTLEMENT

### How do I tell the Court that I do not like the Settlement?

The Court will hold a Final Approval Hearing to determine whether the Settlement is fair, reasonable, and adequate, and also to consider Class Counsel's request for an award of attorneys' fees and costs.

If you wish to object to the Settlement, or the award of attorneys' fees or expenses, you must submit a written objection to the Court postmarked no later than **[INSERT DATE]**.

Settlement Class Members who wish to object to the Settlement or appear at the Final Approval Hearing must submit a detailed written statement to the Court no later than **[INSERT DATE]** stating the objection(s) in detail and the specific aspect(s) of the Settlement being challenged; the specific reason(s), if any, for each such objection, and including any evidence and legal authority supporting the Settlement Class Member's objection. That written statement shall clearly identify the case name and number, and contain and/or attach: (i) the Settlement Class Member's printed name; (ii) evidence showing that the objector is a Settlement Class Member; (iii) a detailed statement of the objection and any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (iv) the actual written signature of the Settlement Class Member making the objection; and (v)

a statement indicating whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing. A Settlement Class Member may object on his or her own behalf or through an attorney; provided, however, that even if represented by an attorney the objector must individually sign any written objection, and all attorneys who are involved in any way in asserting the objection must be listed on the objection.

You are not required to appear at the Final Approval Hearing. But if you file and mail a timely objection that complies with the above paragraph, you may appear at the Final Approval Hearing either in person or through an attorney of your own choice hired at your expense to object to the fairness, reasonableness, or adequacy of the Settlement, the award of attorneys' fees, expenses, and costs, or the service award to the Plaintiff.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

A Settlement Class Member who objects can withdraw their objection before commencement of the Final Approval Hearing by submitting a signed written request or email containing an electronic signature with the Court and/or to the Settlement Administrator stating their desire to withdraw their objection. Settlement Class Members shall be responsible for their own attorneys' fees, costs, and/or expenses related to any objections they make to the Settlement or related to any appeal they pursue, unless otherwise ordered by the Court.

| FINAL APPROVAL HEARING |
|---|
| **What is the Final Approval Hearing?** |

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel. If there are objections, the Court will consider them.

| **When and where is the Final Approval Hearing?** |
|---|

The Final Approval Hearing is scheduled to take place at the United States District Court for the Central District of California, Courtroom 1, located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565, before the Honorable David O. Carter, at [TIME] a.m. on [DATE]. The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. Please check the Daily Calendar at https://www.cacd.uscourts.gov/honorable-david-o-carter and the Settlement webpage at SITE for any updates about the date and time for the Final Approval Hearing. If the date or time of the Final Approval Hearing changes, an update to the Notice page will be the only way you will be informed of the change.

If the Court approves the Settlement and enters a Final Approval Order and Judgment, the Final Approval Order and Judgment will be posted to the Settlement Website, SITE.

| **May I speak at the hearing?** |
|---|

At the hearing the Court will be available to hear objections and arguments concerning the fairness of the Settlement. You may attend, but you do not have to. As described above, you may speak at the Final Approval Hearing **only if** you have timely submitted a written objection to the Settlement Administrator in which you specifically state that you intend to appear and speak at the Final Approval Hearing. If you have requested exclusion from the Settlement, you may not speak at the Final Approval Hearing because the Settlement no longer affects you.

| **GETTING MORE INFORMATION & UPDATING INFORMATION** |
|---|
| **How do I get more information?** |

Complete details, including the Settlement Agreement (which defines capitalized terms used in this Notice and provides a summary of what has happened in the Action), the Court's preliminary approval order, and the operative complaint and Bridgeland's complaint-in-intervention filed in the Action, are available at SITE or by clicking HERE [SITE].

Alternatively, you may contact Class Counsel whose contact information is listed above.

The above description of the Action is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file for the Action, you should access the case docket at https://www.cacd.uscourts.gov/e-filing/nextgen-cmecf, or visit or call the Clerk's office at the United States District Court for the Central District of California located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO BRIDGELAND, THE CLERK OF THE COURT, OR THE JUDGE.**

By: Order of the United States District Court for the Central District of California

_____
HONORABLE David O. Carter
JUDGE OF THE UNITED STATES
DISTRICT COURT FOR THE
CENTRAL DISTRICT OF
CALIFORNIA

95185471.1