| | |
|---|---|
| MARK D. ROSENBAUM, 59940<br>mrosenbaum@publiccounsel.org<br>KATHRYN A. EIDMANN, 268053<br>keidmann@publiccounsel.org<br>AMANDA K. PERTUSATI, 296669<br>apertusati@publiccounsel.org<br>AMANDA MANGASER SAVAGE, 325996<br>asavage@publiccounsel.org<br>AMELIA PIAZZA, SBN 342473<br>apiazza@publiccounsel.org<br>YI LI, SBN 354281<br>yli@publiccounsel.org<br>PUBLIC COUNSEL LAW CENTER<br>610 S. Ardmore Avenue<br>Los Angeles, California 90005<br>Telephone:   (213) 385-2977<br>Facsimile:   (213) 385-9089<br><br>EVE L. HILL, 202178<br>EHill@browngold.com<br>JAMIE STRAWBRIDGE, Pro Hac Vice<br>JStrawbridge@browngold.com<br>BROWN GOLDSTEIN & LEVY, LLP<br>120 E. Baltimore St., Suite 2500<br>Baltimore, Maryland 21202<br>Telephone:   (410) 962-1030<br>Facsimile:   (401) 385-0869 | ROMAN M. SILBERFELD, 62783<br>RSilberfeld@RobinsKaplan.com<br>DAVID MARTINEZ, 193183<br>dmartinez@robinskaplan.com<br>TOMMY H. DU, 305117<br>TDu@RobinsKaplan.com<br>ROBINS KAPLAN LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067<br>Telephone:   (310) 552-0130<br>Facsimile:   (310) 229-5800<br><br>T.E. GLENN, 155761<br>TGlenn@innercitylaw.org<br>AMANDA POWELL, 318036<br>APowell@innercitylaw.org<br>CHARLES KOHORST, 327558<br>CKohorst@innercitylaw.org<br>INNER CITY LAW CENTER<br>1309 East Seventh Street<br>Los Angeles, CA 90021<br>Telephone:   (213) 891-2880<br>Facsimile:   (213) 891-2888 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY POWERS, *et. al.*,<br><br>       Plaintiffs,<br><br>vs.<br><br>DENIS RICHARD MCDONOUGH, in his official capacity, Secretary of Veterans Affairs, *et al.*,<br><br>       Defendants,<br><br>BRIDGELAND RESOURCES, LLC,<br><br>       Intervenor. | Case No.: 2:22-cv-08357-DOC-KS<br><br>**PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS SETTLEMENT AS TO DEFENDANT BRIDGELAND RESOURCES, LLC; DECLARATION OF ROMAN M. SILBERFELD**<br><br>Date:         September 12, 2024<br>Time:        8:30 a.m.<br>Courtroom:  1<br>Judge:       Honorable David O. Carter |

# AMENDED NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 12, 2024 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the United States District Court for the Central District of California located at 350 W. 1st Street, Los Angeles, CA 90012-4565, before the Honorable David O. Carter, or as otherwise provided by the Court, Plaintiffs Jeffrey Powers, Deavin Sessom, Joseph Fields, Lavon Johnson, Joshua Robert Petitt, and the National Veterans Foundation (collectively, "Plaintiffs") will, and hereby do, move this Court, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving a partial Class Action Settlement as to claims specifically related to Bridgeland Resources, LLC (successor to Breitburn Operating L.P.) only.

This Motion is made on the grounds that the proposed settlement secures the transfer of acres of land – land that would otherwise be controlled by Bridgeland Resources, LLC – back to the Department of Veterans ("VA") to use for permanent supportive housing for veterans on the West Los Angeles VA Grounds, or for purposes ancillary to the development of permanent supportive housing on those grounds. Because it is contended that that land would continue to be under the control of Bridgeland Resources, LLC even if the Court were to invalidate the revocable license found to be non-compliant by the VA Office of Inspector General ("OIG"), the settlement secures relief that is more beneficial to the class than the relief that might be granted even if the class were successful in its claims. Accordingly, the class (with the concurrence of Defendant Bridgeland Resources, LLC and the Federal Defendants[1]) requests the Court's grant of this motion, and approval of the settlement.

This Motion for Preliminary Approval of Partial Class Settlement ("Motion") is based upon this notice, the concurrently filed Memorandum of Points and Authorities,

---

[1] The Federal Defendants are Denis Richard McDonough, in his official capacity as Secretary of Veterans Affairs, Adrianne Todman, in her official capacity as Acting Secretary of Housing and Urban Development, Robert Merchant, in his official capacity as Director, VA Greater Los Angeles Healthcare System, and Keith Harris, in his official capacity as Senior Executive Homelessness Agent, VA Greater Los Angeles Healthcare System.

the exhibits and declarations submitted in connection thereto, the pleadings, documents, and records on file in this action, any argument that may be presented to the Court on this motion, and such other matters as the Court deems appropriate.

      This Motion is made following the conference of counsel pursuant Local Rule 7-3, which took place in-person and by phone and email over the course of numerous days beginning or about August 5, 2024 and culminating in the Federal Defendants' confirmation on August 11, 2024, that they concurred in the terms of the proposed settlement (i.e. even though the Federal Defendants will remain parties to the case after the settlement and dismissal of claims relating to Bridgeland).

DATED: August 16, 2024

**PUBLIC COUNSEL LAW CENTER**
   MARK D. ROSENBAUM
   KATHRYN A. EIDMANN
   AMANDA K. PERTUSATI
   AMANDA MANGASER SAVAGE
   AMELIA PIAZZA
   YI LI

/s/ *Mark D. Rosenbaum*
MARK D. ROSENBAUM

Attorneys for Plaintiffs

DATED: August 16, 2024

**BROWN GOLDSTEIN & LEVY, LLP**
   EVE L. HILL
   JAMIE STRAWBRIDGE

/s/ *Eve L. Hill*
EVE L. HILL

Attorneys for Plaintiffs

DATED: August 16, 2024

**INNER CITY LAW CENTER**
   T.E. GLENN
   AMANDA POWELL
   CHARLES KOHORST

s/ *T. E. Glenn*
T. E. GLENN

Attorneys for Plaintiffs

DATED: August 16, 2024

**ROBINS KAPLAN LLP**
  ROMAN M. SILBERFELD
  DAVID MARTINEZ
  TOMMY H. DU

*/s/ Roman M. Silberfeld*
ROMAN M. SILBERFELD

Attorneys for Plaintiffs

# GLOSSARY

| Abbreviation | Expansion |
|---|---|
| HACLA | Housing Authority of the City of Los Angeles |
| HUD | Department of Housing and Urban Development |
| HUD-VASH | Housing and Urban Development - Veterans Affairs Supportive Housing |
| PSH | Permanent Supportive Housing |
| TSH | Temporary Supportive Housing |
| SMI | Serious Mental Illness |
| TBI | Traumatic Brain Injury |
| VA | U.S. Department of Veterans Affairs |
| VAGLAHS | VA Greater Los Angeles Health System |
| WLALA 2016 | West Los Angeles Leasing Act of 2016 |
| 2021 Amendment | West Los Angeles VA Campus Improvement Act of 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff Class Representatives (the "Class") have contested the legality of Intervenor-Defendant Bridgeland Resources, LLC's ("Bridgeland") revocable license with the Department of Veterans Affairs ("VA") under the West Los Angeles Leasing Act of 2016 and its 2021 Amendment. However, even if the Class were to prevail in its claim, Bridgeland would arguably maintain the same rights to use the subject property for its oil operations. Now, through substantial arms' length discussions, the Class has reached a settlement with Bridgeland, including a settlement with Federal Defendants limited to issues relating to Bridgeland, under which Bridgeland would transfer land to the VA to use for permanent supportive housing, and purposes ancillary to the development of permanent supportive housing.[2] Additionally, under the settlement, Bridgeland will increase the royalty percentage that it pays based upon production from all the wells accessed from the VA property, regardless of whether those wells are accessed under its revocable license that is the subject of the action (or the settlement). Bridgeland has also agreed to pay an agreed amount that will cover a portion of the fees and costs incurred in the action to date.

These principles have been reduced to writing. Federal Defendants have been consulted about them and concur in the approval of this settlement.

Accordingly, the Class requests that the Court preliminarily approve the settlement pursuant to Federal Rule of Civil Procedure 23(e), approve the attached Notice, the manner of giving notice, and set a hearing on the final approval of the settlement as soon as is practicable.

## II. FACTUAL BACKGROUND AND MERITS OF THE SETTLEMENT

In light of the recent motions considered and decided by the Court, the ongoing trial, and the Court's prior order granting class certification, all of which are incorporated

---

[2] The Settlement Agreement is attached hereto as ***Exhibit "A"***.

by this reference, the Class will not repeat the entirety of the facts presented on those motions and in the evidence at trial.

### The Breitburn /Bridgeland Revocable License

In summary, and with respect to Bridgeland specifically, the VA entered into a revocable license agreement with Breitburn (Bridgeland is the successor-in-interest to Breitburn) which gives Bridgeland the right to slant-drill oil wells that pass through the subsurface of the WLA Campus to extract non-federal oil from privately-owned land neighboring the WLA Campus.[3] Through a series of transactions, Bridgeland acquired a parcel of land that is commonly referred to as the "Replacement Drill Site." (*See* Ex. A at ¶¶ D-G.) Also, under the revocable license (referred to as the "2016 Partial Surrender and the 2017 Amendment"), Bridgeland must donate 2.5% of the gross production of oil to the Disabled American Veterans Los Angeles Chapter ("DAV-LA") on all oil produced from such wells. The remaining 97.5% of the gross revenues is split among the remaining interest owners.

### The West Los Angeles Leasing Act and 2021 Improvements Act

In 2016, Congress enacted the West Los Angeles Leasing Act of 2016 ("WLALA"). The WLALA provides that the VA "may carry out leases described in subsection (b) at the Department of Veterans Affairs West Los Angeles Campus in Los Angeles, California," which includes "enhanced-use lease of real property . . . for purposes of providing supportive housing . . . that principally benefit veterans and their families," and "[a]ny lease of real property for a term not to exceed 50 years to a third party to provide services that principally benefit veterans and their families." And in 2021, Congress enacted the West Los Angeles VA Campus Improvement Act of 2021. The 2021 Amendment to the WLALA required land use revenues to be credited for certain purposes, including providing "temporary or permanent supportive housing for homeless or at-risk veterans and their families."

---

[3] The details of the license and Bridgeland's rights under it and its other agreements are set forth in the Recitals to the Settlement Agreement.

### *The OIG's Report on the Breitburn / Bridgeland License*

In 2021, the VA Office of Inspector General ("OIG") concluded that the VA's land-use agreement with Breitburn (Bridgeland's predecessor) failed to comply with the WLALA. The OIG also reported that, despite plans to construct 770 Permanent Supportive Housing units by 2022, the VA had not constructed a single unit of Permanent Supportive Housing ("PSH"). And even now, only 233 units of PSH are habitable on the VA Grounds. The VA still does not have plans to construct more than approximately 1,200 units of PSH on the premises, and all of the remaining units called for by the Master Plan are not estimated to be completed until 2030, at the earliest. VA contends, in part, that any additional PSH units or the placement of significant numbers of the Temporary Supportive Housing ("TSH") would interfere with the feasibility and timeline for construction and the completion of the Master Plan.

Bridgeland has filed a Complaint-in-Intervention to assert and defend its operating rights at the VA Grounds. (ECF No. 172.)

### *Summary of the Settlement and its Merits*

Federal Rule of Civil Procedure 23(e) requires the Court's approval to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003). In making this determination, courts will consider a number of factors, including: "(1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Litty v. Merrill Lynch & Co., Inc.*, 2015 WL 4698475, at *8 (C.D. Cal. Apr. 27, 2015) (citing *Staton*, 327 F.3d at 959). "At the preliminary approval stage, some of these factors cannot be fully assessed. Accordingly, a full fairness analysis is unnecessary." *Id.* Instead, at the preliminary approval stage, courts will evaluate "whether [the settlement] is within the

permissible 'range of possible judicial approval' and, thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).

While the Class contests both of the VA's contentions, the Class also recognizes that making additional land available for PSH and TSH would undeniably create more housing opportunities for homeless veterans, and more quickly, and facilitate the construction of PSH elsewhere on the VA Grounds by minimizing or eliminating interference with ongoing and future construction activities. Under the terms of the Settlement (Section 7), Bridgeland "shall execute and cause the recordation of the Conditional Quitclaim Deed" that grants the land referred to as the Replacement Drill Site back to the VA, which land shall be used for either PSH, TSH, or swing space to facilitate the construction of permanent supportive housing on the VA campus.

Additionally, currently, Bridgeland pays 2.5% of the gross revenue from oil extracted from the VA site to DAV-LA for the provision of transportation services to veterans. In recent years, this royalty has hovered in the $75,000-$125,000 range. However, despite repeated requests, DAV-LA has failed or refused to provide data reporting the number of veterans served by this donation, or the manner(s) by which they were served each year. And discussions with DAV-LA revealed that DAV-LA has not done the transportation services itself for years; rather, it has contracted with a transportation provider to actually do the driving (similar to a corporate version of Uber or Lyft), and DAV-LA simply coordinates the rides to ensure they are occurring on a date when, and to the place where, the veteran actually has a medical appointment.

Under the Settlement Agreement, Bridgeland will pay a modified and increased percentage of its gross revenue depending upon the price of oil, as follows:

a. 2.5% if the price of oil is at or below $75.00 per barrel;

b. 3.0% if the price of oil is at or above $75.01 and at or below $90.00 per barrel;

    c. 3.5% if the price of oil is at or above $90.01 but at or below $100.00 per barrel;

    d. 4.0% if the price of oil is at or above $100.01 but at or below $130.00 per barrel; or

    e. 5.0% if the price of oil is at or above $130.01 per barrel

(Exhibit A at § 4.) However, instead of paying that amount to DAV-LA or DAV-CA[4], as was found to violate WLALA of 2016 by the OIG, the royalty payments shall be distributed to an entity jointly designated by Plaintiffs and VA, and the designee shall use the proceeds to principally benefit veterans and their families pursuant to WLALA2016. In the event Plaintiffs and VA are unable to jointly designate a designee, the dispute shall be resolved by the United States District Court for the Central District of California. *Id*.

    In consideration for this settlement, the Class is agreeing not to contest the legality of Bridgeland's 2017 Amendment Extension or a Similar License and not to object to or challenge any extension to the term of the 2017 Amendment or any new license with substantially similar terms as the 2017 License.

    Additionally, Bridgeland has agreed not to oppose a motion for attorney's fees and costs that counsel for the Class intends to file when seeking final approval of the settlement in the sum of up to $200,000, which amount will offset the amount of attorney's fees and costs to be paid by other defendants if and when Plaintiffs and the Class are successful in the remainder of the litigation.

## III. <u>PROPOSED NOTICE TO THE CLASS</u>

    This case has garnered extensive publicity in the local press and visibility among homeless and veteran advocacy groups. However, the Class is largely comprised of homeless veterans, many of whom have severe mental illness and traumatic brain injuries, and with whom actual notice is difficult, if not impossible.

---

[4] While the agreement dont called for the payment to DAV-LA, the money likely went to DAV-CA (the California chapter), which was then distributed to DAV-LA.

Nevertheless, Federal Rule of Civil Procedure 23(e) governs class action settlements, including notice. When a certified class settles its claims, courts "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1); *see also* William B. Rubenstein, Newberg on Class Actions § 4:36 (5th ed. rev. June 2016) ("Rule 23(c) makes notice of a *class certification decision* discretionary [for Rule 23(b)(2) class actions], but Rule 23(e) requires that (b)(2) class members receive notice of any *proposed settlement*[.]"). Additionally, Rule 23(h) requires that class members receive notice of any claim for an award of attorneys' fees and costs. Fed. R. Civ. P. 23(h)(1); *see also* Rubenstein, *supra*, § 4:36. Accordingly, the Class proposes that notice of the settlement be given in two ways that together and separately constitute a reasonable manner of notice within the meaning of Rule 23(e) under the circumstances.

***First***, the Class proposes that the Notice of Settlement, Preliminary Approval and Final Approval ("Class Notice") – a copy of the proposed Class Notice is attached hereto as **Exhibit "B"** – be sent by certified mail, return receipt requested to each of the homeless- and veteran-advocacy/resource organizations listed in **Exhibit "C"**.

***Second***, the Class proposes that the Class Notice be posted on a website hosted by counsel for the Class (Robins Kaplan) within five business days following the grant of preliminary approval along with links to the First Amended Complaint and the Court's recent ruling on the cross-motions for summary judgment.

For both, the Class proposes that the form of Notice ("**Exhibit B**") be amended to include the dates set by the court for objections to the settlement and a hearing on the final approval of the settlement.

### IV. CONCLUSION

For all the foregoing reasons, the Class requests that the Court preliminarily approve the settlement pursuant to Federal Rule of Civil Procedure 23(e), approve the attached Notice, the manner of giving notice, and set a hearing on the final approval of the settlement as soon as is practicable.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: August 16, 2024 | **PUBLIC COUNSEL LAW CENTER** |
| | | MARK D. ROSENBAUM |
| | | KATHRYN A. EIDMANN |
| | | AMANDA K. PERTUSATI |
| | | AMANDA MANGASER SAVAGE |
| | | AMELIA PIAZZA |
| | | YI LI |
| | | /s/ *Mark D. Rosenbaum* |
| | | MARK D. ROSENBAUM |
| | | |
| | | Attorneys for Plaintiffs |
| | | |
| | DATED: August 16, 2024 | **BROWN GOLDSTEIN & LEVY, LLP** |
| | | EVE L. HILL |
| | | JAMIE STRAWBRIDGE |
| | | /s/ *Eve L. Hill* |
| | | EVE L. HILL |
| | | |
| | | Attorneys for Plaintiffs |
| | | |
| | DATED: August 16, 2024 | **INNER CITY LAW CENTER** |
| | | T.E. GLENN |
| | | AMANDA POWELL |
| | | CHARLES KOHORST |
| | | s/ *T. E. Glenn* |
| | | T. E. GLENN |
| | | Attorneys for Plaintiffs |
| | | |
| | DATED: August 16, 2024 | **ROBINS KAPLAN LLP** |
| | | ROMAN M. SILBERFELD |
| | | DAVID MARTINEZ |
| | | TOMMY H. DU |
| | | /s/ *Roman M. Silberfeld* |
| | | ROMAN M. SILBERFELD |
| | | |
| | | Attorneys for Plaintiffs |