**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08357-DOC-KS                                   Date: September 11, 2024

Title: JEFFREY POWERS ET AL. V. DENIS RICHARD MCDONOUGH ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER APPOINTING SPECIAL MONITOR**

## I.  Introduction

On September 6, 2024, the Court issued its Post Trial Opinion; Findings of Fact and Conclusions of Law ("the Order").  The Court requires the services of a Monitor to ensure timely and comprehensive compliance with the Order, which includes injunctive relief in the form of additional housing at the West LA VA Grounds and termination of illegal land-use agreements.

## II.  Selection of Monitor

The Court selects John Hueston of Hueston Hennigan LLP to serve as Monitor.  Mr. Hueston has a long and distinguished private and public sector career that justifies his appointment.  His work as a prosecutor included sweeping and complex investigations and cases, including *U.S. v. Kenneth Lay and Jeffrey Skilling*.  During his tenure as a prosecutor, he earned national accolades for his work, including the Department of the Army Outstanding Civilian Service Medal, the U.S. Attorney General's Award for Exceptional Service (highest award granted by the Attorney General within the Justice Department), and three DOJ Director's Awards for Superior Service.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08357-DOC-KS                                                    Date: September 11, 2024

                                                                                                        Page 2

A Fellow of both the American College of Trial Lawyers and the International Academy of Trial Lawyers, Mr. Hueston was recently recognized by Chambers USA for his Outstanding Contributions to the Law. At Hueston Hennigan LLP, he represents Fortune 500 companies and governments as lead counsel in complex civil cases, to include breach of contract cases, real estate litigation, and fraud cases. He has also served as independent counsel for investigations on behalf of numerous government agencies, including the County of San Bernardino, the City of Santa Monica, and the San Diego Association of Governments.

### III.   Initial Scope of the Monitor's Responsibilities

The Monitor shall be subject to the supervision and orders of the Court. The Monitor shall have the duties, responsibilities, and authority conferred by the Court and the Order, and specifically the actions required for compliance with paragraph 251 subparts (d) through (o) of the Order. This includes, but is not limited to, the Monitor's oversight of the planning and construction of both temporary and permanent supportive housing, the construction of a Town Center, staffing the HUD-VASH case worker ranks to an appropriate level, increasing VA homeless veteran outreach staff to an appropriate levels, ensuring that the VA does not enter any land use agreement that does not principally benefit veterans and their families, and auditing compliance to ensure elimination of specified discriminatory practices against disabled veterans.

### IV.   Reporting Obligations of the Monitor

The Monitor shall prepare and submit a report within six (6) months of the Court's order and subsequent annual reports and/or audits to evaluate Federal Defendants' compliance with the Court's order. The Monitor shall provide a copy of such reports to the Parties in draft form at least 21 days before filing with the Court to allow the Parties to provide written comment on the reports. The Monitor shall consider the Parties' responses and make any changes the Monitor deems appropriate before issuing the report. The Monitor shall attach to his or her report copies of any comments submitted by the Parties. The ultimate arbiter of compliance is the Court, and the Parties may submit statements separate from the Monitor's reports.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08357-DOC-KS                               Date: September 11, 2024

                                                                                            Page 3

### V.      Access to Records, Persons and Information

Federal Defendants shall ensure the Monitor has timely, full, and direct access to all documents, facilities, and information that the Monitor reasonably deems necessary to carry out its duties. The Monitor shall cooperate with the Federal Defendants to access people and facilities in a reasonable manner that, consistent with the Monitor's responsibilities, minimizes interference with daily operations.

### VI.     Dispute Resolution

The Court will resolve any dispute as to the Monitor's access to information.

### VII.    Monitorship Team

The Court anticipates that the breadth and complexity of issues required to ensure compliance with the Order will require a Monitorship Team. The "Monitorship Team" are those individuals or organizations engaged by, and operating under the authority and supervision of, the Monitor in assisting in the discharge of the duties of the Monitor as described in this Order. The Team includes, inter alia, experts, employees, subcontractors, and consultants engaged by the Monitor.

### VIII.   Reasonable Fees and Expenses

Mr. Hueston has agreed to serve as Monitor on a pro bono basis. Other Hueston Hennigan supporting attorneys on the Monitorship Team shall also serve on a pro bono basis. The Federal Defendants are responsible for the reasonable fees and expenses incurred by the Monitor, to include fees required by experts, employees, subcontractors, and consultants engaged by the Monitor. The Monitor should incur only costs that are reasonably necessary for carrying out the Monitorship.

The Monitor shall maintain records that accurately reflect the fees and expenses incurred. The Monitor shall prepare and issue invoices to the Federal Defendants that are sufficiently detailed to provide an understanding of the expenses incurred. Any dispute over fees and expenses will be resolved by the court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08357-DOC-KS                                    Date: September 11, 2024

                                                                                    Page 4

### IX.  Indemnification

The Federal Defendants must indemnify and hold harmless the Monitor from claims arising from the Monitor's performance of its duties under the Court Order or the Agreement.

### X.  Removal

The Court may remove the Monitor, on its own motion or pursuant to an application by the Plaintiffs or Federal Defendants.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                              Initials of Deputy Clerk: kdu

CIVIL-GEN