# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY POWERS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DENIS RICHARD MCDONOUGH, in his official capacity, Secretary of Veterans Affairs; *et al.*,<br><br>　　　　Defendants. | Case No.: 2:22-cv-08357-DOC-KS<br><br>**PERMANENT INJUNCTION RE: FORMER BRENTWOOD SCHOOL LEASED GROUNDS**<br><br>Judge: Hon. David O. Carter |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS:

WHEREAS on May 15, 2023, Plaintiffs filed this action and their First Amended Complaint is now the operative Complaint (Dkt. 33);

WHEREAS on or about January 31, 2024 Third Party Brentwood School was given notice of this action by the Federal Defendants pursuant to the Order of the Court (Dkt. 129, 135), and did not seek to intervene in the action;

WHEREAS on May 3, 2024, the Court issued its Order Granting Plaintiffs' Motion to Certify the Class and Subclass (Dkt. 190);

WHEREAS the matter proceeded to a court trial and on September 6, 2024 the Court issued its findings of fact and conclusions of law (Dkt 302), and thereafter issued other ancillary and supplemental orders concerning injunctive relief, including with respect to the lease for, use of, and disposition of the Veterans Administration land that is the subject of a lease with Brentwood School;

WHEREAS the Court's Findings of Fact and Conclusions of Law includes the conclusion and holding that the Brentwood School "lease violates the VA's fiduciary duty to veterans because the lease principally benefits the Brentwood School, not veterans. Accordingly, the lease is void. To ensure the land is put to a use that principally benefits veterans, the Court will determine an exit strategy for the Brentwood School's 22 acres following the hearing on injunctive relief" (Dkt. 302 at 53:16-20);

WHEREAS the Court held the referenced hearing on injunctive relief;

WHEREAS Brentwood School has participated in the hearing on injunctive relief and other conferences with Plaintiffs'/Class counsel, the Monitor, and the Court; and

WHEREAS Brentwood School has agreed to a settlement agreement that would ensure its prompt implementation and the immediate accrual of benefits to veterans and their families;

WHEREAS the U.S. Department of Veteran Affairs ("VA") was invited to be part of the Brentwood School Settlement Agreement, the VA has chosen to object. The VA was substantially in agreement with an earlier version of the Brentwood School Settlement Agreement other than the sections addressing the Court's continuing jurisdiction and the VA's scope of appeal as it relates to Brentwood School  The Brentwood School Settlement Agreement is contingent upon the Court, as referenced below, entering an order that the VA and Brentwood School enter into a form of enhanced use / facilities sharing agreement or lease that permits Brentwood School to use the VA land.

WHEREAS Brentwood School understands and recognizes that the 22.06 acres of land at issue in the Brentwood School Settlement Agreement (the "Former Brentwood School Leased Grounds") does not belong to Brentwood School and, through the Brentwood School Settlement Agreement, Brentwood School is being granted the right to share access to the land. The principal focus of the 22.06-acre enhanced facilities use sharing agreement with Brentwood School that is the subject to the Brentwood School Settlement Agreement is so that Veterans and their families will have access and use as set forth herein. It is unlikely that at least for the near term, the VA would build or be in a position to maintain the athletic facilities that are currently on the 22.06 acres in Brentwood School's absence.

WHEREAS, Plaintiffs initiated the Class Action against the VA alleging multiple violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 for discrimination and denial of meaningful access, Breach of Fiduciary Duty as Trustee of Charitable Trust seeking both injunctive relief and mandamus relief, violation of the Administrative Procedure Act in connection with the West Los Angeles Leasing Act of 2016 and its 2021 amendment and an accounting ("Allegations in FAC").

WHEREAS, Brentwood School is not a party to the Class Action.

WHEREAS, the VA has jurisdiction and control of certain real property and facilities known as the West Los Angeles Campus, in Los Angeles, California (hereinafter the "WLA Campus" or "WLA CAMPUS"), which provides services and benefits to the nation's Veterans. The portion of the larger WLA Campus property that is subject to the Brentwood School Settlement Agreement consists of approximately 22.06 acres of real property at the WLA CAMPUS.

WHEREAS, Plaintiffs allege one of the driving issues in the Class Action is the desire and need for housing on the WLA Campus for disabled veterans.

WHEREAS, the West Los Angeles Leasing Act of 2016 (H.R. 5936) hereinafter referred to as "the West LA Leasing Act," authorizes the VA to grant and/or enter into certain agreements consistent with the terms and conditions set forth therein;

WHEREAS, the Court has approved in principle the Brentwood School Settlement Agreement and agrees and finds that it complies with the West LA Leasing Act and that it principally benefits veterans;

WHEREAS, the Plaintiffs and the Court have determined that the Brentwood School Settlement Agreement contemplated and the consideration to be provided from Brentwood School is consistent with VA's mission and operations, and will help revitalize the WLA Campus for the benefit of Veterans and their families. The Plaintiffs recognize that Brentwood School will be a key partner in the support of Veterans on the WLA Campus and that preserving the relationship with Brentwood School is in everyone's best interest.

WHEREAS, Brentwood School is a not-for-profit (501c3) independent school. It owns 8 acres of land contiguous to the WLA Campus. VA has allowed, through various informal and formal agreements, Brentwood School to use portions of the WLA Campus since the mid-1970s. Plaintiffs contend the VA first began allowing Brentwood School to use its property in the mid-1970s, the same period that the campus's focus shifted away from housing veterans. Plaintiffs contend for the first two decades of the

parties' relationship, Brentwood School used VA land for student parking as well as for some school and athletic events pursuant to a series of temporary arrangements. Plaintiffs contend the Brentwood School never paid any rent to the VA for these uses— they occupied veterans' land for free. Plaintiffs contend and the Court found in its Order that in the late 1990s, Brentwood School wanted to create a "more formal, permanent, and long-term association with the VA." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law; pg. 53:23-54:4

WHEREAS, the Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that in or about 1999, the VA and Brentwood School entered into an Enhanced Sharing Agreement for Brentwood School to build athletic facilities on 22 acres of the West Los Angeles VA Grounds. The Enhanced Sharing Agreement's term was ten years, with a mutual option to extend it for an additional decade. "After this agreement was signed, Brentwood School initially spent approximately $15 million developing their athletic facilities, which now include three baseball fields, a workout tent, a stadium field and track, a basketball/volleyball pavilion, pool, and tennis courts. "The completed facilities included an aquatic center featuring an Olympic-sized pool named after two donors who gifted the school $10 million. Given the size of the investment that the Brentwood School put into its facilities, it must have had some understanding with the VA that it would be a permanent occupant of the land, notwithstanding its time-limited lease." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law; pg.54:10-20

WHEREAS, the Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that Following a related lawsuit, Brentwood School entered into a lease with the VA that was executed in 2016. The lease permitted Brentwood School to rent the 22 acres in exchange for annual payments of both money and "in kind" credits. The in kind credits consist of maintenance and upkeep as well as a range of services as set forth in the 2016 lease. The 22 acres the VA leased to

Brentwood School in 2016 covers 5.5 percent of the WLA Campus. The lease allows Brentwood School to maintain the athletic facilities on these 22 acres. "In exchange, Brentwood School pays $850,000 annually to the VA." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 55:13-15. "In addition to monetary consideration, the Brentwood School provides in-kind consideration of $918,000. Id. at 82. This in-kind consideration consists primarily of upkeep and maintenance of the 22 acres, as well as some services provided to veterans, including offering special events to veterans, donation drives spearheaded by the Brentwood School, as well as scholarships." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 54:19-23.

WHEREAS, The Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that the lease obligated Brentwood School to provide veterans with some access to its athletic facilities. Critically, however, Brentwood School, not the VA or veterans, decide the times and manner in which veterans may enter the campus and use the facilities. September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 54:24-26

WHEREAS, The Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that in 2018, the VA Office of the Inspector General (OIG) audited Brentwood School's lease. The OIG determined, "the Brentwood School lease violated the West Los Angeles Leasing Act because the purpose was not to principally benefit veterans and their families; rather, the principal purpose of this lease was to provide the Brentwood School continued use of the athletic facilities." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 55:11-16

WHEREAS, the Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that under any common sense reading of the lease, the athletic facilities on the 22 acres principally benefit Brentwood School, not

veterans. As such, the VA's lease with Brentwood School violates the agency's fiduciary duty to veterans. September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 58:3-5

WHEREAS, the Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that "Brentwood School's lease with the VA for its student athletic facilities violates the Leasing Act, and by extension, the VA's fiduciary duty to veterans. Accordingly, the Brentwood School lease is void. To ensure the land is put to a use that principally benefits veterans, the Court will determine an exit strategy for the Brentwood School's 22 acres following the hearing on injunctive relief." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 60:8-12

WHEREAS, the Parties to the Brentwood School Settlement Agreement agree that they do not need to take a position as to whether they agree or disagree with the Court's rulings in order to enter into the Brentwood School Settlement Agreement, which is intended to ensure Veterans and their families principally benefit from the land and athletic facilities on the 22.06 acres, allowing Brentwood to use the 22.06 acres of veteran land during certain hours and under certain conditions and for renewing one year terms unless certain VA needs are determined to exist;

WHEREAS, it is possible, but far from certain, that all or a portion of the 22.06 acres that are the subject of the Brentwood School Settlement Agreement may be required for disabled Veteran housing at some point in the future.

WHEREAS, the Parties agree that in light of the Court's rulings in the Class Action, in order for Brentwood School to be able to continue to use the 22.06 acres, the VA needs to have the ability to terminate part or all of Brentwood School's use of the 22.06 acres going forward;

WHEREAS, in the prior lease, Brentwood School provided services for which it received in kind credit. It will also provide services under the Real Property Agreement

for which it will get in kind credit;

WHEREAS, the Plaintiffs Class and Brentwood School want to use and enjoy the aforesaid property and do not want to change the current nature of the use of the property unless absolutely necessary for development of housing for disabled Veterans;

WHEREAS, an order is necessary to memorialize the Brentwood School Settlement Agreement with respect to the use and conditions of the 22.06 acres;

GOOD CAUSE APPEARING THEREFOR:

After consideration of all the pleadings and papers, the arguments of counsel, and the evidence admitted at trial, and the Court having issued its findings of fact and conclusions of law, and the Court having conducted supplemental hearings on September 25, 26, October 2, 4, 7 8, and 11, the Court finds and ORDERS that:

a. There is no just reason for delay as to Veterans Administration and its affiliated individual defendants in the entry of a permanent injunction and the entry of judgment thereon regarding the Former Brentwood School Leased Grounds, only, and;

b. Judgment on the Permanent injunction as to the Former Brentwood School Leased Grounds, shall be entered as part of the Final Judgment in this Action as to all other parties and claims

c. The Court has jurisdiction over the subject matter of this action and over the parties;

d. No notice is required to be given to any person or class of persons as a matter of law or procedure to permit the entry of this permanent injunction.

e. This action presents more than one claim for relief, and involves multiple parties. This permanent injunction affects fewer than all of the claims and fewer than all of the parties. Based upon the foregoing findings and conclusions, there is no just reason for delaying the entry and implementation

of the permanent injunction with respect to Brentwood School, and this permanent injunction may be entered separately from the final judgment to be entered as to all other parties and claims.

Further, GOOD CAUSE APPEARING THEREFOR, VETERANS ADMINISTRATION AND ITS AFFILIATED INDIVIDUAL DEFENDANTS, AND ALL EMPLOYEES, AGENTS AND OTHER PERSONS ACTING IN CONCERT WITH THEM ARE HEREBY MANDATED, ENJOINED AND PROHIBITED, AS APPLICABLE, AS FOLLOWS:

1. With respect to any payments made pursuant to the Brentwood School Settlement Agreement, all such payments shall be received in or transferred without deduction or offset to the VA Lease Revenue Fund with the sole purpose of directing the settlement payments under the Brentwood School Settlement Agreement to the VA Lease Revenue Fund to ensure that the sole and exclusive purpose of and use of these funds by VA is to provide temporary supportive housing and permanent supporting housing and related community services to veterans on the WLA Campus. Any use of the settlement funds other than for the purposes enumerated in this paragraph are specifically prohibited, unless otherwise ordered by the Court. The settlement proceeds so deposited shall only be used and applied to the costs associated with, in the first instance, temporary supportive housing and, if funds remain thereafter, to permanent supportive housing on the WLA Campus.

2. As part of the Court's continuing jurisdiction over this matter generally and over the implementation of the settlement terms in this Settlement Agreement, the Court shall regularly and periodically review VA's compliance with the terms of this Injunction and the settlement agreement, the VA's compliance with the Court's Post Trial Opinion and any and all emergency orders issued subsequent to the Court's Post Trial Opinion. The Court may, at its election, direct the Court Monitor to periodically evaluate the scope and extent of VA's compliance with the settlement terms in this

Settlement Agreement and report his findings to the Court. The Court may, at its election, hold hearings and order the presence of witnesses to testify, as needed, with respect to any matter that relates to the implementation of the settlement terms in this settlement agreement. VA is ordered to comply with all such orders, to produce witnesses without the necessity of any formal process, to cooperate fully with the Court Monitor and to attend any such hearings as the Court may order on 3 business days' notice.

3. The VA is ordered to negotiate with and enter into an enhanced use / facilities sharing agreement/lease (the "Real Property Agreement," sometimes referred to as a lease) with Brentwood School in a form to be agreed upon by those parties, and approved by the Court consistent with the Brentwood School Settlement Agreement with the input of Plaintiffs and the Class by and through their counsel, the term of such agreement being one (1) year and subject to renewing one year terms on the same contractual agreement, except as set forth therein and herein.

4. Veterans Administration and its affiliated individual defendants and their successors shall accept In Kind Consideration from Brentwood School in accordance with the Brentwood School Settlement Agreement and apply it consistent with the terms of the Brentwood School Settlement Agreement and to principally benefit veterans and their families.

5. Brentwood School shall have the continuing right, subject to the other terms set forth herein and in the Brentwood School Settlement Agreement, to use the lower softball field (also known as MacArthur field). However, VA is entitled to revoke Brentwood School's right to access and use of MacArthur field subject to 45 days' written notice. Once the 45 days expire, Brentwood School will have no further obligations with respect to MacArthur field as otherwise required under the lease such as maintenance as of the grounds, the facilities, the infrastructure, paying for any utilities, etc. That parcel will be treated as if it was never within the agreement to be

entered, but will not alter the base rental fee set forth herein and in the lease.

6. Brentwood School shall have the continuing right, subject to the other terms set forth herein, to use the upper baseball and soccer field (also known as Parcel 9). However, VA is entitled to revoke Brentwood School's right to access Parcel 9 on 180 days' notice, but not earlier than July 1, 2025. Once the 180 days expire, Brentwood School will have no further obligations with respect to maintenance as to the grounds, the facilities, the infrastructure, paying for any utilities, etc. That parcel will be treated as if it was never within the agreement to be entered.

7. VA shall use its best efforts to use other parcels of land in the former leased grounds for any veteran related purposes before giving notice to Brentwood School of its intention to cancel further use by Brentwood School of the entry off of Barrington, the swimming pool area, the pavilion, the track and football fields and the tennis courts are designated as areas of last resort ("Core Facilities"). VA can only revoke access and use to the Core Facilities if it is determined by either the Court or the Court appointed monitor that those parcels are necessary to be used for the development of either short term or long term housing of disabled Veterans and/or their families. VA shall have the right to revoke access to and use of the Core Facilities upon 365 days' written notice, which must occur on or before August 15 of any year in which the revocation is intended to be effective (i.e., notice must be given at least one year in advance of the following school year). Once the 365 days expire, Brentwood School will have no further obligations with respect to maintenance as to the grounds, the facilities, the infrastructure, paying for any utilities, etc. Those parcels will be treated as if they were never within the agreement to be entered. Brentwood School will be invited to be and entitled to be part of any discussions for development of the Core Facilities.

8. Brentwood School's Permitted Hours of Use. Other than for purposes of access and maintenance, VA shall allow Brentwood School the Exclusive Right to

Access and Use the sports facilities during certain hours to be determined, but estimated to be 2:00 p.m. to 7 p.m. Mondays through Thursdays, 2:00 p.m. to 8:00 p.m. on Fridays except annually published Football Blackout Dates (approx 5 total in Aug-Nov) (without penalty or breach if a game reasonably unexpectedly requires additional time) and 8:00 a.m. through 2 p.m. on Saturday (without penalty or breach if a game reasonably unexpectedly requires additional time). Brentwood School shall have full time access for ingress and egress using the gate, driveway off of Barrington and is permitted to use parking lots as currently configured and used.

9. The Court shall retain jurisdiction to enforce the terms of this Injunction.

IT IS SO ORDERED, ADJUDGED AND DECREED.

DATED: October 11, 2024    By: /s/ David O. Carter
                                DAVID O. CARTER
                                JUDGE OF THE
                                UNITED STATES DISTRICT COURT