| | |
|---|---|
| MARK D. ROSENBAUM, 59940<br>mrosenbaum@publiccounsel.org<br>KATHRYN A. EIDMANN, 268053<br>keidmann@publiccounsel.org<br>AMANDA K. PERTUSATI, 296669<br>apertusati@publiccounsel.org<br>AMANDA MANGASER SAVAGE, 325996<br>asavage@publiccounsel.org<br>AMELIA PIAZZA, SBN 342473<br>apiazza@publiccounsel.org<br>PUBLIC COUNSEL LAW CENTER<br>610 S. Ardmore Avenue<br>Los Angeles, California 90005<br>Telephone: (213) 385-2977<br>Facsimile: (213) 385-9089<br><br>EVE L. HILL, 202178<br>EHill@browngold.com<br>JAMIE STRAWBRIDGE, Pro Hac Vice<br>JStrawbridge@browngold.com<br>BROWN GOLDSTEIN & LEVY, LLP<br>120 E. Baltimore St., Suite 2500<br>Baltimore, Maryland 21202<br>Telephone: (410) 962-1030<br>Facsimile: (401) 385-0869 | ROMAN M. SILBERFELD, 62783<br>RSilberfeld@RobinsKaplan.com<br>DAVID MARTINEZ, 193183<br>dmartinez@robinskaplan.com<br>TOMMY H. DU, 305117<br>TDu@RobinsKaplan.com<br>ROBINS KAPLAN LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067<br>Telephone: (310) 552-0130<br>Facsimile: (310) 229-5800<br><br>T.E. GLENN, 155761<br>TGlenn@innercitylaw.org<br>AMANDA POWELL, 318036<br>APowell@innercitylaw.org<br>CHARLES KOHORST, 327558<br>CKohorst@innercitylaw.org<br>INNER CITY LAW CENTER<br>1309 East Seventh Street<br>Los Angeles, CA 90021<br>Telephone: (213) 891-2880<br>Facsimile: (213) 891-2888 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY POWERS, *et. al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>DENIS RICHARD MCDONOUGH, in his official capacity, Secretary of Veterans Affairs, *et al.*,<br><br>Defendants,<br><br>BRIDGELAND RESOURCES, LLC,<br><br>Intervenor. | Case No.: 2:22-cv-08357-DOC-KS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AS TO NON-PARTY BRENTWOOD SCHOOL; DECLARATION OF ROMAN M. SILBERFELD**<br><br>Date: October 18, 2024<br>Time: 8:00 a.m.<br>Courtroom: 1<br>Judge: Honorable David O. Carter |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 18, 2024 at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the United States District Court for the Central District of California located at 350 W. 1st Street, Los Angeles, CA 90012-4565, before the Honorable David O. Carter, or as otherwise provided by the Court, Plaintiffs Jeffrey Powers, Deavin Sessom, Joseph Fields, Lavon Johnson, Joshua Robert Petitt, Laurieann Wright, and the National Veterans Foundation (collectively, "Plaintiffs") will, and hereby do, move this Court, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving a Class Action Settlement as to the form of injunctive relief relating to the 22.06 acres of land occupied by Brentwood School under a lease that the Court has found be to illegal and void to ensure the prompt implementation and immediate accrual of benefits to veterans and their families.

This Motion is made on the grounds that the proposed settlement and the consideration to be provided by Brentwood School will help revitalize the WLA Campus for the benefit of veterans and their families. Accordingly, the Class requests the Court's grant of this motion, and approval of the settlement.

This Motion for Preliminary Approval of Partial Class Settlement ("Motion") is based upon this notice, the concurrently filed Memorandum of Points and Authorities, the exhibits and declarations submitted in connection thereto, the pleadings, documents, and records on file in this action, any argument that may be presented to the Court on this motion, and such other matters as the Court deems appropriate.

This Motion is made following the conference of counsel pursuant Local Rule 7-3, which took place in-person and by phone and email over the course of numerous days beginning or about September 25, 2024.

/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| DATED: October 15, 2024 | **PUBLIC COUNSEL LAW CENTER**<br>   MARK D. ROSENBAUM<br>   KATHRYN A. EIDMANN<br>   AMANDA K. PERTUSATI<br>   AMANDA MANGASER SAVAGE<br>   AMELIA PIAZZA<br><br>/s/ *Mark D. Rosenbaum*<br>MARK D. ROSENBAUM<br>Attorneys for Plaintiffs |
| DATED: October 15, 2024 | **BROWN GOLDSTEIN & LEVY, LLP**<br>   EVE L. HILL<br>   JAMIE STRAWBRIDGE<br><br>/s/ *Eve L. Hill*<br>EVE L. HILL<br>Attorneys for Plaintiffs |
| DATED: October 15, 2024 | **INNER CITY LAW CENTER**<br>   T.E. GLENN<br>   AMANDA POWELL<br>   CHARLES KOHORST<br><br>s/ *T. E. Glenn*<br>T. E. GLENN<br><br>Attorneys for Plaintiffs |
| DATED: October 15, 2024 | **ROBINS KAPLAN LLP**<br>   ROMAN M. SILBERFELD<br>   DAVID MARTINEZ<br>   TOMMY H. DU<br><br>/s/ *Roman M. Silberfeld*<br>ROMAN M. SILBERFELD<br><br>Attorneys for Plaintiffs |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff Class Representatives (the "Class"), among other claims, have contested the legality of the Veterans Administration's ("VA") lease with Brentwood School. Following a court trial and on September 6, 2024, the Court issued its findings of fact and conclusions of law (ECF No. 302), and thereafter, issued other ancillary and supplemental orders including with respect to the lease for, use of, and disposition of the VA's land that is the subject of the lease with Brentwood School.

Although Brentwood School was a not party to this action, following the Court's order regarding the legality of Brentwood School's lease with the VA, and following the Court's invitation for Brentwood School to participate at the hearing on injunctive relief (ECF No. 305), Brentwood participated at the hearing and at other conferences with Plaintiffs, the Monitor, and the Court. Now, through substantial arms' length discussions, the Class has reached a settlement with Brentwood School,[1] under which Brentwood School would make cash payments to the VA Lease Revenue Fund to provide temporary supportive housing, in the first instance, and permanent supportive housing and related community services if funds remain thereafter on the WLA Campus. In addition, the Settlement Agreement provides that Brentwood School and the VA shall negotiate and enter into a real property agreement with a one (1) year term, subject to renewal on one year terms, which allows Brentwood School to use the 22.06 acres of veteran land it currently occupies and provides the VA with the flexibility to terminate part or all of Brentwood School's use of the 22.06 acres going forward. The VA has been a part of the discussions and was substantially in agreement with earlier versions of the settlement with Brentwood School. While the VA previously indicated that it was objecting to the Settlement Agreement with Brentwood School, it is unclear whether the VA continues to maintain any objection to the Settlement Agreement.

---

[1] The Settlement Agreement is attached to the Declaration of Roman M. Silberfeld as **Exhibit A**.

Accordingly, the Class requests that the Court preliminarily approve the settlement pursuant to Federal Rule of Civil Procedure 23(e), approve the attached Notice, the manner of giving notice, and proceed with the hearing on the final approval of the settlement on **November 13, 2024 at 8:00 a.m.**

## II.   FACTUAL BACKGROUND AND MERITS OF THE SETTLEMENT

In light of the motions, the evidence presented at trial, and orders issued by the Court, and the Court's prior order granting class certification, all of which are incorporated by this reference, the Class will not repeat the entirety of the facts presented at trial or in the prior motions.

### *The Brentwood School*

In summary, and with respect to the Brentwood School, the VA has allowed, through various informal and formal agreements, Brentwood School to use portions of the WLA Campus since the mid-1970s. (Post Trial Opinion at 53, ECF No. 359.) The VA first began allowing Brentwood School to use its property in the mid-1970s at the same period that the WLA Campus's focus shifted away from housing veterans. (*Id.* at 53–54.) For the first two decades of the relationship between the VA and Brentwood School, Brentwood School used the VA land for student parking as well as for some school and athletics events pursuant to a series of temporary arrangements. Brentwood School never paid any rent to the VA for these uses.

In or about 1999, the VA and Brentwood School entered into an Enhanced Sharing Agreement for Brentwood School to build athletic facilities on 22 acres of the WLA Campus. (Post-Trial Opinion at 54.) The Enhanced Sharing Agreement's term was ten years, with a mutual option to extend it for an additional decade. (*Id.*) After this agreement was signed, Brentwood School spent approximately $15 million developing their athletic facilities, including three baseball fields, a workout tent, a stadium field and track, a basketball/volleyball pavilion, pool, and tennis courts. (*Id.*) "The completed facilities include[] an aquatic center featuring an Olympic-sized pool named after two donors who gifted the school $10 million. Given the size of the investment that the

Brentwood School put into its facilities, it must have had some understanding with the VA that it would be a permanent occupant of the land, notwithstanding its time-limited lease." (*Id.*)

Following a related lawsuit, in 2016, Brentwood School entered a lease with the VA. The lease permitted Brentwood School to rent the 22 acres in exchange for annual payments of both money and "in kind credits." (Post-Trial Opinion at 55.) The VA's 22 acres leased to Brentwood School covers 5.5% of the WLA Campus. (*Id.*) The lease allowed Brentwood School to maintain the athletic facilities on the 22 acres. In exchange, Brentwood School paid $850,000 annually to the VA and in-kind consideration of $918,000. (*Id.*) This in-kind consideration consists primarily of upkeep and maintenance of the 22 acres, as well as some services provided to veterans, including offering special events to veterans, donation drives spearheaded by the Brentwood School, as well as scholarships. (*Id.*)

While the lease obligated Brentwood School to provide veterans with some access to its athletic facilities, Brentwood School, not the VA or veterans, decided the times and manner in which veterans may enter the campus and use the facilities. (Post-Trial Opinion at 55.) As the Court found, the "obvious and foreseeable consequence of the VA's decision to let the Brentwood School to decide when their students, versus when the veterans, may use the facilities is that the Brentwood School would allocate the most desirable time to their students. This result has come to pass." (*Id.* at 55–56.)

### *The West Los Angeles Leasing Act and 2021 Improvements Act*

In 2016, Congress enacted the West Los Angeles Leasing Act of 2016 ("WLALA"). The WLALA provides that the VA "may carry out leases described in subsection (b) at the Department of Veterans Affairs West Los Angeles Campus in Los Angeles, California," which includes "enhanced-use lease of real property . . . for purposes of providing supportive housing . . . that principally benefit veterans and their families," and "[a]ny lease of real property for a term not to exceed 50 years to a third party to provide services that principally benefit veterans and their families." And in

2021, Congress enacted the West Los Angeles VA Campus Improvement Act of 2021. The 2021 Amendment to the WLALA required land use revenues to be credited for certain purposes, including providing "temporary or permanent supportive housing for homeless or at-risk veterans and their families."

### The OIG Report and Court's Post-Trial Order

In 2018, the VA Office of the Inspector General ("OIG") audited the Brentwood School's lease and determined that the lease "violated the West Los Angeles Leasing Act because the purpose was not to principally benefit veterans and their families; rather, the principal purpose of this lease was to provide the Brentwood School continued use of the athletic facilities." (Post-Trial Opinion at 56.) On September 6, 2024, and again on October 11, 2024, the Court found that under any "common sense reading of the lease agreement, the Brentwood School's lease for its student athletic facilities does not primarily serve veterans." (*Id.* at 69.) Accordingly, the Court found that the "Brentwood School's lease with the VA for its student athletic facilities violates the Leasing Act, and by extension, the VA's fiduciary duty to veterans." The Court voided the lease, resulting in the hearing on injunctive relief to "determine an exit strategy for the Brentwood School's 22 acres." (*See id.* at 60.)

### Summary of the Settlement and its Merits

Federal Rule of Civil Procedure 23(e) requires the Court's approval to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003). In making this determination, courts will consider a number of factors, including: "(1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Litty v. Merrill Lynch & Co., Inc.*, 2015 WL 4698475, at *8 (C.D. Cal. Apr. 27, 2015) (citing *Staton*,

327 F.3d at 959). "At the preliminary approval stage, some of these factors cannot be fully assessed. Accordingly, a full fairness analysis is unnecessary." *Id.* Instead, at the preliminary approval stage, courts will evaluate "whether [the settlement] is within the permissible 'range of possible judicial approval' and, thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).

While Plaintiffs have prevailed at trial, Plaintiffs, including Federal Defendants[2], recognize that it is unlikely, that at least for the foreseeable future, the VA would build or be in a position to maintain the athletic facilities that are currently on the 22.06 acres in Brentwood School's absence. As such, Plaintiffs have entered into the Settlement Agreement with Brentwood School based on the consideration provided by Brentwood School, as well as its terms, to help revitalize the WLA Campus for the benefit of veterans and their families. Plaintiffs also recognize that without a settlement agreement, there is a risk of ongoing litigation, including appeals, that would delay and ultimately harm veterans and their families. In addition, the parties recognize and agree that ongoing use of the property is preferred and do not want to change the nature of the use of the property unless absolutely necessary for the development of housing for disabled veterans.

Under the terms of the Settlement Agreement, Brentwood School shall make payments totaling $5 million to the VA Lease Revenue Fund: $3 million within 60 days of the Court's issuance of an order granting approval at the fairness hearing and $2 million within 365 days of the Court's issuance of an order granting approval at the fairness hearing. The sole purpose of the settlement payments is to ensure that the sole and exclusive purpose of the use of these funds by the VA is to provide temporary

---

[2] The Federal Defendants are Denis Richard McDonough, in his official capacity as Secretary of Veterans Affairs, Adrianne Todman, in her official capacity as Acting Secretary of Housing and Urban Development, Robert Merchant, in his official capacity as Director, VA Greater Los Angeles Healthcare System, and Keith Harris, in his official capacity as Senior Executive Homelessness Agent, VA Greater Los Angeles Healthcare System.

supportive housing and permanent supportive housing and related community services to veterans on the WLA Campus.

Moreover, Brentwood School and the VA shall negotiate and enter into a real property agreement, which shall be a one (1) year term subject to one-year renewal terms on the same contractual agreement, except as set forth therein or in the Settlement Agreement.

Additionally, Brentwood School agreed to make monthly rent payments to the VA, including for use of the Core Facilities[3], annualized to equal $1 million with annualized rent increasing by 3% or the Consumer Price Index ("CPI"), whichever is greater, and will increase each subsequent year. For the remaining portion of the 22.06 acres, the parties agreed to an annual determination of fair market value based on the methodology incorporated by reference in the Settlement Agreement. Brentwood School also agreed to increase their annual in-kind consideration up to a value of $1,500,000.00 and to continue their maintenance of certain facilities and grounds other than those where access has been revoked.

Finally, pursuant to the Settlement Agreement, Brentwood School also agreed to provide special programs and events benefitting veterans and their families, capital costs and improvements to the 22.06 acres, athletic and educational programs and activities to benefit veterans and their families, transportation shuttle, priority consideration for veterans and their children/grandchildren for participation in the Summer at Brentwood program, web-based support for master-scheduling of all veteran-related activities and events on the 22.06 acres, a communications coordinator responsible for publicizing activities for veterans and their families that Brentwood School will provide, and updated hours of use of the Brentwood facilities.

---

[3] As used in the Settlement Agreement, Core Facilities refers to the "entry off of Barrington, the swimming pool area, the pavilion, the track and football fields, and the tennis courts." (Settlement Agreement ¶ 5.3.)

### III. PROPOSED NOTICE TO THE CLASS

This case has garnered extensive publicity in the local press and visibility among homeless and veteran advocacy groups. However, the Class is largely comprised of homeless veterans, many of whom have severe mental illness and traumatic brain injuries, and with whom actual notice is difficult, if not impossible.

Nevertheless, Federal Rule of Civil Procedure 23(e) governs class action settlements, including notice. When a certified class settles its claims, courts "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1); *see also* William B. Rubenstein, Newberg on Class Actions § 4:36 (5th ed. rev. June 2016) ("Rule 23(c) makes notice of a *class certification decision* discretionary [for Rule 23(b)(2) class actions], but Rule 23(e) requires that (b)(2) class members receive notice of any *proposed settlement*[.]"). Additionally, Rule 23(h) requires that class members receive notice of any claim for an award of attorneys' fees and costs. Fed. R. Civ. P. 23(h)(1); *see also* Rubenstein, *supra*, § 4:36. Accordingly, the Class proposes that notice of the settlement be given in two ways that together and separately constitute a reasonable manner of notice within the meaning of Rule 23(e) under the circumstances.

*First*, the Class proposes that the Notice of Settlement, Preliminary Approval and Final Approval ("Class Notice") – a copy of the proposed Class Notice is attached hereto as **Exhibit "B"** – be sent by certified mail, return receipt requested to each of the homeless- and veteran-advocacy/resource organizations listed in **Exhibit "C"**.

*Second*, the Class proposes that the Class Notice be posted on a website hosted by counsel for the Class (Robins Kaplan) within five business days following the grant of preliminary approval along with links to the First Amended Complaint, Court's Post-Trial Findings of Fact and Conclusions of Law (ECF No. 359), and the Court's entry of permanent injunction re: former Brentwood School leased grounds (ECF No. 357).

## IV. CONCLUSION

For all the foregoing reasons, the Class requests that the Court preliminarily approve the settlement pursuant to Federal Rule of Civil Procedure 23(e), and approve the attached Notice and the manner of giving notice.

DATED: October 15, 2024

**PUBLIC COUNSEL LAW CENTER**
   MARK D. ROSENBAUM
   KATHRYN A. EIDMANN
   AMANDA K. PERTUSATI
   AMANDA MANGASER SAVAGE
   AMELIA PIAZZA

/s/ *Mark D. Rosenbaum*
MARK D. ROSENBAUM

Attorneys for Plaintiffs

DATED: October 15, 2024

**BROWN GOLDSTEIN & LEVY, LLP**
   EVE L. HILL
   JAMIE STRAWBRIDGE

/s/ *Eve L. Hill*
EVE L. HILL

Attorneys for Plaintiffs

DATED: October 15, 2024

**INNER CITY LAW CENTER**
   T.E. GLENN
   AMANDA POWELL
   CHARLES KOHORST

s/ *T. E. Glenn*
T. E. GLENN

Attorneys for Plaintiffs

DATED: October 15, 2024

**ROBINS KAPLAN LLP**
   ROMAN M. SILBERFELD
   DAVID MARTINEZ
   TOMMY H. DU

/s/ *Roman M. Silberfeld*
ROMAN M. SILBERFELD

Attorneys for Plaintiffs