# EXHIBIT A

## Settlement Agreement

## SETTLEMENT AGREEMENT AND RELEASE

The land at issue in this settlement agreement and the accompanying and attached documents belongs to the United States and was and is to be kept for the benefit of veterans who served in the United States Military as deeded in 1888 to the Federal Government by Arcadia Bandini de Baker.   This **SETTLEMENT AGREEMENT AND RELEASE** ("Settlement Agreement") is made and entered in connection with the class action lawsuit titled *Jeffrey Powers, et al. vs. Denis Richard McDonough, in his official capacity as Secretary of Veterans Affairs, et al.*, filed in the United States District Court for the Central District of California and assigned Case No. 2:22-cv-08357 ("Class Action").  The parties to this Settlement Agreement are Jeffrey Powers, Joseph Fields, Lavon Johnson, National Veterans Foundation, Joshua Robert Petitt, Deavin Sessom and Laurieann Wright in their representative capacities on behalf of the certified class and individually ("Plaintiffs") and the Brentwood School ("Brentwood School").  Collectively herein, Plaintiffs and the Brentwood School are at times referred to herein individually as a "Party" and collectively as the "Parties."

## RECITALS

A.    While the U.S. Department of Veteran Affairs ("VA") was invited to be part of this Settlement Agreement, the VA has chosen to object.  The VA was substantially in agreement with an earlier version of this Settlement Agreement other than the sections addressing the Court's continuing jurisdiction and the VA's scope of appeal as it relates to Brentwood School This Settlement Agreement is contingent upon the Court, as referenced below, entering an order that the VA and Brentwood School enter into a form of enhanced facilities use sharing agreement that permits Brentwood School to use the VA land;

B.    Brentwood School understands and recognizes that the 22.06 acres of land at issue in this Settlement Agreement does not belong to Brentwood School and, through this Settlement Agreement, Brentwood School is being granted the right to share access to the land.  The principal focus of the 22.06-acre enhanced facilities use sharing agreement with Brentwood School that is the subject to this Settlement Agreement is so that Veterans and their families will have access and use as set forth herein.  The Parties recognize that it is unlikely that at least for the foreseeable future, the VA would build or be in a position to maintain the athletic facilities that are currently on the 22.06 acres in Brentwood School's absence;

C.    WHEREAS, Plaintiffs initiated the Class Action against the VA alleging multiple violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 for discrimination and denial of meaningful access, Breach of Fiduciary Duty as Trustee of Charitable Trust seeking both injunctive relief and mandamus relief, violation of the Administrative Procedure Act in connection with the West Los Angeles Leasing Act of 2016 and its 2021 amendment and an accounting ("Allegations in FAC");

D.    WHEREAS, Brentwood School is not a party to the Class Action;

E.  WHEREAS, the VA has jurisdiction and control of certain real property and facilities known as the West Los Angeles Campus, in Los Angeles, California (hereinafter the "WLA Campus" or "WLA CAMPUS"), which provides services and benefits to the nation's Veterans.  The portion of the larger WLA Campus property that is subject to this Settlement Agreement consists of approximately 22.06 acres of real property at the WLA CAMPUS (the "22.06 Acre Site" and also referred to herein as the Property), as further described and depicted in Exhibits "A" and "B," respectively;

F.  WHEREAS, Plaintiffs allege one of the driving issues in the Class Action is the desire and need for housing on the WLA Campus for disabled veterans;

G.  WHEREAS, the West Los Angeles Leasing Act of 2016 (H.R. 5936) hereinafter referred to as "the West LA Leasing Act," authorizes the VA to grant and/or enter into certain agreements consistent with the terms and conditions set forth therein;

H.  WHEREAS, the Article III judge assigned to the Class Action, Hon. David Carter, has reviewed this Settlement Agreement and its terms and agrees and finds that it complies with the West LA Leasing Act and that it principally benefits veterans;

I.  WHEREAS, the Plaintiffs and the Court have determined that the agreement contemplated by this Settlement Agreement and the consideration to be provided from Brentwood School is consistent with VA's mission and operations, and will help revitalize the WLA Campus for the benefit of Veterans and their families.  The Plaintiffs recognize that Brentwood School will be a key partner in the support of Veterans on the WLA Campus and that preserving the relationship with Brentwood School is in everyone's best interest;

H.  WHEREAS, Brentwood School is a not-for-profit (501c3) independent school.  It owns 8 acres of land contiguous to the WLA Campus.  VA has allowed, through various informal and formal agreements, Brentwood School to use portions of the WLA Campus since the mid-1970s.  Plaintiffs contend the VA first began allowing Brentwood School to use its property in the mid-1970s, the same period that the campus's focus shifted away from housing veterans.  Plaintiffs contend for the first two decades of the parties' relationship, Brentwood School used VA land for student parking as well as for some school and athletic events pursuant to a series of temporary arrangements.  Plaintiffs contend the Brentwood School never paid any rent to the VA for these uses—they occupied veterans' land for free.  Plaintiffs contend and the Court found in its Order that in the late 1990s, Brentwood School wanted to create a "more formal, permanent, and long-term association with the VA." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law; pg. 53:23-54:4;

I.  WHEREAS, the Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that in or about 1999, the VA and Brentwood School entered into an Enhanced Sharing Agreement for Brentwood School to build athletic facilities on 22 acres of the West Los Angeles VA Grounds.  The Enhanced

2

Sharing Agreement's term was ten years, with a mutual option to extend it for an additional decade. "After this agreement was signed, Brentwood School initially spent approximately $15 million developing their athletic facilities, which now include three baseball fields, a workout tent, a stadium field and track, a basketball/volleyball pavilion, pool, and tennis courts. "The completed facilities included an aquatic center featuring an Olympic-sized pool named after two donors who gifted the school $10 million. Given the size of the investment that the Brentwood School put into its facilities, it must have had some understanding with the VA that it would be a permanent occupant of the land, notwithstanding its time-limited lease." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law; pg.54:10-20;

J.    WHEREAS, the Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that Following a related lawsuit, Brentwood School entered into a lease with the VA that was executed in 2016. The lease permitted Brentwood School to rent the 22 acres in exchange for annual payments of both money and "in kind" credits. The in kind credits consist of maintenance and upkeep as well as a range of services as set forth in the 2016 lease. The 22 acres the VA leased to Brentwood School in 2016 covers 5.5 percent of the WLA Campus. The lease allows Brentwood School to maintain the athletic facilities on these 22 acres. "In exchange, Brentwood School pays $850,000 annually to the VA." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 55:13-15. "In addition to monetary consideration, the Brentwood School provides inkind consideration of $918,000. Id. at 82. This in-kind consideration consists primarily of upkeep and maintenance of the 22 acres, as well as some services provided to veterans, including offering special events to veterans, donation drives spearheaded by the Brentwood School, as well as scholarships." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 54:19-23;

K.    WHEREAS, The Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that the lease obligated Brentwood School to provide veterans with some access to its athletic facilities. Critically, however, Brentwood School, not the VA or veterans, decide the times and manner in which veterans may enter the campus and use the facilities. September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 54:24-26;

L.    WHEREAS, The Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that in 2018, the VA Office of the Inspector General (OIG) audited Brentwood School's lease. The OIG determined, "the Brentwood School lease violated the West Los Angeles Leasing Act because the purpose was not to principally benefit veterans and their families; rather, the principal purpose of this lease was to provide the Brentwood School continued use of the athletic facilities." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 55:11-16;

M.    WHEREAS, the Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that under any common sense reading of the lease,

3

the athletic facilities on the 22 acres principally benefit Brentwood School, not veterans. As such, the VA's lease with Brentwood School violates the agency's fiduciary duty to veterans. September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 58:3-5;

N.    WHEREAS, the Court found in its September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law that "Brentwood School's lease with the VA for its student athletic facilities violates the Leasing Act, and by extension, the VA's fiduciary duty to veterans. Accordingly, the Brentwood School lease is void. To ensure the land is put to a use that principally benefits veterans, the Court will determine an exit strategy for the Brentwood School's 22 acres following the hearing on injunctive relief." September 6, 2024 Post Trial Opinion; Findings of Fact & Conclusions of Law pg. 60:8-12;

O.    WHEREAS, the Parties to this Settlement Agreement agree that they do not need to take a position as to whether they agree or disagree with the Court's rulings in order to enter into this Settlement Agreement, which is intended to ensure Veterans and their families principally benefit from the land and athletic facilities on the 22.06 acres, allowing Brentwood to use the 22.06 acres of veteran land during certain hours and under certain conditions and for renewing one year terms unless certain VA needs are determined to exist;

P.    WHEREAS, it is possible, but far from certain, that all or a portion of the 22.06 acres that are the subject of this Settlement Agreement may be required for disabled Veteran housing at some point in the future;

Q.    WHEREAS, the Parties agree that in light of the Court's rulings in the Class Action, in order for Brentwood School to be able to continue to use the 22.06 acres, the VA needs to have the ability to terminate part or all of Brentwood School's use of the 22.06 acres going forward;

R.    WHEREAS, in the prior lease, Brentwood School provided services for which it received in kind credit. It will also provide services under the agreement to be entered into as between VA and Brentwood School for the use of the land, which will include the relevant terms of this Settlement Agreement and be in substantially the same form as the 2016 Lease and for which it will get in kind credit;

S.    WHEREAS, the Parties make this Settlement Agreement because both the Plaintiffs' Class and Brentwood School want to use and enjoy the aforesaid property and do not want to change the current nature of the use of the property unless absolutely necessary for development of housing for disabled Veterans;

T.    WHEREAS, the Parties desire to enter into this Settlement Agreement in order to memorialize their agreement with respect to the use and conditions of the 22.06 acres and to obtain Court approval of the same, upon the terms and conditions set forth below:

AGREEMENT

NOW, THEREFORE, in consideration of the Recitals above, the mutual promises, covenants, and undertakings contained in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and contingent upon the Court ordering the VA to enter into the agreement for substantially for the use of the land, which will include the relevant terms of this Settlement Agreement and be in substantially the same form as the 2016 Lease, the Parties, intending to be legally bound, hereby agree as follows:

1.    Recitals.    The Recitals set forth above are incorporated into this Settlement Agreement as if set forth fully in this Settlement Agreement.

2.    Cash Payments in Addition to Rent and In-Kind.    As part of the consideration for entering into this Settlement Agreement, Brentwood School shall make a payment totaling $5 million as follows:

2.1    Within 60 days of the Court's issuance of an order granting approval at the fairness hearing, Brentwood School will make a payment in the amount of $3 (three) Million to the VA Lease Revenue Fund.

2.2    Within 365 days of the Court's issuance of an order granting approval at the fairness hearing, Brentwood School will make a payment in the amount of $2 (two) Million to the VA Lease Revenue Fund.

2.3    Purpose.    The sole purpose of directing the settlement payments under this agreement to the VA Lease Revenue Fund is to ensure that the sole and exclusive purpose of the use of these funds by VA is to provide temporary supportive housing and permanent supporting housing and related community services to veterans on the WLA Campus.    Any use of the settlement funds other than for the purposes enumerated in this paragraph are specifically prohibited, unless otherwise ordered by the Court. The settlement proceeds so deposited shall only be used and applied to the costs associated with, in the first instance, temporary supportive housing and, if funds remain thereafter, to permanent supportive housing on the WLA Campus.

3.    Term.    As part of the consideration for the consideration for entering into this Settlement Agreement, Brentwood School and the VA shall enter into the real property agreement include the relevant terms of this Settlement Agreement and be in substantially the same form as the 2016 Lease.    The term of the agreement to be entered into is one (1) year and is subject to renewing one year terms on the same contractual agreement, except as set forth therein and herein.

4.    Rental Fee.    The Parties agree that Brentwood School will be responsible for making rental payments under the terms set forth in the real property agreement for the use of the land, which will include the terms of this Settlement Agreement and be in substantially the same form as the 2016 Lease.    Said rental payments will come in the form of cash payments and in-kind services, and are reflective of fair market value and will be on the following terms:

4.1    Brentwood School agrees to make monthly rent payments, annualized to equal $1 million made payable to the VA Lease Revenue Fund for each year that Brentwood School occupies the Core Facilities, as that term is defined below.    Subject to the agreement being

31253057.26

renewed, commencing on year 2 of the renewal, the annualized rent will increase by 3% or CPI, whichever is greater, and will increase each subsequent year.  The Parties also agree that there will be an annual determination of the fair market value of the remaining portion of the 22.06 acres using the methodology set forth in the attached real property agreement.

   4.2 <u>In Kind Consideration from Brentwood School to VA</u>.  Brentwood School shall also provide VA with annual in-kind consideration up to a value of $1,500,000.  The annual in-kind consideration shall be comprised of the terms identified and discussed below and as further described in the real property agreement for the use of the land, which will include the terms of this Settlement Agreement and be in substantially the same form as the 2016 Lease.:

   4.3 Category A - Operation, maintenance, and upkeep of the shared portions as will be set forth in the real property agreement to be entered into:

    a. Other than for portions of the 22.06 acres where access has been revoked, Brentwood School shall continue to operate and maintain (including insurance and utility costs) the Veterans Center for Education & Recreation ("VCRE") facilities on the 22.06 Acre Site, to provide access to the recreational facilities (e.g., tennis, volleyball, basketball, track, soccer, baseball, and football), fitness coaching, classes and clinics in activities such as swimming, conditioning, and health and wellness for Veterans referred from the WLA Campus to and cleared through the Brentwood School.  Should any portion of the 22.06 acres be revoked as set forth herein, Brentwood School will have no further obligations to that portion effective upon receipt of the notice.

    b. Other than for portions of the 22.06 acres where access has been revoked, the Brentwood School shall provide for the repair and replacement costs for the upkeep of the 22.06 Acre Site, including but not limited to, the property, physical structures, equipment, and grounds (roads, lawns, shrubbery, and trees.  Should access to any portion of the 22.06 acres be revoked pursuant to paragraph 5, Brentwood School will have no further obligations to that portion effective upon receipt of the notice.

   4.4 Category B - Special programs and events benefitting Veterans and their families (the "Category B Consideration"); Brentwood School shall host activities, opportunities and other special events on the 22.06 Acre Site, on the athletic fields and complex on the portion of the 22.06 Acre Site, and/or on other portions of the WLA Campus for Veterans and their families, not less than three (3) times per year, to allow for social interaction, to help connect Veterans and their families with each other and the local community, to supply Veterans with basic needs (i.e. food, clothing, household goods, and/or pet supplies), and to further educate and inform the Veterans in attendance about the Veteran access (VCRE) program.

   4.5 Category C - Capital costs and improvements relating to activities on the 22.06 Acre Site to benefit Veterans and their families: VA and Brentwood School may (but shall not be obligated to) jointly agree to Brentwood School's construction of long-term capital improvements and capital upgrades to the 22.06 acres discussed in this Settlement Agreement (including, without limitation, a new weight room facility and/or housing), to provide additional benefits to Veterans and their families.  Any such capital improvements shall be evaluated for required compliance activities with applicable laws and regulations, including but not limited to

6

those regarding the National Environmental Policy Act (NEPA), and the National Historic Preservation Act (NHPA). Brentwood School shall commence the necessary compliance activities and coordinate with VA early in the planning process. In that regard, the parties agree and recognize that as a Federal agency, VA must be notified of activities that have the potential to impact the environment and historic properties under its jurisdiction and control. Furthermore, any such proposed capital improvements shall be subject to review and approval of VA's Designated VA Representative. Such review and approval shall be based on Brentwood School providing final designs of such facilities and demonstrating completion of the required NEPA, NHPA, and/or other compliance activities required under applicable law. If VA and Brentwood School jointly agree to such joint-use long-term capital improvements, the costs thereof shall be amortized, applying an annual interest rate of 5%, over an agreed upon term, and VA's share of such amortized costs shall be deducted from Brentwood' School's annual rent due including in-kind or paid back in lump sum to Brentwood School as agreed upon by VA and Brentwood School.

      4.6    Category D - Athletic, recreational, and educational programs and activities to benefit Veterans and their families (the "Category D Consideration"). Brentwood School shall provide regular and ongoing free educational services to Veterans and their families, consisting of fitness coaching during Veteran use hours of the VCRE fitness facilities, courses, seminars, workshops, and clinics in mutually agreed upon areas of general adult education, such as nutrition, health, fitness, wellbeing, computer literacy, and vocational skills training. Brentwood School shall coordinate with VA prior to each semester of the school year to determine the optimal courses, slots, location, and frequency of the educational services to be provided.

      4.7    Category E - Transportation Shuttle. Brentwood School shall provide transportation services to support Veterans living on the West LA Campus as discussed and agreed to upon between VA and Brentwood School. Such services could include a looping shuttle for access to medical facilities, a weekly shuttle to and from Westwood Village, and a daily VCRE shuttle between identified stops at the WLA Campus and the 22.06 Acre Site, for the activities, events, and services described in this Lease. Brentwood School will operate the VCRE shuttle during the open hours for all hours other than those granted to Brentwood School for use of the athletic facilities. Alternatively, for those Veterans driving to the 22.06 Acre Site for activities, events, and services described in the lease, reasonable amounts of parking will be available on a non-exclusive basis, subject to availability, in those parking areas designated by Brentwood School.

      4.8    Category F - Based on the VA-established criteria and application process that will define priority consideration among children and grandchildren of Veterans as candidates for participation in Summer at Brentwood, a program open to the general public and/or consideration by Brentwood School for admission upon application to Brentwood School, an independent co-educational college preparatory K-12 school, Brentwood School shall, during each summer, provide not less than one hundred twenty (120) weeks of full scholarship to Summer at Brentwood School, for children and grandchildren of Veterans. Brentwood School may also provide up to the equivalent of three (3) full financial assistance awards (based on determination of financial need, after application and acceptance to, and enrollment in Brentwood School as a full-time student)for Brentwood School tuition and fees, in any given year during the Lease term to admitted children of Veterans, pursuant to program and eligibility criteria that the parties will seek to memorialize in writing and publicize within sixty (60) days after the Effective Date of this

7

Lease.  Brentwood School will, on a priority basis, facilitate the application process for qualified candidates from these programs, by providing information about the school and its programs, assistance with all forms, and counseling about deadlines and other application requirements. While admission cannot be guaranteed, special attention will be given to qualified applicants.

4.9    Category G - Brentwood School will provide web-based support to conduct master scheduling for all Veteran-related activities, events, and services on the 22.06 Acre Site. Brentwood School will coordinate the development of the website with VA, to ensure it adequately and accurately describes and addresses the scheduling issues, and so VA may, at its discretion, publicize a link to the VCRE Website.

4.10    Category H- Brentwood School will appoint a communications coordinator who will be in charge of publicizing the activities and services for Veterans and their families that Brentwood School will provide pursuant to the lease.  In partnership with VA, Brentwood School will publicize all of the activities and services that it provides for Veterans and their families to ensure meaningful access.

5.    <u>Rights and Obligations to Revoke Brentwood School's Access.</u>

5.1    The Plaintiffs and the Court agree that Brentwood School shall have the continuing right, subject to the other terms set forth herein, to use the lower softball field (also known as MacArthur field).  However VA is entitled to revoke Brentwood School's right to access and use of MacArthur field subject to 45 days' written notice.  Once the 45 days expire, Brentwood School will have no further obligations with respect to MacArthur field as otherwise required under the lease such as maintenance as of the grounds, the facilities, the infrastructure, paying for any utilities, etc.  That parcel will be treated as if it was never within the agreement to be entered, but will not alter the base rental fee set forth herein and in the lease.

5.2    The Plaintiffs and the Court agree that Brentwood School shall have the continuing right, subject to the other terms set forth herein, to use the upper baseball and soccer field (also known as Parcel 9).  However VA is entitled to revoke Brentwood School's right to access Parcel 9 on 180 days' notice, but not earlier than July 1, 2025.  Once the 180 days expire, Brentwood School will have no further obligations with respect to maintenance as to the grounds, the facilities, the infrastructure, paying for any utilities, etc.  That parcel will be treated as if it was never within the agreement to be entered.

5.3    The Parties agree that the currently approved VA Master Plan, which calls for the development of 1200 permanent units, does not presently plan to construct said units on any of the 22.06 acres.  The same is the case for the 750 temporary units.  Other than with respect to the MacArthur field and Parcel 9, VA shall only be permitted to revoke Brentwood School's access and use to other parcels as a matter of last resort.  To be more specific, but in no way to limit the category, the entry off of Barrington, the swimming pool area, the pavilion, the track and football fields and the tennis courts are designated as areas of last resort ("Core Facilities"), which means that VA shall use its best efforts to use other parcels of land in the former leased grounds for any veteran related purposes before giving notice to Brentwood School of its intention to cancel further use by Brentwood School of the described property.  VA can only revoke access and use to the Core Facilities if it is determined by either the Court or the Court appointed monitor that

those parcels are necessary to be used for the development of either short term or long housing of disabled Veterans and/or their families. VA shall have the right to revoke access to and use of the Core Facilities upon 365 days' written notice, which must occur on or before August 15 of any year in which the revocation is intended to be effective (i.e., notice must be given at least one year in advance of the following school year). Once the 365 days expire, Brentwood School will have no further obligations with respect to maintenance as to the grounds, the facilities, the infrastructure, paying for any utilities, etc. Those parcels will be treated as if they were never within the agreement to be entered. Brentwood School will be invited to be and entitled to be part of any discussions for development of the Core Facilities.

6.    <u>Brentwood School's Right to Terminate the Lease</u>.  Brentwood School shall have the right to terminate the agreement, at its sole discretion upon one year's notice.  If Brentwood School terminates, then the obligations, other than the lump sum payment, cease at the end of the then applicable term.

7.    <u>Veterans Hours Of Use</u>.  It is agreed by the Parties the agreed upon premise is that during Open Hours (5:30 a.m. to 10:00 p.m. Monday-Friday and 5:30 a.m. to 9 p.m. on Saturday and 5:30 a.m. to 7:00 p.m. on Sunday, with the exception of pool hours which will be different due to the need to staffing of a lifeguard), except as provided in the following paragraph, Veterans have access to use the 22.06 acres. All Veterans will have to register and clear background checks limited to Megan's Law in order to access the 22.06 acres in the same way that they presently do as well as signing in and out in the same way that they presently do, including showing valid state ID or VAGLAHS ID. Whatever information is gathered as part of the background check will be kept confidential. To be clear, Brentwood School has no implied right to access medical records. All Veterans will be required to comply with the same code of conduct that they are presently required to comply with.

8.    <u>Brentwood School's Permitted Hours of Use</u>.  The Parties agree that, other than for purposes of access and maintenance, the Brentwood School shall have the Exclusive Right to Access and Use the sports facilities during certain hours to be determined, but estimated to be 2:00 p.m. to 7 p.m. Mondays through Thursdays, 2:00 p.m. to 8:00 p.m. on Fridays except annually published Football Blackout Dates (approx 5 total in Aug-Nov) (without penalty or breach if a game reasonably unexpectedly requires additional time) and 8:00 a.m. through 2 p.m. on Saturday (without penalty or breach if a game reasonably unexpectedly requires additional time). Brentwood School shall have full time access for ingress and egress using the gate, driveway off of Barrington and is permitted to use parking lots as currently configured and used.

9.    <u>Class Settlement</u>.

9.1    As soon as practicable after the execution of the Settlement Agreement, Plaintiffs' Counsel and counsel for Brentwood School shall jointly submit this Settlement Agreement to the Court, and Plaintiffs' Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order requesting, inter alia:

a.    preliminary approval of the Settlement Agreement as set forth herein;

b.      approval of a customary form of notice to be emailed or mailed by first-class United States Postal Service ("USPS") mail to each of the homeless- and veteran advocacy/resource organizations as approved by the Court.

c.      approval of the Notice to be posted on the Settlement Website in a form substantially similar to Exhibit C attached hereto, shall include a fair summary of the Parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to the settlement, and the date, time and place of the Final Approval Hearing (as defined below);

9.2      Notice to the Settlement Class:

a.      Settlement Website: Prior to the dissemination of the Notice, Plaintiffs' counsel shall establish the Settlement Website, which will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates, deadlines, and related information.  The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Notice; (ii) the Preliminary Approval Order; (iii) this Settlement Agreement; (iv) the operative Class Action Complaint filed in the Class Action; and (v) any other materials agreed upon by the Settling Parties and/or required by the Court.

b.      Notice: Within five (5) days after entry of the Preliminary Approval Order, subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, Plaintiffs' counsel will provide notice to the Settlement Class Members as follows:

i.      Via email or by certified mail, return receipt requested to each of the homeless- and veteran-advocacy/resource organizations as approved by the Court. to the email address provided by Plaintiffs' and/or the VA for the Settlement Class Members, to the extent an email address is available for the Settlement Class Member;

c.      Publishing, on or before the date of emailing/mailing the Notice on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the Settlement Website throughout the claim period;

d.      Contemporaneously with seeking final approval of the Settlement, Plaintiffs' Counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice.

9.3      The Notice, and other applicable communications to the Settlement Class may be adjusted in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval.

9.4      Plaintiffs' Counsel and Brentwood School's counsel shall request that after notice is completed, the Court hold a hearing (the "Final Approval Hearing") and grant final approval of the settlement set forth herein.

9.5      Objection Procedures.

10

a.      Each Class Member desiring to object to the Settlement Agreement shall submit written notice of his or her objection to be postmarked no later than November 1, 2024—the "Objection Date." Such notice shall state: (a) the objector's full name, address, telephone number, and e-mail address (if any); (b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (d) the identity of any and all counsel representing the objector in connection with the objection; (e) a statement as to whether the objector and/or his or her counsel will appear at the Final Approval Hearing, and; (f) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court and contain the case name and docket number, by no later than the Objection Date, and served concurrently therewith upon Plaintiffs' Counsel Roman Silberfeld, Robins Kaplan LLP, 2121 Avenue of the Stars, 28th Floor, Los Angeles, CA, 90067.

b.      Any Settlement Class Member who fails to comply with the requirements for objecting shall be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 9.5.a. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Judgment and Order to be entered upon final approval shall be pursuant to appeal under the California Rules of Appellate Procedure and not through a collateral attack.

10.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination.

10.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a.      The Court has entered the Preliminary Approval Order and Publishing of Notice of a Final Approval Hearing; and

b.      The Court has entered the fairness hearing Order granting final approval to the settlement as set forth herein.

c.      The Court issuing an injunction against VA on terms consistent with the terms of the Settlement Agreement.

10.2    If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated, and deemed void and of no effect, unless Plaintiffs' Counsel and Brentwood School's counsel agree in writing to proceed with the Settlement Agreement.

10.3    In the event that the Settlement Agreement or the releases set forth in herein above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (a) the Settling Parties shall be restored to their respective

11

positions in the Action and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and (c) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

11.    Stipulation For Brentwood School to Intervene to File a Notice of Appeal.  The Parties agree that it is the expectation of this Settlement Agreement that all claims involving Brentwood School will be resolved.  However, the time period contemplated by this Settlement Agreement is likely to exceed the statutory amount of time for Brentwood School to file an appeal. To that end, the Parties agree to stipulate for Brentwood School to intervene in the Class Action in order to file a timely notice of appeal.  The appeal would be a protective appeal.  In the event of an appeal filed by VA, the Plaintiffs agree that Brentwood School may file a notice of renewal of the lease that the Court has deemed void.

12.    Release.  Effective upon approval by the Court and as except for the requirements expressly set forth in this Settlement Agreement, for and in consideration of the mutual covenants set forth herein, which are hereby excluded from and survive this general release and waiver, Plaintiffs individually and in their representative capacity and on their respective behalf, and on behalf of their respective past, present and future successors, agents, and assigns, and all those who claim through them or who assert claims on their behalf, grantees, devisees, predecessors, insurers, related persons, representatives, employees, officers, directors, shareholders, members, managers, accountants, receivers, advisors, investors, managers, servants, vendors, purchasers, consultants, partners, affiliates, real estate agents, independent contractors, successors, predecessors in interest, joint ventures, and commonly-controlled corporations or any other entities in which the Parties have an interest (cumulatively "Releasing Parties") hereby fully release, acquit and forever discharge Brentwood School and its respective past, present and future successors, agents, and assigns, and all those who claim through them or who assert claims on their behalf, grantees, devisees, predecessors, insurers, related persons, representatives, employees, officers, directors, shareholders, members, managers, accountants, receivers, advisors, investors, managers, servants, vendors, purchasers, consultants, partners, affiliates, real estate agents, independent contractors, successors, predecessors in interest, joint ventures, and commonly-controlled corporations or any other entities in which Brentwood School has an interest, (cumulatively "Released Parties) of and from any and all past, present, or future claims or obligations of any nature whatsoever, whether based upon tort, contract or statute and whether compensatory or punitive, arising out of or related to the prior use of the property, the prior lease agreements, and the Class Action.  Similarly, Brentwood School releases the Plaintiffs from any and all past, present, or future claims or obligations of any nature whatsoever, whether based upon tort, contract or statute and whether compensatory or punitive, arising out of or related to the prior use of the property, the prior lease agreements, and the Class Action.  The releases set forth herein extend to any and all liabilities, causes of action, actions, debts, charges, complaints, suits, claims, obligations, costs, expenses, demands, orders, penalties, losses, damages, rights, judgments of every character, nature kind or source, attorney's fees, expenses, bonds, bills, penalties, fines, loss of services, loss of earnings, expenses and compensation of any nature whatsoever, including, without limitation, any and all known or unknown claims of bodily, personal, property, economic (including subrogation rights and claims) and non-economic injuries, and all other legal responsibilities of any form whatsoever,

whether known or unknown, whether held or whether hereafter may be accrued or otherwise acquired, which existed and/or was due to alleged conduct or alleged lack of conduct, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory or other of any jurisdiction, foreign or domestic, whether in law or in equity, which any of the Releasing Parties had or may claim to have against any of the Released Parties, including, without limitation, those arising out of or relating to: (i) Brentwood School's use, operation, and or lease of the 22.06 acres, (ii) any leases or sharing agreements between Brentwood School and the VA (iii) the Class Action and (iv) any costs, attorneys' fees or expenses incurred by the Releasing Parties in connection with the subject matter of this Settlement Agreement which the Parties may now have or claim to have against the Released Parties that in any other way arises from or are connected with or which could have been asserted in connection with the Class Action , and the Parties further covenant and agree that this Settlement Agreement may be pleaded or asserted by or on behalf of the Released Parties as a defense and complete bar to any action or claim that may be brought against or involving the Released Parties by anyone acting or purporting to act on behalf of one of the Parties with respect to any of the matters within the scope of this Settlement Agreement.

13.     Notwithstanding any and all provisions of Paragraphs 11, 13 and/or 14 of this Settlement Agreement, the release terms, the extent and scope thereof recited in Paragraph 11 do not extend, and do not affect in any way the legal rights, duties and obligations of defendants VA and HUD to the Plaintiff Class as held by the Court in its post-trial opinion, the rights, duties and obligations of intervenor Bridgeland Resources Inc. as held by the Court in its posttrial opinion, or non-parties the Regents of the University of California and Safety Park as held by the Court in its posttrial opinion.  Nothing in Paragraphs 11, 13,14, 28 and/or 29 of this Settlement Agreement shall operate as a retraxit or withdrawal of any of Plaintiffs' claims against Defendants VA, HUD, Intervenor Bridgeland Resources or non-parties the Regents of California or Safety Park.

14.     It is understood that the Releasing Parties have suffered damages which are unknown at present, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the Class Action.  The Parties acknowledge that the sums paid and other actions taken in consideration for this Settlement Agreement are intended to and do release and forever discharge any claims by the Releasing Parties in regard to such unknown or future damages other than as set forth herein related to the Class Action.

15.     Subject to the limitations set forth in paragraph 12 above, and solely related to claims by and/or against the Brentwood School, the Parties hereby expressly and knowingly waive and relinquish any and all rights that they have or might have relating to the released claims and any claim that could be asserted against any of the Released Parties in connection with the Class Action under California Civil Code § 1542 (and under other statutes or common law principles of similar effect), which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE

MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

16.     No Party, nor any of the Released Parties, shall have any liability whatsoever for amounts owed for taxes by the other Party.  Each party shall be solely responsible for determining whether taxes are due in connection with the amounts paid under this Settlement Agreement and/or the lease.  Each Party shall bear, and shall hold harmless the other Party and Released Parties from and against, any and all tax liability, including, but not limited to, liability for taxes, interest and penalties.

17.     <u>Attorneys' Fees</u>.  Each party hereto shall bear its own attorneys' fees and costs incurred in connection with the Class Action and this Settlement Agreement as to Brentwood School only.  To be clear, Plaintiffs right to seek fees and costs from the VA are preserved and not part of this Settlement Agreement, but no party will seek fees or costs from Brentwood School Plaintiffs' Counsel agrees to bear any fees associated with class administration.

18.     <u>Entire Agreement and Successors in Interest</u>.  This Settlement Agreement and Release contains the entire agreement between the Parties and shall be binding upon and to the benefit of the executors, personal representatives, heirs, successors and assigns of each.  This Settlement Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Settlement Agreement are contractual and not merely recitals.  Further, this Settlement Agreement supersedes any previous negotiations, agreements and understandings.  The Parties acknowledge that they have not relied on any oral or written representations by the other Party to induce it to sign this Settlement Agreement, other than the terms of this Settlement Agreement.

19.     <u>No Admission</u>.  It is understood and agreed that this Settlement Agreement and the performance of other obligations herein, including the recitals and the payment of the settlement payment are for the sole purpose of compromising the disputed released claims and that this Settlement Agreement shall not be construed as an admission of liability by any Party

20.     <u>Invalid Provisions</u>.  If, after the date hereof, any provision of this Settlement Agreement is held to be illegal, invalid, or unenforceable under present or future laws effective during the term of this Settlement Agreement, such provision shall be fully severable.  In lieu thereof, there shall be added a provision as similar in terms to such illegal, invalid or unenforceable provisions as may be possible and be legal, valid and enforceable.

21.     <u>Continuing Jurisdiction</u>.  The Parties acknowledge and consent that the Court in the Class Action shall retain jurisdiction to enforce the terms of this Settlement Agreement.

22.     This Settlement Agreement may not be waived, altered, amended or repealed, in whole or in part, except upon written agreement executed by the Party or Parties against whom or which enforcement is sought.

23.     As an express condition of this Settlement Agreement, Brentwood School and the VA will enter into the enhanced facilities use sharing agreement/lease for the use of the land, which will include the terms of this Settlement Agreement and be in substantially the same form as the 2016 Lease.  Should there be any conflicts between the terms of the enhanced facilities use sharing

14

agreement/lease and the terms of the Settlement Agreement, the Parties agree that this Settlement Agreement will control.

24.    The Parties represent and warrant that: (i) they own the released claims released in this Settlement Agreement; (ii) no other person or entity has any interest in such released claims; (iii) they have not sold, assigned, conveyed or otherwise transferred any such released claims or their rights or any other released claims or demand against any of the Parties; and (iv) they have the sole right to settle and release such released claims.

25.    This Settlement Agreement is entered into in the State of California.    This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of California.

26.    This Settlement Agreement shall be deemed to have been drafted jointly by the Parties.  No law or rule requiring the interpretation of uncertainties against a drafting Party shall apply.  In the event that any language of this Settlement Agreement is found to be ambiguous, each Party shall have an opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language.

27.    The individuals whose signatures are affixed to this Settlement Agreement in a representative capacity represent and warrant that they are authorized to execute the Settlement Agreement on behalf of and to bind the entity on whose behalf the signature is affixed.

28.    The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement; and (c) agree to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

29.    The Settling Parties intend this settlement to be a final and complete resolution of all disputes regarding the former leased premises occupied by Brentwood School.  All other disputes between Plaintiffs and VA are explicitly not resolved.   The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  It is agreed that no Party shall have any liability to any other Party as it relates to the Class Action, except as set forth in the Settlement Agreement.

30.    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Brentwood School; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Brentwood School in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Brentwood School may file the Settlement Agreement and/or the Final Judgment and Order in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata,

15

31253057.26

collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

31.    Except as to the rights of Brentwood School under paragraph 10 the Parties to this agreement specifically waive any and all rights to post-trial motions, motions for reconsideration, motions to intervene and rights of appeal or extraordinary relief from a reviewing court as a material term of this agreement with reference to this settlement and any of the Court's findings of fact, conclusions of law, the Court's Post Trial Opinion, any emergency orders issued by the Court that refer to the factual background of the former Brentwood School leased premises.

**IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed as of the effective set forth above.**

DATED: _____         JEFFREY POWERS, individually and on behalf of the Class

_____
By:    Jeffrey Powers

DATED: _____         JOSEPH FIELDS, individually and on behalf of the Class

_____
By:    Joseph Fields

DATED: _____         LAVON JOHNSON, individually and on behalf of the Class

_____
By:    Lavon Johnson

DATED: _____         NATIONAL VETERANS FOUNDATION, individually and on behalf of the Class

_____
By:
Its:

16

31253057.26

DATED: _____          JOSHUA ROBERT PETITT, individually and on
                                 behalf of the Class

                                 _____
                                 By:    Joshua Robert Petitt


DATED: _____          DEAVIN SESSOM, individually and on behalf of
                                 the Class

                                 _____
                                 By:    Deavin Sessom


DATED: _____          LAURIEANN WRIGHT, individually and on behalf
                                 of the Class

                                 _____
                                 By:    Laurieann Wright


DATED: _____          BRENTWOOD SCHOOL

                                 _____
                                 By:    Adam Cohn
                                 Its:   Chairman of the Board

17

## EXHIBIT "A"

## LEGAL DESCRIPTION OF PROPERTY



*John M. Cruikshank Consultants*
16921 S. Western Avenue, Suite 201
Gardena, CA  90247

Phone: 310-329-4144          Fax: 310-329-4143          www.jmc-2.com



### EXHIBIT B

**BOUNDARY DESCRIPTION**
**SHARING AGREEMENT**
**BRENTWOOD SCHOOL – DEPT. OF VETERAN'S AFFAIRS**
**LOS ANGELES, CALIFORNIA**

That portion of the Pacific Branch: National Military Home, established 1866 by act of Congress approved March 31, 1866, located in Los Angeles County, 4 miles east of Santa Monica, as described thusly;

Starting from a point at the East corner of Lot 1 of Tract No. 10612; thence North 44 degrees 35' 45" East 26.53 feet to the true POINT OF BEGINNING of this description; thence South 48 degrees 57' 38" East a distance of 37.08 feet to a point; thence North 59 degrees 17' 04" East a distance of 228.44 feet to a point; thence South 56 degrees 09' 58" East a distance of 444.67 feet to a point; thence South 14 degrees 02' 34" East a distance of 181.10 feet to a point; thence South 28 degrees 04' 48" West a distance of 345.01 feet to a point, thence through a curve concave Easterly having a radius of 160.00 feet 146.11 feet along said curve; thence South 18 degrees 25' 39" East a distance of 618.93 feet to a point; thence South 02 degrees 21' 07" East a distance of 133.87 feet to a point; thence South 80 degrees 15' 26" West a distance of 325.43 feet to a point; thence North 09 degrees 00' 31" West a distance of 199.05 feet to a point; thence North 31 degrees 14' 17" West a distance of 306.57 feet to a point; thence North 63 degrees 14' 32" West a distance of 158.99 feet to a point; thence along a curve concave Northerly having a radius of 145.00 feet 292.23 feet along said curve, said curve having a central angle of 115 degrees 28' 21" with the bearing of the easterly radial line North 05 degrees 14' 47" West and the bearing of the westerly radial line North  69 degrees 46' 27" West, thence  North 06 degrees 53' 19" West a distance of 109.39 feet to a point; thence North 34 degrees 00' 12" West a distance of 234.66 feet to a point; thence North 66 degrees 07' 50" West a distance of 31.91 feet to a point; thence South 81 degrees 44' 31" West a distance of 104.47 feet to a point; thence South 72 degrees 13'25" West a distance of 70.56 feet to a point; thence North 08 degrees 33' 41" West a distance of 52.61 feet to a point; thence North 44 degrees 35' 45" East a distance of 897.44 feet to the POINT OF BEGINNING.          Total Area = 961,104 square feet (22.06 acres)

# EXHIBIT "B"

## SITE PLAN



# **EXHIBIT "C"**

## **NOTICE TO CLASS**

## NOTICE OF PROPOSED PARTIAL CLASS ACTION SETTLEMENT

*Powers, et al. v. DENIS RICHARD MCDONOUGH, in his official capacity, Secretary of Veterans Affairs, et al.*

*United States District Court for the Central District of California*
Case Number 2:22-cv-08357-DOC-KS

**If you are a homeless veteran with Serious Mental Illness [SMI] or Traumatic Brain Injuries [TBI], who resides in Los Angeles County, you may be a Settlement Class Member in the Action.**

*Please read this Notice carefully. Your legal rights will be affected regardless of whether you do or do not act.*

**What is the Action about?**

Los Angeles is the homeless veterans' capital of the United States. Nearly 4,000 veterans live on the City's streets, approximately 10% of the national total. Nationwide, veterans are more likely to be unhoused than other groups. In West Los Angeles's Brentwood neighborhood, the U.S. Department of Veterans Affairs ("VA") owns a 388-acre facility that was donated almost 150 years ago for the purpose of housing veterans with disabilities. Historically, the West Los Angeles Grounds ("West LA Grounds") were used for its intended purpose: housing veterans. However, in the late 1960s and 70s as Vietnam War veterans returned home, residential use of the campus declined, and the VA began leasing the land to private commercial interests. The West LA Grounds are also home to the VA's West Los Angeles medical center, the focal point of the agency's Southern California health care system for veterans. Many types of veterans' healthcare benefits are exclusively offered at the medical center. Veterans who live far away from this facility—especially those with severe mental disabilities because of their service—find it difficult to traverse across Southern California to reach the center. Because veterans without disabilities do not face similar obstacles in obtaining care at the West LA VA, Plaintiffs allege that the lack of housing on or near the West LA VA Grounds discriminates against them because of their disabilities.

After a period for public comment, the VA created the 2016 Draft Master Plan. The plan "confirm[ed the VA's] intent to create a 21st Century campus" that would support "LA's Veteran community in the broadest sense[.]" The Government "believe[d] it [was] reasonable to include" in the framework "approximately 1,200 units of permanent housing on the" West LA VA Grounds. Seven hundred and seventy of these units were supposed to be complete by 2022.

Shortly after the VA developed the 2016 Master Plan, Congress passed the West Los Angeles Leasing Act ("Leasing Act" or "WLALA"). The law was designed to "assist VA in carrying out" the Draft Master Plan's goal to create permanent supportive housing ("PSH") on the West LA VA Grounds. Whereas the VA previously could lease property on the campus to allow third parties only to provide shelter and related services to unhoused veterans, the Leasing Act authorized the VA to enter enhanced use leases ("EULs") to provide other services. While the WLALA expanded the types of leases the VA could enter into on the West LA VA Grounds, it also reigned in the VA's practice of entering into third-party leases that were not veteran-centered. The WLALA permits the VA to enter into land use agreements with third parties only if those agreements "principally benefit veterans and their families." Under the Leasing Act, services that "principally benefit veterans and their families" are services "provided exclusively to veterans and their families" or "designed for the particular needs of veterans and their families as opposed to the general public" and when "any benefit of those services to the general public is distinct from the intended benefit to veterans and their families." Such services must also be targeted to specific purposes, including "promotion of health and wellness, including nutrition and spiritual wellness," "[e]ducation," "[v]ocational training, skills building, or other training related to employment," "[p]eer activities, socialization, or physical recreation," "[t]ransportation," and "[s]ervices in support" of such purposes. Id. § 2(b)(2). In this respect, the WLALA codified the 2016 Draft Master Plan's commitment regarding third-party leases.

Plaintiffs filed this action alleging, among other things, that the 1888 Deed that donated the West LA VA Grounds to the U.S. Government created a charitable trust and that the government has assumed enforceable fiduciary duties to use the land in a manner that benefits veterans. Among other claims, Plaintiffs argued that the VA breached that duty when it entered into a lease with Brentwood School that allowed Brentwood School to rent 22.06 acres in exchange for payment. This agreement is also the subject of Plaintiffs' Administrative Procedures Act ("APA") claim, where Plaintiffs argue that the lease is contrary to WLALA's mandate that leases on the West LA VA Grounds be veteran-focused.

Follow a trial, the Court concluded that the VA's agreement with Brentwood School is void because the purpose of the agreement was not to principally benefit veterans and their families; rather, the principal purpose of the lease was to provide Brentwood School continued use of the athletic facilities.

The Class and Brentwood School have decided to settle the lawsuit to avoid the risks, distraction, and cost of litigation. The settlement also resolves the Class's claims with Denis Richard McDonough, in his official capacity as Secretary of Veterans Affairs, Adrianne Todman, in her official capacity as Acting Secretary of Housing and Urban Development, Robert Merchant, in his official capacity as Director, VA Greater Los Angeles Healthcare System, and Keith Harris, in his official capacity as Senior Executive Homelessness Agent, VA Greater Los Angeles Healthcare System (collectively, "Federal Defendants") as to Brentwood's use of the 22.06 acres, but has no effect on the Class's claims against Federal Defendants regarding any of their other claims.

**What relief does the Settlement provide?** Under the terms of the Settlement (Sections 2–7), Brentwood School shall make a payment totaling $5 million to the VA Lease Revenue Fund with the sole and exclusive purpose of these funds is for the VA to provide temporary

supportive housing and permanent supporting housing and related community services to veterans on the WLA Campus.

Moreover, Brentwood School and the VA shall enter into a real property agreement (in the form attached to the Settlement Agreement), which shall be a one (1) year term subject to one-year renewal terms.

Additionally, Brentwood School agreed to make monthly rent payments to the VA annualized to equal $1 million with annualized rent increasing by 3% or the Consumer Price Index ("CPI"), whichever is greater, and will increase each subsequent year. The parties agreed that to an annual determination of fair market value. Brentwood School also agreed to increase their annual in-kind consideration up to a value of $1,500,000.00.

Finally, as part of the in-kind consideration, Brentwood School also agreed to provide services including special programs and events benefitting veterans and their families, potential capital costs and improvements to the 22.06 acres, athletic and educational programs and activities to benefit veterans and their families, transportation shuttle, to continue their maintenance of certain facilities and grounds other than those where access has been revoked, priority consideration for veterans and their children/grandchildren for participation in the Summer at Brentwood program, web-based support for master-scheduling of all veteran-related activities and events on the 22.06 acres, a communications coordinator responsible for publicizing activities for veterans and their families that Brentwood School will provide, and updated hours of use of the Brentwood facilities on the 22.06 acres.

Your rights and options—**and the deadlines to exercise them**—are explained in more detail below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **OBJECT** | Write to the Court about why you object or do not like the Settlement and think it shouldn't be approved. | Deadline: **November 1, 2024** |
| **GO TO THE "FINAL APPROVAL HEARING"** | The Court will hold a "Final Approval Hearing" on **November 13, 2024 at 8:00 a.m.** to consider the Settlement, and the request for attorneys' fees and expenses of the lawyers who brought the Action ("Class Counsel")<br><br>If you submit a valid and timely written objection, you may, but are not required to, speak at the Final Approval Hearing about your written objection. If you intend to speak at the Final Approval Hearing, you must include your intention to do so in your written objection. Follow the procedure described above for providing your written notice to the Settlement Administrator. | Hearing Date: **November 13, 2024 at 8:00 a.m.** |
| **DO NOTHING** | If you are a Class Member and do object to the settlement, you do not need to do anything. The Court will decide whether to approve or reject approval of the settlement. You will also be giving up any claims you may have against Brentwood School that are released by the Settlement of the Action. | No deadline |
|  |  |  |

The Court overseeing this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided by the Settlement will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. **Please be patient.**

### Why did I receive Notice?

You received Notice of the Settlement because you may be a member of the "Settlement Class," which includes "[a]ll homeless veterans with Serious Mental Illness [SMI] or Traumatic Brain Injuries [TBI], who reside in Los Angeles County."

The Court overseeing the Action authorized this Notice to inform you about the Settlement and your options before the Court decides whether to grant final approval of the Settlement. To obtain more information about the Settlement, including a copy of the Settlement Agreement, click INSERT HYPERLINK to SETTLEMENT AGREEMENT.

### What is a class action?

In a class action, the Plaintiff acts as the "class representative" and files a lawsuit individually and on behalf of other people who have similar claims. This group of people is called the "class," and the people in the class are the "class members." One court resolves the contested issues in the lawsuit for all class members, except for those people who exclude themselves from the class.

### Why is there a settlement?

The Class Representatives and their counsel believe that settlement is in the best interest of the Settlement Class Members. Plaintiffs recognize that it is unlikely, that at least for the foreseeable future, the VA would be or be in a position to maintain the athletic facilities that are currently on the 22.06 acres in Brentwood School's absence. As such, Plaintiffs have entered into the Settlement Agreement with Brentwood School based on the consideration provided by Brentwood School, as well as its terms, to help revitalize the WLA Campus for the benefit of veterans and their families. In addition, the parties recognize and agree that ongoing use of the property is preferred and do not want to change the nature of the use of the property unless absolutely necessary for the development of housing for disabled veterans. The parties engaged in extensive negotiations, exchanged relevant evidence, and consulted with experts. The Settlement avoids the costs, distraction, and risks of continued litigation and trial, and provides certain relief to the Class without the delay and uncertainty of trial and appeal. Prior to granting preliminary approval of the Settlement, the Court appointed Plaintiffs as Class Representatives and the lawyers who represent them as Class Counsel. The Class Representatives and their counsel believe the Settlement is in the best interests of the Settlement Class Members.

### Who is in the Settlement?

You are a Settlement Class Member if you are or could be a homeless veterans with Serious Mental Illness [SMI] or Traumatic Brain Injuries [TBI], who resides in Los Angeles County.

## THE PROPOSED SETTLEMENT

### Does the Settlement provide any non-monetary relief?

Yes. The Settlement requires Brentwood School to provide certain non-monetary relief, including:

    a. A real property agreement with the VA, which shall be a one (1) year term subject to one-year renewal terms;

    b. Special programs and events benefitting veterans and their families;

    c. Potential for capital costs and improvements to the 22.06 acres;

    d. Athletic and educational programs and activities to benefit veterans and their families;

    e. Transportation shuttle;

    f. Priority consideration for veterans and their children/grandchildren for participation in the Summer at Brentwood program;

    g. Web-based support for master-scheduling of all veteran-related activities and events on the 22.06 acres;

    h. A communications coordinator responsible for publicizing activities for veterans and their families that Brentwood School will provide; and

    i. Updated hours of use of the Brentwood facilities

### Does the Settlement provide any monetary relief?

Yes. The Settlement requires Brentwood School to make a payment totaling $5 million to the VA Lease Revenue Fund: $3 million within 60 days of the Court's issuance of an order granting approval at the fairness hearing and $2 million within 365 days of the Court's issuance of an order granting approval at the fairness hearing. The sole purpose of the settlement payments is to ensure that the sole and exclusive purpose of the use of these funds by VA is to provide temporary supportive housing and permanent supporting housing and related community services to veterans on the WLA Campus.

**What monetary relief does the Settlement provide to the Settlement Class Members?**

None. The Settlement does not provide for any payments to Settlement Class Members.

**Will the Class Representatives receive any compensation for his efforts in bringing this Action?**

No.

## THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in this case?**

The Court has appointed Public Counsel Law Center, Inner City Law Center, Brown Goldstein & Levy, LLP and Robins Kaplan LLP ("Class Counsel") to represent the interests of all Settlement Class Members. Class Counsel's contact information is as follows:

MARK D. ROSENBAUM,
mrosenbaum@publiccounsel.org
KATHRYN A. EIDMANN,
keidmann@publiccounsel.org
AMANDA K. PERTUSATI
apertusati@publiccounsel.org
AMANDA MANGASER SAVAGE
asavage@publiccounsel.org
AMELIA PIAZZA
apiazza@publiccounsel.org
PUBLIC COUNSEL LAW CENTER
610 S. Ardmore Avenue
Los Angeles, California 90005
Telephone:        (213) 385-2977
Facsimile:        (213) 385-9089

EVE L. HILL
EHill@browngold.com
JAMIE STRAWBRIDGE
JStrawbridge@browngold.com
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, Maryland 21202
Telephone:        (410) 962-1030
Facsimile:        (401) 385-0869

ROMAN M. SILBERFELD
RSilberfeld@RobinsKaplan.com
DAVID MARTINEZ
dmartinez@robinskaplan.com
TOMMY H. DU
TDu@RobinsKaplan.com
ROBINS KAPLAN LLP

2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:        (310) 552-0130
Facsimile:        (310) 229-5800

T.E. GLENN
TGlenn@innercitylaw.org
AMANDA POWELL
APowell@innercitylaw.org
CHARLES KOHORST
CKohorst@innercitylaw.org
INNER CITY LAW CENTER
1309 East Seventh Street
Los Angeles, CA 90021
Telephone:        (213) 891-2880
Facsimile:        (213) 891-2888

If you want to be represented by your own lawyer, you may hire one at your own expense.

### How will Class Counsel be paid?

As part of the Court's prior orders, the Court has awarded Class Counsel with its reasonable fees and costs, to be determined at a later date based on Class Counsel's motion to the Court.

### RELEASE OF CLAIMS

### What do Settlement Class Members give up to obtain relief under the Settlement?

If the Court grants final approval of the Settlement, all Settlement Class Members, on behalf of themselves and their insurers, administrators, attorneys, agents, representatives, assignees, employees, managers, members, trusts, shareholders, affiliates, alter-egos, beneficiaries, and personal representatives, and any other related persons or entities (the "Releasing Parties"), release and forever discharge Brentwood School and its respective insurers, administrators, attorneys, agents, representatives, assignees, employees, managers, members, trusts, shareholders, affiliates, alter-egos, beneficiaries, personal representatives, and any other related persons or entities (collectively, the "**Brentwood School Released Parties**"), from and against the Plaintiffs' claims, and the Plaintiff Releasing Parties shall be forever barred from prosecuting the Plaintiffs' Settled Claims against Brentwood School related to this Action.

### HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### How do Settlement Class Members exclude themselves from the Settlement?

Because this is a settlement that was certified as a class action under Federal Rule of Civil Procedure 23(b)(2) and provides only for injunctive relief to the Class Members, you may not exclude yourself from this settlement.

### HOW TO OBJECT TO THE SETTLEMENT

### How do I tell the Court that I do not like the Settlement?

The Court will hold a Final Approval Hearing to determine whether the Settlement is fair, reasonable, and adequate.

If you wish to object to the Settlement, you must submit a written objection to the Court postmarked no later than **November 1, 2024**.

Settlement Class Members who wish to object to the Settlement or appear at the Final Approval Hearing must submit a detailed written statement to the Court no later than **November 1, 2024** stating the objection(s) in detail and the specific aspect(s) of the Settlement being challenged; the specific reason(s), if any, for each such objection, and including any evidence and legal authority supporting the Settlement Class Member's objection. That written statement shall clearly identify the case name and number, and contain and/or attach: (i) the Settlement Class Member's printed name; (ii) evidence showing that the objector is a Settlement Class Member; (iii) a detailed statement of the objection and any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (iv) the actual written signature of the Settlement Class Member making the objection; and (v) a statement indicating whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing.  A Settlement Class Member may object on his or her own behalf or through an attorney; provided, however, that even if represented by an attorney the objector must individually sign any written objection, and all attorneys who are involved in any way in asserting the objection must be listed on the objection.

You are not required to appear at the Final Approval Hearing.  But if you file and mail a timely objection that complies with the above paragraph, you may appear at the Final Approval Hearing either in person or through an attorney of your own choice hired at your

expense to object to the fairness, reasonableness, or adequacy of the Settlement, the award of attorneys' fees, expenses, and costs,  or the service award to the Plaintiff.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

A Settlement Class Member who objects can withdraw their objection before commencement of the Final Approval Hearing by submitting a signed written request or email containing an electronic signature with the Court and/or to the Settlement Administrator stating their desire to withdraw their objection.  Settlement Class Members shall be responsible for their own attorneys' fees, costs, and/or expenses related to any objections they make to the Settlement or related to any appeal they pursue, unless otherwise ordered by the Court.

## FINAL APPROVAL HEARING

### What is the Final Approval Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel. If there are objections, the Court will consider them.

### When and where is the Final Approval Hearing?

The Final Approval Hearing is scheduled to take place at the United States District Court for the Central District of California, Courtroom 1, located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565, before the Honorable David O. Carter, at **8:00 a.m. on November 13, 2024**. The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. Please check the Daily Calendar at https://www.cacd.uscourts.gov/honorable-david-o-carter and the Settlement webpage at SITE for any updates about the date and time for the Final Approval Hearing. If the date or time of the Final Approval Hearing changes, an update to the Notice page will be the only way you will be informed of the change.

If the Court approves the Settlement and enters a Final Approval Order and Judgment, the Final Approval Order and Judgment will be posted to the Settlement Website, SITE.

### May I speak at the hearing?

At the hearing the Court will be available to hear objections and arguments concerning the fairness of the Settlement. You may attend, but you do not have to. As described above, you may speak at the Final Approval Hearing **only if** you have timely submitted a written objection to the Settlement Administrator in which you specifically state that you intend to appear and speak at the Final Approval Hearing.

## GETTING MORE INFORMATION & UPDATING INFORMATION

### How do I get more information?

Complete details, including the Settlement Agreement (which defines capitalized terms used in this Notice and provides a summary of what has happened in the Action), the Court's preliminary approval order, the operative complaint, and the Court's findings of fact and conclusions of law, are available at **SITE** or by clicking HERE [**SITE**].

Alternatively, you may contact Class Counsel whose contact information is listed above.

The above description of the Action is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file for the Action, you should access the case docket at https://www.cacd.uscourts.gov/e-filing/nextgen-cmecf, or visit or call the Clerk's office at the United States District Court for the Central District of California located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO BRENTWOOD SCHOOL, THE CLERK OF THE COURT, OR THE JUDGE.**

By:    Order of the United States District Court for the Central District of California

HONORABLE David O. Carter
JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA